JAMES E. GIBBONS
State Bar No. 130631
STEVEN J. RENICK
State Bar No. 101255
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER** LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900

ROBERT W. COHEN
State Bar No. 150310
**LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
1875 Century Park East, Suite 1770
Los Angeles, CA 90067
Telephone: (310) 282-7586
Attorneys for Plaintiffs

James R. Olson, Esq.
Peter M. Angulo, Esq.
**OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Telephone No.: (702) 384-4912
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA,  KAORUKO KOIZUMI, AND TATSURO SAKAI, Individually and On Behalf of All Other Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA,  JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants.<br>_____ | Case No.: 2:13-CV-1183-GMN-VCF<br><br><br>**[PROPOSED] EX PARTE TEMPORARY RESTRAINING ORDER**<br><br>**DATE:**<br>**TIME:**<br>**DEPT:** |

-1-

Plaintiffs SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, KAORUKO KOIZUMI, AND TATSURO SAKAI, on behalf of a proposed Class, have filed their Complaint for Damages, and have also sought equitable relief in the form of an asset freeze, an order allowing expedited discovery, appointment of a temporary receiver to prevent defendants from dissipating assets and destroying evidence, and an order to show cause why a preliminary injunction should not issue pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  The Court, having considered the Complaint and the Ex Parte Application for a Temporary Restraining Order with Ancillary Equitable Relief and a Preliminary Injunction, along with its accompanying declarations, exhibits, and memorandum of points and authorities, finds as follows:

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction of all parties hereto and that venue in this district is proper;

2.      There is good cause to believe that defendants MRI International, Inc. ("MRI"), Edwin J. Fujinaga,  Junzo Suzuki, Paul Musashi Suzuki, and LVT, Inc., dba Sterling Escrow ("Sterling Escrow"),  have engaged in and are likely to engage in breaches of contract and fraudulent acts and practices in connection with the operation of MRI and related entities, including Sterling Escrow, and plaintiffs are therefore likely to prevail on the merits of this action;

3.      There is good cause to believe that immediate and irreparable harm will result from the defendants' ongoing breaches of contract and fraudulent acts and practices in connection with the operation of MRI and related entities, unless defendants are restrained and enjoined by Order of this Court;

4.      There is good cause to believe that defendants have transferred substantial amounts of money that had been obtained from plaintiffs for the purpose of investment in MRI to other persons or entities,

5.      There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for plaintiffs, including monetary restitution, will occur from defendants' sale, transfer, or other disposition or concealment of their assets or records;

-2-

6.      Good cause exists for (a) the appointment of a Temporary Receiver over MRI's operations; (b) the freezing of the assets of MRI and certain assets of Sterling Escrow, Edwin Fujinaga, Junzo Suzuki, and Paul Musashi Suzuki, and (c) the ancillary relief ordered below.

7.      Weighing the equities and considering plaintiffs' likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a Temporary Receiver, and other equitable relief is in the public interest.  Security in the amount of $____ is required from plaintiffs.

### <u>ORDER</u>

IT IS ORDERED that  **MRI**, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, is hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, but wherever located, including outside the United States, that are:

        1.      owned or controlled, in whole or in part by MRI;

        2.      held for the benefit of, directly or indirectly, MRI, in whole or in part;

        3.      in the actual or constructive possession of MRI;

        4.      held by an agent of MRI as a retainer for the agent's provision of services to defendants;

        5.      owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, controlled by MRI.  This includes, but is not limited to, any assets held by, for, or subject to access by, MRI at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of

-3-

any kind; or

        6.     held in any account for which MRI is an authorized signer.

B.     Opening or causing to be opened, unless accompanied by plaintiffs' counsel, any safe deposit boxes titled in the name of MRI, or subject to access by MRI;

C.     Obtaining a personal or secured loan encumbering the assets of MRI, or subject to access by MRI;

D.     Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of MRI or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by MRI; or

E.     Incurring charges or cash advances on any credit or bank card issued in the name of MRI, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by MRI cr of which MRI is an officer, director, member, or manager. This includes, but is not limited to, any corporate bank or credit card account for which MRI is an authorized signor.

IT IS FURTHER ORDERED that the assets affected by this Section shall include assets (a) existing as of the date this Order was entered, or (b) acquired by MRI following entry of this Order, if such assets are derived from the conduct alleged in the plaintiffs' complaint.

