**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
SHIGE TAKIGUCHI, FUMI NONAKA,       )    2:13-cv-01183-JAD-VCF
MITSUAKI TAKITA, KAORUKO KOIZUMI,   )
TATSURO SAKAI, SHIZUKO ISHIMORI,    )
YOKO HATANO, YUKO NAKAMURA,         )    ORDER
HIDEHITO MIURA, YOSHIKO TAZAKI,     )
MASAAKI MORIYA, HATSUNE HATANO,     )
SATORU MORIYA, HIDENAO TAKAMA,      )
SHIGERU KURISU, SAKA ONO,           )
KAZUHIRO MATSUMOTO, KAYA            )
HATANAKA, HIROKA YAMAJIRI,          )
KIYOHARU YAMAMOTO, JUNKO            )
YAMAMOTO, KOICHI INOUE, AKIKO       )
NARUSE, TOSHIMASA NOMURA, and       )
RITSU YURIKUSA, Individually and    )
on Behalf of All Others Similarly   )
Situated,                           )
                                    )
                Plaintiffs,         )
                                    )
vs.                                 )
                                    )
MRI INTERNATIONAL, INC., EDWIN J.   )
FUJINAGA, JUNZO SUZUKI, PAUL        )
MUSASHI SUZUKI, LVT, INC., dba      )
STERLING ESCROW, and DOES 1-500,    )
                                    )
                Defendants.         )
_____)
```

Before the court are the defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (#102, #105). Plaintiffs have responded (#110, #117), and defendants have replied (#113, #122). Defendants Junzo

1

Suzuki, Paul Musashi Suzuki, and Edwin Fujinaga move to dismiss all of plaintiffs' claims against them, and defendant MRI moves to dismiss the securities and intentional fraud claims asserted against it.  All moving defendants argue that with respect to plaintiffs' fraud claims – both securities and state –  the complaint fails to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA").  All moving defendants also argue that the complaint fails to establish that the purchases and sales at issue were transactions in domestic securities or domestic transactions in other securities and as such plaintiffs' securities claims must be dismissed.  Additionally, the Suzuki defendants argue that plaintiffs have not complied with the PSLRA's procedural requirements for pursuing a class action with respect to the securities claims.  Plaintiffs oppose the motions but also seek leave to amend their complaint to the extent the court finds it deficiently plead.

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  However, legal conclusions are not entitled to the presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Iqbal*, 556

2

U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).

In alleging fraud, "a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), the complaint must state with particularity the circumstances constituting the fraud, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal punctuation omitted). Rule 9(b) is satisfied if the plaintiff pleads "(i) some of the specific customers defrauded, (ii) the type of conduct at issue, (iii) the general time frame in which the conduct occurred, and (iv) why the conduct was fraudulent." *United States v. Smithkline Beecham Clinical Labs.*, 245 F.3d 1048, 1051 (9th Cir. 2001). Where several defendants are alleged to be part of the fraud, "Rule 9(b) 'does not

3

allow a complaint to ... lump multiple defendants together but require[s] plaintiffs to differentiate their allegations" as to each defendant. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

Plaintiffs' section 10(b) and Rule 10b-5 claim must satisfy not only the Rule 9(b) standard but also the pleading requirements of the PSLRA. *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012). The PSLRA requires "that the complaint plead with particularity both falsity and scienter." *Reese v. Malone*, – F.3d –, 2014 WL 555911, at *5 (9th Cir. Feb. 13, 2014). To plead falsity, "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). "Scienter is defined as 'a mental state embracing intent to deceive, manipulate, or defraud.'" *Id.* at *6. Pleading scienter requires, "with respect to each act or omission alleged to violate this chapter, stat[ing] with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). "A strong inference of scienter 'must be more than merely plausible or reasonable–it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" *Reese*, 2014 WL 555911, at *6. "The inference must be that 'the defendant[ ] made false or misleading statements either intentionally or with deliberate recklessness.' . . . Facts showing mere recklessness or a motive to commit fraud and opportunity to do

4

so provide some reasonable inference of intent, but are not independently sufficient." *Id.* at *6-7. The court must "review all the allegations holistically when determining whether scienter has been sufficiently pled." *Id.* at *7.

The court has considered the parties' pleadings and the second amended complaint filed in this matter and concludes that plaintiffs' complaint lacks the particularity required to support the claims of fraud and securities violations, and lacks sufficient factual allegations with respect to their claims of breach of fiduciary duty, constructive trust, and any theory of alter ego liability. Therefore, plaintiffs should be afforded an opportunity to amend. Plaintiffs shall have to and including May 27, 2014, in which to file a third amended complaint to allege:

1. Facts that allow a plausible inference that the purchases and sales at issue were "domestic transactions in other securities."[1] *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 130 S. Ct. 2869, 2884 (2010). The complaint should allege sufficient facts to support a reasonable inference that the plaintiffs incurred irrevocable liability to take and pay for the securities in the United States, that the seller(s) incurred irrevocable liability to deliver the securities in the United States, and/or that title to the securities was transferred within the United States. *See Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 67-68 (2d Cir. 2012);

2. Any additional facts showing that the plaintiffs' securities claims are not barred by the relevant statutes of

---

[1] Plaintiffs appear to admit that the transactions were not in securities listed on a domestic exchange.

5

repose;

3. As to each defendant, the who, what, when, where, and how of plaintiffs' state law fraud and federal securities claims, specifically: each defendants' knowledge of, involvement in, and/or role in the alleged fraud, what specific misstatements, if any, were made by each defendant, the general time period in which the alleged misrepresentations were made, where the alleged misrepresentations were made, and the manner in which each defendant made alleged misrepresentations to the plaintiffs. Plaintiffs are not, however, required to assert in detail the time, place, and manner in which each of them individually received the alleged misrepresentations;

4. Facts showing the statements were false when made, the reasons why they were false, and facts supporting a strong inference that each defendant acted with the requisite scienter;

5. Factual allegations supporting a reasonable inference that the Suzuki defendants offered or sold securities to the plaintiffs;

6. More than conclusory assertions regarding the Suzuki defendants' ability to control MRI;

7. Sufficient factual allegations to support a reasonable inference that there existed either a fiduciary and/or a relationship of special trust between the plaintiffs and the Suzuki defendants; and

8. To the extent plaintiffs intend to pursue a theory of alter ego against defendant Fujinaga, sufficient facts to support a reasonable inference that Fujinaga "influenced and governed" MRI, that "[t]here is such unity of interest and ownership that" MRI and Fujinaga "are inseparable from each other," and that "[a]dherence

6

to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice." Nev. Rev. Stat. § 78.747.

Finally, to the extent plaintiffs intend to pursue their complaint as a securities class action, plaintiffs shall fully comply with the procedural requirements for doing so set forth in 15 U.S.C. §§ 78u-4(a)(2)(A) and 78u-4(a)(3)(A).

The court defers consideration of the plaintiffs' motion for preliminary injunction (#133) until the filing of the third amended complaint and any responses thereto.

**IT IS SO ORDERED.**

DATED: This 6h day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE

7