Daniel L. Hitzke (*Pro Hac Vice*)
Cal. State Bar No. 220872
**HITZKE & ASSOCIATES**
100 Oceangate, Suite 1100
Long Beach, CA 90802
Tel: 562-437-2807
Fax: 562-595-9983

Erick M. Ferran
Nevada State Bar No. 9554
**HITZKE & ASSOCIATES**
2030 E. Flamingo Road, Suite 115
Las Vegas, NV 89119
Tel: 702-476-9668
Fax: 702-462-2646

Attorneys for Defendants Edwin Fujinaga and MRI International, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, KAORUKO KOIZUMI, TATSURO SAKAI, SHIZUKO ISHIMORI, YOKO HATANO, YUKO NAKAMURA, HIDEHITO MIURA, YOSHIKO TAZAKI, MASAAKI MORIYA, HIDENAO TAKAMA, SHIGERU KURISU, SAKA ONO, KAZUHIRO MATSUMOTO, KAYA HATANAKA, HIROKA YAMAJIRI, KIYOHARU YAMAMOTO, JUNKO YAMAMOTO, KOICHI INOUE, AKIKO NARUSE, TOSHIMASA NOMURA, and RITSU YURIKUSA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW and DOES 1-500 Inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01183-JAD-VCF<br><br>**DEFENDANT MRI INTERNATIONAL, INC.'S ANSWER TO THIRD AMENDED COMPLAINT**<br><br><u>**CLASS ACTION**</u><br><br>JURY DEMAND |

1

COMES NOW, MRI International, Inc. (hereinafter "MRI"), by and through its counsel of record, and answers Plaintiffs' Third Amended Complaint ("TAC") as follows:

## NATURE OF ACTION

1. Answering Paragraphs 1 and 2 of the TAC, MRI denies the allegations stated therein.

2. Answering Paragraph 3 of the TAC, MRI admits that Plaintiffs purport to bring this class action covering the period July 5, 2008 to July 5, 2013.

3. The allegations in Paragraph 4 regarding notice of the lawsuit do not require a response. Should any such allegations require a response, MRI denies any and all allegations stated therein.

## THE PARTIES

4. Answering Paragraph 5 of the TAC, MRI lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' residence in Paragraph 5. As to the remaining allegations, the same are denied in their entirety.

5. Answering Paragraph 6 of the TAC, MRI admits that it is a Nevada corporation founded in July 1998, headquartered in Las Vegas, Nevada, and that it has a branch office in Tokyo, Japan. MRI also admits that it was registered as a "Type II Financial Instruments Business." The remaining allegations in Paragraph 6 consist of legal conclusions to which no response is required. Should any such allegations require a response, MRI denies any and all allegations stated therein.

6. Answering Paragraph 7 of the TAC, MRI objects to the term "affiliated" as it does not appear to be defined in the Complaint. MRI admits that Edwin Fujinaga was the Chief Executive Officer of MRI. All other allegations are denied. Discovery is continuing.

7. Answering Paragraphs 8 of the TAC, MRI admits that Junzo Suzuki was the Foreign Registered Representative in Japan. All other allegations are denied.

8. Answering Paragraph 9 of the TAC, MRI admits that Paul Suzuki was the "Japan Operations General Manager of MRI" and that he is the son of Junzo Suzuki. All other allegations are denied.

9. Answering Paragraph 10 of the TAC, MRI is without sufficient knowledge regarding the allegations contained therein, and therefore denies the same. Some of the allegations contained

therein appear to contain legal conclusions to which no response is required.

10.     Answering Paragraphs 11 and 12 of the TAC, MRI denies the allegations contained therein as they pertain to MRI.

## JURISDICTION AND VENUE

11.     The allegations in Paragraph 13, 14, and 15 consist of legal conclusions to which no response is required. Any other allegations contained therein are denied by MRI.

12.     Answering Paragraph 16 of the TAC, MRI denies the allegations contained therein.

## CLASS ACTION ALLEGATIONS

13.     Answering Paragraph 17 of the TAC, MRI admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23.

14.     Answering Paragraph 18 of the TAC, this appears to set forth plaintiffs' proposed class, to which no response is required.

15.     Answering Paragraphs 19-23 of the TAC, these paragraphs consist of legal conclusions to which no response is required.  Should any responses be required, MRI denies each and every allegation contained therein.

