**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SHIGE TAKIGUCHI, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> MRI INTERNATIONAL, INC., *et al.*, <br><br> Defendants. | Case No. 2:13–cv–1183–JAD–VCF <br><br> **ORDER** |

  This matter involves a class action securities fraud lawsuit governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77a, *et seq*. Before the court is Plaintiffs Emergency Motion to Compel (#213). Defendants opposed (#215–#217). On January 14, 2015, the court held a hearing. For the reasons stated below, Plaintiffs Motion to Compel is denied and Defendants are jointly and severally sanctioned in the amount of $1,500.00, to be paid at the conclusion of this case.

## DISCUSSION

  The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77a, *et seq*. ("the PSLRA" or "the Act") was passed to restrict perceived abuses in securities class-action litigation by testing the sufficiency of a plaintiff's complaint before discovery begins. *SG Gowen Sec. v. U.S. Dist. Court for the N. Dist. Of Cal*., 189 F.3d 909, 911–13 (9th Cir. 1999) (citing *In re Advanta Corp. Sec. Litig*., 180 F.3d 525, 530–31 (3d Cir. 1999)). The Act effectuates this policy by departing from the Federal Rules of Civil Procedure in two significant ways.

  First, the PSLRA requires plaintiffs to satisfy a heightened pleading standard that is more stringent than Rule 8(a) or Rule 9(b)'s pleading requirements. *See* 15 U.S.C. § 78u–4(b); *see also* WRIGHT &

MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d § 2046.2. The heightened-pleading standard's purpose is to curb strike suits by "ward[ing] off allegations of 'fraud by hindsight.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320 (2007) (citations omitted).

Second, the PSLRA departs from the discovery procedures outlined in Rule 26 by permitting "only after the court has sustained the legal sufficiency of the complaint." *SG Cowen Sec.* 189 F.3d at 913 (citing S. Rep. No. 104–98 at 14 (1995). The PSLRA's automatic stay of discovery takes effect "during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B); *see also* WRIGHT & MILLER, *supra* at § 2046.2 (stating that the stay may apply even if the defendant has not yet moved to dismiss) (citation omitted).

However, the PSLRA's discovery stay is not absolute. The Act provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B).

The applicability of these provisions are in controversy here. On January 8, 2015, Defendant Suzuki filed a Motion to Dismiss, arguing that the District of Nevada is a *forum non conveniens*. (Def.'s Mot. to Dismiss (#209) at 7). In response, Plaintiffs filed the instant Emergency Motion to Compel, which contends that (1) the Act's automatic discovery stay did not take effect because the *forum-non-conveniens* issue does not implicate the sufficiency of Plaintiffs' security fraud claims, which the stay was designed to test, or (2) an exception to the Act's automatic discovery stay applies here. (*See generally* Mot. to Compel (#213) at 5:22–26, 6:11–14).

As discussed during the hearing January 14, 2015 hearing, the court is unpersuaded by Plaintiffs' first argument. The statute's plain language is clear: the PSLRA's discovery stay takes effect "during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B). The case law is similarly clear: a

plaintiff cannot satisfy the PSLRA's heightened pleading standard by neutralizing the PSLRA's policy concerns. (*See* Order #130 at 12:7–8) (citing *Fosbre v. Las Vegas Sands Corp.*, No. 10–cv–0765, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012)). This, however, is the essence of Plaintiffs' argument. (*See* Pl.'s Mot. to Compel (#213) at 6:10–11) ("This latest motion to dismiss filed by the defendants does not implicate the purposes underlying the PSLRA discovery stay.").

The court is similarly unpersuaded by Plaintiffs' argument that an exception to the Act's discovery stay applies. Under the PSLRA, the party seeking discovery bears the burden of demonstrating that the discovery sought is particularized and that the stay will cause undue prejudice or risk the destruction of evidence. WRIGHT & MILLER, *supra* at § 2046.2. A discovery request is "particularized" if it seeks a "clearly defined universe of documents" and other information. *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002). "Undue prejudice" means "improper or unfair detriment," which is less than "irreparable harm." *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996).

Plaintiffs carried their burden with regard to the first prong of this inquiry, but not the second. That is, the discovery Plaintiffs seek is particularized (*viz.*, two depositions); but the prejudice is not undue. The only prejudice Plaintiffs articulated was the cost of airfare from Japan to Las Vegas, Nevada and scheduling complications that will arise with depositions to be noticed for March at the United States Embassy in Japan. These complications are not trivial, but they are not an "improper or unfair detriment." They are, rather, exemplary of the costs and inconveniences associated with litigation.

This, however, does not end the court's inquiry. Although the PSLRA displaces Rule 8 and Rule 9(b)'s pleading requirements as well as the timing of discovery under Rule 26(d), the Act does not abrogate the parties' other discovery rights, duties, and potential liabilities. A federal court has both express power under Rules 26 and 37 and inherent power to impose sanctions for conduct arising during discovery.

3

*Chambers v. NASCO*, 501 U.S. 32, 47 (1991). Accordingly, although Plaintiffs failed to show "improper or unfair detriment" under the PSLRA, the court finds that Plaintiffs demonstrated "good cause" to issue an order to protect Plaintiffs "from annoyance, embarrassment, oppression, or undue burden or expense." *See* FED. R. CIV. P. 26(c)(1). Specifically, Defendants either knew or should have known that Japanese Counsel would travel from Japan to Las Vegas, Nevada to attend the depositions and incur undue airfare expenses.

Defendant Suzuki contends he either did not know or should not have expected that Japanese Counsel would travel from Japan to Las Vegas, Nevada for two reasons. He asserted, first, that he did not know Japanese Counsel was involved in the action and, second, thought that the noticed depositions were "run of the mill" depositions. Similarly, Defendant Suzuki also asserted that he did not have actual notice of Japanese Counsel's travel plans, like Defendants MRI International, Inc. and Sterling Escrow.

These arguments are not credible. This matter involves a massive Ponzi scheme, which allegedly defrauded billions of dollars from Japanese investors, many of whom lost their life's savings. Japanese Counsel had already attended previous depositions in this matter. Similarly, these were not "run of the mill" depositions. One of the primary Defendants (*i.e.*, MRI International, among others) was scheduled to be deposed. Therefore, the court sanctions Defendants jointly and severally in the amount of $1,500.00, to be paid at the end of this matter. This amount represents the reasonable discounted cost of airfare incurred by Japanese Counsel, as stated during the court's hearing.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs Emergency Motion to Compel (#213) is DENIED.

IT IS FURTHER ORDERED that Defendants are jointly and severally sanctioned in the amount of $1,500.00, to be paid at the end of this matter.

IT IS SO ORDERED.

DATED this 14th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE