**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
SHIGE TAKIGUCHI, FUMI NONAKA,        )    2:13-cv-01183-JAD-VCF
MITSUAKI TAKITA, KAORUKO KOIZUMI,    )
TATSURO SAKAI, SHIZUKO ISHIMORI,     )
YOKO HATANO, YUKO NAKAMURA,          )    ORDER
HIDEHITO MIURA, YOSHIKO TAZAKI,      )
MASAAKI MORIYA, HATSUNE HATANO,      )
SATORU MORIYA, HIDENAO TAKAMA,       )
SHIGERU KURISU, SAKA ONO,            )
KAZUHIRO MATSUMOTO, KAYA             )
HATANAKA, HIROKA YAMAJIRI,           )
KIYOHARU YAMAMOTO, JUNKO             )
YAMAMOTO, KOICHI INOUE, AKIKO        )
NARUSE, TOSHIMASA NOMURA, and        )
RITSU YURIKUSA, Individually and     )
on Behalf of All Others Similarly    )
Situated,                            )
                                     )
              Plaintiffs,            )
                                     )
vs.                                  )
                                     )
MRI INTERNATIONAL, INC., EDWIN J     )
FUJINAGA, JUNZO SUZUKI, PAUL         )
MUSASHI SUZUKI, LVT, INC., dba       )
STERLING ESCROW, and DOES 1-500,     )
                                     )
              Defendants.            )
_____ )
```

Before the court is defendants Junzo Suzuki and Paul Musashi Suzuki (collectively "the Suzukis") motion to dismiss plaintiffs' claim of fraudulent transfer, which is Count XII of the fourth amended complaint (#233). The motion is joined by defendant LVT,

1

Inc. (hereinafter "Sterling Escrow") (#239).  Plaintiffs have opposed (#238), and the Suzukis have replied (#243).

The Suzukis argue that plaintiffs' fraudulent transfer claim should be dismissed (1) under Federal Rule of Civil Procedure 12(b)(6) because some or all of it is barred under the applicable statute of limitations/statute of repose, and (2) under Federal Rule of Civil Procedure 9(b) as insufficiently pled.

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  However, legal conclusions are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,'" it "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A

2

pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To comply with the rule, the complaint must state with particularity the circumstances constituting the fraud, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal punctuation omitted). Rule 9(b) is satisfied if the plaintiff pleads "(i) some of the specific customers defrauded, (ii) the type of conduct at issue, (iii) the general time frame in which the conduct occurred, and (iv) why the conduct was fraudulent." *United States v. Smithkline Beecham Clinical Labs.*, 245 F.3d 1048, 1051 (9th Cir. 2001).

The motion to dismiss Count XII of the Fourth Amended Complaint on the basis that the claim is barred by the statute of limitations and/or extinguished by the statute of repose is denied without prejudice to renew as a motion for summary judgment at the close of discovery.

3

With respect to the pleading argument, Nevada provides for a claim of actual fraudulent transfer as well as a claim of constructive fraudulent transfer. *See* Nev. Rev. Stat. § 112.180(1)(a) (actual fraudulent transfer); id. § 112.180(1)(b) (constructive fraudulent transfer); *Herup v. First Boston Fin., LLC*, 162 P.3d 870, 873 (Nev. 2007). The weight of authority is that Rule 9 applies to claims of actual fraudulent transfer but not to claims of constructive fraudulent transfer. *See In re Tronox Inc.*, 429 B.R. 73, 96 (Bankr. S.D.N.Y. 2010) (collecting cases concluding Rule 9(b) does not apply to claims of constructive fraudulent conveyance); *In re Air Cargo, Inc.*, 401 B.R. 178, 192 (Bankr. D. Md. 2008) (noting that while courts are divided on the question whether Rule 9(b) applies to constructive fraudulent conveyance claims, the majority have concluded it does not); *Van-Am. Ins. Co. v. Schiappa, et al.*, 191 F.R.D. 537, 542-43 (S.D. Ohio 2000) (applying Rule 9(b) to claims of actual fraudulent transfer but not to claims of constructive fraudulent transfer; *Kelleher v. Kelleher*, 2014 WL 94197, at *6 (N.D. Cal. 2014); *Hyosung (Am.), Inc. v. Hantle USA, Inc.*, 2011 WL 835781, at *4 (N.D. Cal. March 4, 2011); *Sunnyside Dev. Co. LLC v. Cambridge Display Tech. Ltd.*, 2008 WL 4450328, at *9 (N.D. Cal. 2008). The court agrees with the reasoning of these courts and concludes that Rule 9 applies to a claim of actual fraudulent transfer under Nevada law but not to a claim of constructive fraudulent transfer.

Liberally construing the complaint, plaintiffs have alleged both claims here. Specifically, the complaint alleges that the transfers were made with the actual intent to defraud, which is an element of an actual fraudulent transfer claim. *See* §

4

112.180(1)(a); Fourth Am. Compl. ¶ 159).  The complaint also alleges that the transfers were made "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation" at a time that MRI believed or reasonably should have believed that it would not be able to repay its investors, which are elements of a constructive fraudulent transfer claim.  *See* § 112.180(1)(b); Fourth Am. Compl. ¶¶ 154, 157).  Therefore, the court concludes that plaintiffs' actual fraudulent transfer claim is subject to Rule 9(b) and thus must be pled with the requisite particularity.  Because that claim lacks detail as to the particular fraudulent transfers – specifically the dates, amounts and specific recipient of each allegedly fraudulent transfer – plaintiffs' claim of actual fraudulent transfer is insufficiently pled.

   Accordingly, the Suzukis' motion to dismiss, joined by Sterling Escrow, is **GRANTED** in part as to plaintiffs' claim of actual fraudulent transfer.  It is **DENIED** in all other respects.  Should plaintiffs wish to pursue a claim of actual fraudulent transfer, they shall have to and including May 26, 2015, in which to amend their complaint to properly state a claim of actual fraudulent transfer as required by Federal Rule of Civil Procedure 9(b).

   **IT IS SO ORDERED**.

   DATED: This 10th day of April, 2015.

   *[signature: Howard D. McKibben]*
   _____
   UNITED STATES DISTRICT JUDGE

5