# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, KAORUKO KOIZUMI, TATSURO SAKAI, SHIZUKO ISHIMORI, YOKO HATANO, YUKO NAKAMURA, HIDEHITO MIURA, YOSHIKO TAZAKI, MASAAKI MORIYA, HATSUNE HATANO, SATORU MORIYA, HIDENAO TAKAMA, SHIGERU KURISU, SAKA ONO, KAZUHIRO MATSUMOTO, KAYA HATANAKA, HIROKA YAMAJIRI, KIYOHARU YAMAMOTO, JUNKO YAMAMOTO, KOICHI INOUE, AKIKO NARUSE, TOSHIMASA NOMURA, and RITSU YURIKUSA, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>      Defendants. | 2:13-cv-01183-HDM-VCF<br><br>ORDER |

    Defendants Junzo Suzuki and Paul Musashi Suzuki (collectively "the Suzukis"), joined by defendants MRI International, Inc. ("MRI") and Edwin Fujinaga ("Fujinaga"), move for a stay of this action in light of concurrent criminal proceedings (#283, #286). Plaintiffs have opposed the motion (#289), and the Suzukis have replied (#293).

1

Plaintiffs are several Japanese investors who, on behalf of a putative class, have brought this suit in connection with the alleged operation of a massive Ponzi scheme. Plaintiffs filed their original complaint on July 5, 2013. Since then, plaintiffs' original and amended complaints have been the subject of numerous motions to dismiss, all of which have effectively stayed discovery pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). As a result, discovery remains in its early stages despite the case having been filed more than two years ago.

Shortly after plaintiffs initiated this action, the Securities and Exchange Commission ("SEC") filed a complaint against Fujinaga and MRI, among others. Judgment has since been entered in that case. In addition, MRI investors have filed several actions against MRI and/or the Suzukis in Japan.

On July 8, 2015, the grand jury in the District of Nevada returned a twenty-count indictment against Fujinaga and the Suzukis. The indictment seeks forfeiture in the amount of $1.5 billion. The criminal case has been designated as complex and as of yet no trial date has been set. (*See* Docket for Case No. 2:15-cr-00198-LDG-NJK).

On July 13, 2015, the Suzukis moved to stay this action on the basis of the pending criminal proceedings.

While a court may, in its discretion, stay civil proceedings pending the outcome of parallel criminal proceedings, "such action is not required by the Constitution." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved,

2

simultaneous parallel criminal and civil proceedings are unobjectionable. . . ." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal punctuation omitted). The court may stay civil proceedings "when the interests of justice seem to require" it, and the decision to stay "should be made in light of the particular circumstances and competing interests involved in the case." *Id.* In making the determination, the court generally considers the following factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with the litigation and the potential prejudice to plaintiffs of a delay; (3) the burden of the civil proceeding on the defendants; (4) the convenience of the court in the management of its cases and the efficient use of judicial resources; (5) the interest of persons not parties to the civil case; and (6) the interests of the public in the pending civil and criminal litigation. *Id.* at 324-25 (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989)).

    1. Fifth Amendment

    An indictment has been returned against the Suzukis and Fujinaga, which presents a stronger case for a stay than in an indictment's absence. *Molinaro*, 889 F.2d at 903 (noting that the case for staying is "far weaker" when "no indictment has been returned and no Fifth Amendment privilege is threatened"). In addition, there is no dispute that the allegations in the criminal case substantially overlap with those in this action. It is therefore likely that at some point during discovery or trial, defendants will be posed questions implicating their Fifth

3

Amendment rights.  However, a "defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."  *Keating*, 45 F.3d at 326. "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Id.*  Thus, while the burden on Fifth Amendment rights is a "significant factor," it "is only one consideration to be weighed against others."  *Id*.

     Plaintiffs argue that because the Suzukis have asserted their Fifth Amendment rights several times in this action, any damage has already been done and there is therefore no reason to stay this case further.  However, discovery is still in its early stages and much remains to be conducted, including the defendants' depositions.  Fifth Amendment implications are still present in this case, and thus this is a relevant and significant factor to weigh in considering defendants' motion to stay.

     Given the overlap in allegations and the procedural posture of this and the criminal action, there is a likelihood that defendants will face questions in this case implicating their Fifth Amendment rights.  Accordingly, this factor weighs in favor of a stay.

