1

2

3

4                           **UNITED STATES DISTRICT COURT**

5                               **DISTRICT OF NEVADA**

6

7

8    SHIGE TAKIGUCHI, FUMI NONAKA,          Case No. 2:13-cv-01183-HDM-VCF
     MITSUAKI TAKITA, KAORUKO KOIZUMI,
     TATSURO SAKAI, SHIZUKO ISHIMORI,       **STIPULATED PROTECTIVE ORDER**
9    YOKO HATANO, YUKO NAKAMURA,
     HIDEHITO MIURA, YOSHIKO TAZAKI,
10   MASAAKI MORIYA, HATSUNE HATANO,
     SATORU MORIYA, HIDENAO TAKAMA,
11   SHIGERU KURISU, SAKA ONO, KAZUHIRO
     MATSUMOTO, KAYA HATANAKA, IROKA
12   YAMAJIRI, KIYOHARU YAMAMOTO,
     JUNKO YAMAMOTO, KOICHI INOUE,
13   AKIKO NARUSE, TOSHIMASA NOMURA,
     and RITSU YURIKUSA, Individually and On
14   Behalf of All Others Similarity Situated,

15                       Plaintiffs,

16        v.

17   MRI INTERNATIONAL, INC., EDWIN J.
     FUJINAGA, JUNZO SUZUKI, PAUL
18   MUSASHI SUZUKI, LVT, INC., dba
     STERLING ESCROW, and DOES 1-500,
19
                         Defendants.
20

21   1.      <u>PURPOSES AND LIMITATIONS</u>

22           Discovery in this action is likely to involve production of confidential, proprietary, or

23   private information for which special protection may be warranted. Accordingly, the parties

24   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

25   parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

26   protection on all disclosures or responses to discovery, the protection it affords from public

27   disclosure and use extends only to the limited information or items that are entitled to confidential

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.     "CONFIDENTIAL" MATERIAL

"Confidential" material shall include information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.     SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

2

**STIPULATED PROTECTIVE ORDER**

1    (c) experts and consultants to whom disclosure is reasonably necessary for this

2    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3    (d) the court, court personnel, and court reporters and their staff;

4    (e) copy or imaging services retained by counsel to assist in the duplication of

5    confidential material, provided that counsel for the party retaining the copy or imaging service

6    instructs the service not to disclose any confidential material to third parties and to immediately

7    return all originals and copies of any confidential material;

8    (f) during their depositions, witnesses in the action to whom disclosure is

9    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

10   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

11   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

12   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

13   under this agreement;

14   (g) the author or recipient of a document containing the information or a custodian

15   or other person who otherwise possessed or knew the information.

16   4.3    Filing Confidential Material. Before filing confidential material or discussing or

17   referencing such material in court filings, the filing party shall confer with the designating party to

18   determine whether the designating party will remove the confidential designation, whether the

19   document can be redacted, or whether a motion to seal or stipulation and proposed order is

20   warranted. Local Civil Rule 10-5 sets forth the procedures that must be followed and the standards

21   that will be applied when a party seeks permission from the court to file material under seal.

22   5.    DESIGNATING PROTECTED MATERIAL

23   5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

24   or non-party that designates information or items for protection under this agreement must take

25   care to limit any such designation to specific material that qualifies under the appropriate

26   standards. The designating party must designate for protection only those parts of material,

27   documents, items, or oral or written communications that qualify, so that other portions of the

28

3

**STIPULATED PROTECTIVE ORDER**

1    material, documents, items, or communications for which protection is not warranted are not

2    swept unjustifiably within the ambit of this agreement.

3    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

4    clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

5    encumber or delay the case development process or to impose unnecessary expenses and burdens

6    on other parties) expose the designating party to sanctions.

7    If it comes to a designating party's attention that information or items that it designated for

8    protection do not qualify for protection, the designating party must promptly notify all other

9    parties that it is withdrawing the mistaken designation.

10       5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

11    agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

12    ordered, disclosure or discovery material that qualifies for protection under this agreement must be

13    clearly so designated before or when the material is disclosed or produced.