IT IS FURTHER ORDERED that **LVT, Inc., dba Sterling Escrow**, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, is hereby temporarily restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, but wherever located, including outside the United States, that are:

        1.     Held in escrow for MRI, including but not limited to, MRI Series A Trust Account;  for MRI Series 2012 Select A Account, and MRI Series 2012 Select B Account;

-4-

2. held for the benefit of, directly or indirectly, MRI, in whole or in part;

3. Held for the benefit of, directly or indirectly, any investor in MRI;

IT IS FURTHER ORDERED that the assets affected by this Section shall include assets (a) existing as of the date this Order was entered, or (b) acquired by LVT, Inc., dba Sterling Escrow, if such assets are derived from the conduct alleged in the plaintiffs' complaint.

IT IS FURTHER ORDERED that **Edwin J. Fujinaga, Junzo Suzuki, and Paul Masashi Suzuki**, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, is hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, but wherever located, including outside the United States, that are:

1. Derived from income received from work performed on behalf of MRI;

2 owned or controlled, in whole or in part by MRI;

3. held for the benefit of, directly or indirectly, MRI, in whole or in part;

4. in the actual or constructive possession of MRI;

5. held by an agent of MRI as a retainer for the agent's provision of services to defendants;

6. owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, controlled by any of the defendants, or of which MRI is an officer, director, member, or manager. This includes, but is not limited to, any assets held by, for, or subject to access by, any of the defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company,

-5-

1  commodity trading company, precious metal dealer, or other financial

2  institution or depository of any kind; or

3         7.     held in any account for which any defendant is an authorized signer.

4      B.     Opening or causing to be opened, unless accompanied by plaintiffs' counsel, any safe

5  deposit boxes titled in the name of MRI;

6      C.     Obtaining a personal or secured loan encumbering the assets of MRI, or subject to

7  access by MRI;

8      D.     Incurring liens or other encumbrances on real property, personal property, or other

9  assets in the name, singly or jointly, of MRI or of any corporation, partnership, or other entity

10  directly or indirectly owned, managed, or controlled by MRI; or

11      E.     Incurring charges or cash advances on any credit or bank card issued in the name,

12  individually or jointly, of MRI, or any corporation, partnership, or other entity directly or indirectly

13  owned, managed, or controlled by MRI.  This includes, but is not limited to, any corporate bank or

14  credit card account for which MRI is an authorized signor.

15      IT IS FURTHER ORDERED that any financial or brokerage institution, credit card

16  processing company, payment processor, merchant bank, acquiring bank, business entity, or

17  person who receives actual notice of this Order (by personal service or otherwise) that (a) holds,

18  controls, or maintains custody of any account or asset of MRI or LVT, Inc., dba Sterling Escrow, (b)

19  holds, controls, or maintains custody of any asset associated with credit or debit card charges made

20  on behalf of any  MRI or LVT, Inc., dba Sterling Escrow, including but not limited to, reserve funds

21  held by payment processors, or (c) has held, controlled, or maintained custody of any such account

22  or asset at any time since the date of entry of this Order shall:

23      A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment,

24  transfer, pledge, encumbrance, disbursement, dissipation, relinquishing, conversion, sale, or other

25  disposal of any such asset except by further order of this Court;

26      B.     Deny any person, except the Receiver acting pursuant to this Order access to any safe

27  deposit box that titled in the name of any defendant, either individually or jointly; or otherwise

28  subject to access by any defendant;

C.      Provide plaintiffs' counsel, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

      1.    the identification number of each account or asset a) titled in the name, individually or jointly, of MRI; b) held on behalf of, or for the benefit of MRI; or c) associated with credit or debit card charges made on behalf of any of MRI;

      2.    the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

      3.    the identification of any safe deposit box that is either titled in the name, individually or jointly, of MRI, or is otherwise subject to access by MRI; and

D.      Upon the request of plaintiffs, promptly provide them or their counsel with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

IT IS FURTHER ORDERED that defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.      destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, documents that relate to the business, business practices, assets, or business or personal finances of any

-7-

defendant; and

B.      failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect MRI's or Sterling Escrow's incomes, disbursements, transactions, and use of money.