## SUBSTANTIVE ALLEGATIONS

16.     Answering Paragraph 24 of the TAC, MRI admits that it is a Nevada based corporation in the business of purchasing medical accounts receivables, and that it operated in such capacity in the class period alleged by the Plaintiffs.  All other allegations are denied.  Discovery is continuing.

17.     Answering Paragraphs 25-37 of the TAC, MRI denies the allegations contained therein.

## MRI'S MISREPRESENTATIONS

18.     Answering Paragraphs 38-67 of the TAC, MRI denies the allegations contained therein.

## ACTIONS TAKEN AGAINST MRI BY JAPAN'S FINANCIAL SERVICES AGENCY

19.     Answering Paragraph 68 of the TAC, MRI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 regarding the investigation and extent of investigation by Japanese regulatory authorities.  MRI admits only that MRI's license

to conduct business in Japan was revoked on April 26, 2013. As to the remaining allegations in Paragraph 68 regarding the public announcement by Financial Services Agency of Japan (Kanto Local Finance Bureau), the public announcement speaks for itself. Any and all other allegations are denied.

20. Answering Paragraph 69 of the TAC, MRI denies the allegations contained therein.

## ACTIONS TAKEN AGAINST MRI BY THE U.S. SECURITIES AND EXCHANGE COMMISSION

21. Answering Paragraph 70 of the TAC, as the allegations in Paragraph 70 reference public records, MRI admits that on September 11, 2013, the United States Securities and Exchange Commission initiated a separate securities law violation action against MRI and Edwin Fujinaga, naming CSA Service Center, LLC as a relief defendant. MRI also admits that public records show that the SEC obtained a temporary restraining order in that action, freezing the assets of MRI, Edwin Fujinaga and CSA Service Center, LLC. MRI also admits that public records show that defendant MRI, Edwin Fujinaga, and CSA Service Center, LLC stipulated to a preliminary injunction in that action, and answered the complaint in that action without first filing a motion to dismiss.

## DEFENDANTS ADMIT TO THE PONZI SCHEME

22. Paragraph 71 excerpts portions of an alleged transcript of an interview with defendant Fujinaga, the entirety of which is not set forth and the authenticity and accuracy of which is challenged. As to any remaining allegations, the same are denied by MRI.

23. Paragraph 72 purports to excerpt portions of a transcript of a deposition of Peter Munoz, the entirety which is not set forth. To the extent it does, the transcripts speak for itself.

24. Answering Paragraph 73 and 74 of the TAC, MRI denies the allegations contained therein.

## ROLE OF THE SUZUKI DEFENDANTS

25. Answering Paragraphs 75-79 of the TAC, these allegations appear to be directed towards the Suzuki Defendants. To the extent any allegations therein pertain to MRI, the same are denied.

4

**LOSS CAUSATION**

26. The allegations in Paragraph 80 consist of legal conclusions to which no response is required. As to any remaining allegations, the same are denied.

27. Answering Paragraph 81 of the TAC, the allegations therein are denied by MRI.

**SCIENTER ALLEGATION**

28. Answering Paragraph 82 of the TAC, Defendant MRI denies the allegations contained therein.

**COUNT I VIOLATIONS OF SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934, 15 U.S.C. 78J AND RULE 10B-5, 17 C.F.R. 240 10B-5 (AGAINST ALL DEFENDANTS)**

29. MRI incorporates its response to Paragraphs 1-82 as if fully set forth herein.

30. Answering Paragraphs 83-92 of the TAC, MRI denies the allegations contained therein.

**COUNT II**

**VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT OF 1934, 15 U.S.C. 77T (AGAINST DEFENDANT FUJINAGA, JUNZO SUZUKI AND PAUL SUZUKI**

31. MRI incorporates its response to Paragraphs 1-92 as if fully set forth herein.

32. Answering Paragraphs 93-100 of the TAC, MRI denies the allegations contained therein to the extent that any allegations are directed towards MRI.

**COUNT III**

**VIOLATION OF SECTION 12(a)(1) OF THE SECURITIES ACT 1933, 15 U.S.C. 77L (AGAINST MRI, FUJINAGA, JUNZO SUZUKI AND PAUL SUZUKI)**

33. MRI incorporates its response to Paragraphs 1-100 as if fully set forth herein.

34. Answering Paragraphs 101-106 of the TAC, MRI denies the allegations contained therein.

## COUNT IV

## VIOLATION OF SECTION 15 OF THE SECURITIES ACT 1933, 15 U.S.C. 770

## (AGAINST DEFENDANTS FUJINAGA, JUNZO SUZUKI AND PAUL SUZUKI)

35. MRI incorporates its response to Paragraphs 1-106 as if fully set forth herein.

36. Answering Paragraphs 107-112, these appear not to require a response from MRI. To the extent any such allegations are directed towards MRI, MRI denies the same.