     2. Plaintiffs' Interests and Potential Prejudice of Delay

     The Suzukis argue that a stay will not prejudice plaintiffs for several reasons: (1) MRI and Fujinaga are essentially judgment-proof following entry of judgment in the SEC action, and plaintiffs will presumably share in any recovery under that judgment; (2)

4

plaintiffs may pursue their claims in Japan; and (3) the asset freeze and criminal forfeiture allegations will prevent the Suzukis from depleting their assets.  The Suzukis assert that a stay would actually benefit plaintiffs because it would likely streamline the issues in this case.  The Suzukis also argue that the prejudice of a stay is reduced "due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act."  (Reply 2-3).

Plaintiffs assert that they will suffer prejudice not only because a delay may result in witnesses becoming unavailable, witness memories fading, or the loss of documentary evidence, but also because of the particular hardship of this case: many of the victims are elderly and retired.  Further, plaintiffs argue, a stay in this case might be indefinite because the Suzukis remain in Japan and it is unclear whether or when they will return to the United States to face the criminal charges.

The Suzukis reply that the threat of the loss of documents is unrealistic as all of MRI's documents have been seized by the SEC. They further argue that the threat of witness memories fading is unrealistic because the same witnesses will likely be involved in both cases, which will keep memories fresh.

The burden and potential prejudice to the plaintiffs of a protracted and blanket stay in this action is substantial.  Many of the plaintiffs are elderly and retired and have invested their life savings in MRI.  As MRI is not repaying its investors, and it is uncertain how much, if anything, plaintiffs may recover as a result of the SEC judgment, a significant delay in recovery in this case – particularly from the Suzukis – could work a severe hardship on the plaintiffs.  A quick resolution of the criminal case is by no means

5

certain and in fact appears unlikely. First, the Suzukis have not countered the plaintiffs' assertion that they are currently in Japan and very well may resist a return to the United States to stand trial. Second, the criminal case has been designated as complex and is not even set for trial as of the date of this order. In addition, it is not at all clear that all witnesses that would be involved in this case would be involved in the criminal action, nor is it clear that all relevant documents are currently controlled by the SEC. Regardless, a stay certainly increases the odds that some witnesses will become unavailable. Finally, as has been discussed in other pleadings in this case, litigating claims in Japan would be more burdensome to the plaintiffs as Japan lacks a class action mechanism. Accordingly, this factor weighs heavily against a stay.

3. Burden on Defendants

The only burden the Suzukis identify relates to their Fifth Amendment rights, which has already been discussed. This factor is therefore neutral.

4. Court's Convenience and Judicial Resources

The Suzukis argue that staying the case will not adversely impact the court's management of its docket because it is still in the early stages and plaintiffs delayed in even filing their motion for class certification. They argue that because Japan has a stronger interest in this case than Nevada that a stay would actually relieve the court's burden. Plaintiffs respond that the convenience of the court actually counsels against a stay because the court has an interest in clearing its docket, especially of complex litigation. The Suzukis reply that many courts have found

6

that a stay is more efficient in the long run because the criminal case may narrow the issues, streamline discovery, and have a collateral estoppel effect. Further, it would allow discovery to proceed unencumbered by Fifth Amendment concerns.

The court would note – again – that while Japan may have a strong interest in this case, so too does Nevada. And while it is true that the criminal case could streamline issues and have a collateral estoppel effect, it is also true that the court has a strong interest in the expeditious resolution of cases. It is worth noting that this case is in its early stages due in large part to the repeated motions to dismiss filed by the Suzukis. That factor weighs heavily in the court's determination that judicial resources would not, in this case, be best served by a stay. Accordingly, the court is of the opinion that this case should now proceed as expeditiously as possible. Accordingly, this factor weighs against a stay.

5. Non-Party Interests

The parties do not identify any relevant non-party interests. This factor is therefore neutral.

6. Public Interest

The Suzukis argue that the public interest will not be prejudiced by a stay because its interest is being protected by the criminal and Japanese proceedings. Plaintiffs assert that the public has a strong interest in swiftly combating fraud on the public.

While the public certainly has an interest in the criminal charges against the defendants, it also has a strong interest in redressing the victims of those crimes, which is the aim of this

7

action.  Accordingly, this factor is neutral and neither favors nor counsels against a stay.

On balance, the court finds that the substantial burden on – and potential prejudice to – the plaintiffs that a stay would cause, and this court's interest in resolving a case that has been litigated for more than two years, weigh heavily against further staying this matter.  The Suzukis have identified no compelling reason for issuing a blanket stay of this action, and on balance the factors weigh in favor of proceeding expeditiously with this case.  Defendants may invoke their Fifth Amendment rights on a question-by-question basis, and seek court rulings where necessary and applicable.  *See Doe v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2010) ("[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis.").

In accordance with the foregoing, the motion to stay in light of concurrent criminal proceedings (#283) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: This 2nd day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE

8