14       (a) Information in documentary form: (e.g., paper or electronic documents and

15    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

16    the designating party must affix the word "CONFIDENTIAL" to each page that contains

17    confidential material. If only a portion or portions of the material on a page qualifies for

18    protection, the producing party also must clearly identify the protected portion(s) (e.g., by making

19    appropriate markings in the margins).

20       (b) Testimony given in deposition or in other pretrial or trial proceedings: the

21    parties must identify on the record, during the deposition, hearing, or other proceeding, all

22    protected testimony, without prejudice to their right to so designate other testimony after

23    reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

24    deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

25       (c) Other tangible items: the producing party must affix in a prominent place on the

26    exterior of the container or containers in which the information or item is stored the word

27    "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

28    the producing party, to the extent practicable, shall identify the protected portion(s).

4

**STIPULATED PROTECTIVE ORDER**

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Rule 7-2.  The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

5

**STIPULATED PROTECTIVE ORDER**

1   If a party is served with a subpoena or a court order issued in other litigation that compels

2   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

3   must:

4   (a) promptly notify the designating party in writing and include a copy of the subpoena or

5   court order;

6   (b) promptly notify in writing the party who caused the subpoena or order to issue in the

7   other litigation that some or all of the material covered by the subpoena or order is subject to this

8   agreement. Such notification shall include a copy of this agreement; and

9   (c) cooperate with respect to all reasonable procedures sought to be pursued by the

10  designating party whose confidential material may be affected.

11  8.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

12  LITIGATION

13  (a)  The terms of this Order are applicable to information produced by a Non-Party

14  in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties

15  in connection with this litigation is protected by the remedies and relief provided by this Order.

16  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

17  additional protections.

18  (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

19  Party's confidential information in its possession, and the Party is subject to an agreement with the

20  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21  (1) promptly notify in writing the Requesting Party and the Non-Party that some or

22  all of the information requested is subject to a confidentiality agreement with a Non-Party;

23  (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order

24  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

25  information requested; and

26  (3)  make the information requested available for inspection by the Non-Party.

27  (c)  If the Non-Party fails to object or seek a protective order from this court within 14

28  days of receiving the notice and accompanying information, the Receiving Party may produce the

6

**STIPULATED PROTECTIVE ORDER**

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

        When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

11.     NON TERMINATION AND RETURN OF DOCUMENTS

        Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial

**STIPULATED PROTECTIVE ORDER**

1   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

2   such materials contain confidential material.

3        The confidentiality obligations imposed by this agreement shall remain in effect until a

4   designating party agrees otherwise in writing or a court orders otherwise.

5   Dated:  December 17, 2015                MANNING & KASS,
                                             ELLROD, RAMIREZ, TRESTER LLP

6

7                                            By:   ___/s/ James Gibbons_____
                                                   JAMES E. GIBBONS
8                                                  Attorneys for Plaintiffs

9                                            HITZKE & ASSOCIATES

10

11                                           By:   ___/s/ Erick Ferran_____
                                                   DANIEL L. HITZKE
12                                                 ERICK FERRAN
                                                   Attorneys for Defendants MRI
13                                                 International, Inc. and Edwin Y.
                                                   Fujinaga

14                                           ZACCARO MORGAN LLP

15

16                                           By:   ___/s/ Nicola Morgan_____
                                                   NICOLAS MORGAN
17                                                 Attorneys for Defendants Junzo
                                                   Suzuki and Paul Musashi Suzuki

18

19                                           SKLAR WILLIAMS PLLC

20                                           By:   ___/s/ Robert Goldstein_____
                                                   ROBERT A. GOLDSTEIN
21                                                 Attorneys for Defendant LVT, Inc.,
                                                   dba Sterling Escrow

22
    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
23
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
24

25   DATED:   December 18, 2015            _____
                _____
26                                         Hon. Cam Ferenbach
                                           United States Magistrate Judge
27

28
                                        8

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for Nevada on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2015, a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5.5(h), notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mariko Taenaka          .
Mariko Taenaka

10

**STIPULATED PROTECTIVE ORDER**