IT IS FURTHER ORDERED that _____ is appointed temporary receiver for the MRI.  The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court, and shall (I) preserve the status quo, (ii) ascertain the extent of commingling of funds between MRI, Fujinaga, Paul Suzuki, and Junzo Suzuki, and Sterling Escrow; (iii) ascertain the true financial condition of MRI and the disposition of plaintiffs' funds; (iv) prevent further dissipation of the property and assets of MRI; (v) prevent the encumbrance or disposal of property or assets of MRI and the investors; (vi) preserve the books, records and documents of MRI; (vii) respond to investor inquiries; (viii) protect the assets of MRI from further dissipation; (ix) determine the extent to which the freeze should be lifted as to certain assets in the custody of MRI.

To effectuate the foregoing, the receiver is empowered to:

1.      Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of MRI;

2.      Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of MRI;

3.      Conduct business, including making trades, and pay from available funds necessary business expenses, as required to preserve or maximize the value of the assets and property of MRI, notwithstanding the asset freeze imposed by this Order;

4.      Locate assets that may have been conveyed to third parties or otherwise concealed;

5.      Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the Receiver"s duties and responsibilities hereunder, including appointing a person or entity to manage any aspect of the business of MRI, and to use available

-8-

funds as required to preserve the assets and property of MRI, notwithstanding the asset freeze imposed by this Order;

6.     Report to the Court and the parties within __ days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the following information:

a.     All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of MRI International, Inc., including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

b.     A list of secured creditors and other financial institutions with an interest in the receivership assets;

c.     A list of investors in MRI and, to the extent practicable, the amounts received by MRI from each such customer or client and the amounts withdrawn by each such customer or client;

d.     Develop a preliminary plan for the administration of the assets of the receivership, including a recommendation regarding whether bankruptcy cases should be filed for all or a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership.

Defendants agree to provide any written authorizations necessary for the receiver to exercise the foregoing powers over MRI International, Inc.

IT IS FURTHER ORDERED that the Receiver and his or her advisors be, and they hereby are, indemnified by each of the defendants, except for gross negligence, willful misconduct, fraud, and breach of fiduciary duty determined by final order no longer subject to appeal or certiorari, for all judgments, losses, costs, and reasonable expenses including legal fees (which shall be paid under the indemnity after court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacities as receiver or advisors to the receiver; provided, however, that nothing herein shall limit the immunity of the receiver and his

-9-

advisors allowed by law or deprive the receiver and his advisors of indemnity for any act or omission for which they have immunity.

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## **EXPEDITED DISCOVERY**

IT IS FURTHER ORDERED that discovery is expedited as follows: pursuant to Rules 26, 30. 31. 33, 34. 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

A.      Take depositions, subject to two (2) calendar days' notice by facsimile, email or otherwise;

B.      Obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a request or subpoena from any persons or entities, including non-party witnesses;

C.      Obtain other discovery, including further interrogatories, requests for admissions, and requests to inspect the premises and files of defendants within three (3) calendar days from the date of service by facsimile, email or otherwise of such other discovery requests, interrogatories, requests for admissions or requests for inspection: and

D.      Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, e-mail, or first-class mail on an individual, entity or the individual's or entity's attorney.

**EX PARTE APPLICATION FOR TRO**

This order expediting discovery will remain in place beyond any hearing on plaintiffs' application for preliminary injunction.

### PRELIMINARY INJUNCTION HEARING

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 65(b), defendants shall appear before this Court on ___ day of _____, 2013, at _____ o'clock _.m. to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against defendants, enjoining the violations of the law alleged in plaintiffs' complaint, continuing the freeze of their assets, continuing the Receivership, and imposing such additional relief as may be appropriate.

Any Opposition to the Request for Preliminary Injunction is due by _____, 2013.  Any Reply Brief by plaintiffs is due _____, 2013.

### DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that except as ordered by this Court, this Temporary Restraining Order shall expire within fourteen (14) days from the date of entry noted below, as computed by Rule 6, Fed. R. Civ. P., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) days or unless it is further extended pursuant to Federal Rule of Civil Procedure 65 or by stipulation of counsel.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.


**IT IS SO ORDERED.**


_____
Judge, United States District Court for the
District of Nevada

-11-