## COUNT V

## INTENTIONAL FRAUD

## (AGAINST ALL DEFENDANTS)

37. MRI incorporates its response to Paragraphs 1-112 as if fully set forth herein.

38. Answering Paragraphs 113-124 of the TAC, MRI denies the allegations therein.

## COUNT VI

## UNUST ENRICHMENT

## (AGAINST ALL DEFENDANTS)

39. MRI incorporates its response to Paragraphs 1-124 as if fully set forth herein.

40. Answering Paragraphs 125-130 of the TAC, MRI denies the allegations contained therein.

## COUNT VII

## BREACH OF FIDUCIARY SUTY

## (AGAINST ALL DEFENDANTS)

41. MRI incorporates its response to Paragraphs 1-130 as if fully set forth herein.

42. Answering Paragraphs 131-134 of the TAC, MRI denies the allegations contained therein.

## COUNT VIII

## AIDING AND ABETTING FRAUD

## (AGAINST LVT, INC. dba STERLING ESCROW)

43. MRI incorporates its response to Paragraphs 1-134 as if fully set forth herein.

44. Answering Paragraphs 135-139 of the TAC, these allegations appear directed at another

answering Defendant.  To the extent any allegation is directed at MRI, the same are denied.

## COUNT IX

## BREACH OF CONTRACT

## (AGAINST MRI INTERNATIONAL, INC.)

45. MRI incorporates its response to Paragraphs 1-139 as if fully set forth herein.

46. Answering Paragraphs 140-146 of the TAC, MRI denies the allegations contained therein.

## COUNT X

## ACTION FOR ACCOUNTING

## (AGAINST ALL DEFENDANTS)

47. MRI incorporates its response to Paragraphs 1-146 as if fully set forth herein.

48. Answering Paragraphs 147-150, MRI denies the allegations contained therein.

## COUNT XI

## CONSTRUCTIVE TRUST

## (AGAINST ALL DEFENDANTS)

49. MRI incorporates its response to Paragraphs 1-150 as if fully set forth herein.

50. Answering Paragraphs 151-153 of the TAC, MRI denies the allegations contained therein.

## COUNT XII

## FRAUDULENT TRANSFER

## (AGAINST JUNZO SUZUKI, PAUL SUZUKI, AND STERLING ESCROW)

51. MRI incorporates its response to Paragraphs 1-153 as if fully set forth herein.

52. Answering Paragraphs 154-160 of the TAC, these allegations appear directed at another answering Defendant.  To the extent any allegation is directed at MRI, the same are denied.

**DEMAND FOR JURY TRIAL**

No response is required to Plaintiffs' demand for jury trial.  Defendant MRI hereby demands a jury trial on all issues.

**PRAYER**

No response is required to Plaintiffs' Prayer.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted

2. This action is not maintainable as a class action because Plaintiffs fail to satisfy the applicable requirements under the law.

3. Plaintiffs' claims and/or the claims of putative class members are barred in whole or in part by the applicable statute of limitations.

4. Plaintiffs' claims and the putative class members' claims are barred or limited because the damages or injuries to Plaintiffs and the putative class members were caused in whole or in part by the acts or omissions of third parties.

5. Plaintiffs' claims and/or the claims of the putative class members are barred in whole or in part by the doctrine of accord and satisfaction.

6. Plaintiffs and/or putative class members are barred by the doctrine of estoppel or waiver from pursuing their claims in the Third Amended Complaint.

7. Plaintiffs and/or putative class members failed to mitigate damages.

8. Plaintiffs' recovery and the recovery for the putative class members are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

8

**JURY DEMAND**

MRI demands trial by jury on all claims.

Dated: October 30, 2014					HITZKE AND ASSOCIATES, INC.


						_____/s/_____
						Daniel L. Hitzke, Esq.


						_____/s/_____
						Erick M. Ferran, Esq.
						Attorneys for Defendants, MRI
						INTERNATIONAL, INC., and
						EDWIN Y. FUJINAGA