**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHIGE TAKIGUCHI, et. al., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

vs.

MRI INTERNATIONAL, INC.; EDWIN J. FUJINAGA; JUNZO SUZUKI; PAUL MUSASHI SUZUKI; et. al.,

Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

MOTION FOR ORDER COMPELLING DISCOVERY AND INTERPRETER COSTS AND FOR SANCTIONS (DOC. #332)

This matter involves Plaintiffs' civil action against Junzo Suzuki, Paul Musashi Suzuki, (the "Suzukis") and other defendants. Before the court is the Suzukis' Motion For Order Compelling Deposition and Interpreter Costs and for Sanctions (Doc. #322), the Plaintiffs' response (Doc. #330), and Suzukis' reply (Doc. #332). A hearing was held on January 20, 2016. For the reasons state below, the Suzukis' motion for order compelling deposition and interpreter costs and sanctions is denied.

**I. BACKGROUND**

The instant motion arises from the parties' dispute regarding Plaintiffs' November 2015 depositions. The Suzukis' noticed the depositions of twenty five Plaintiffs on October 30, 2015. (Doc. #330 at 3). The depositions were to take place throughout November 2015 in Los Angeles, California. *Id*. All twenty five noticed Plaintiffs live in Japan. *Id*. Plaintiff Kaoruko Koizumi's deposition was scheduled for November 19, 2015. *Id*. Plaintiff Koizumi failed to appear at her November 19 deposition. (Doc. #332 at 5). At the time the Suzukis' brought the instant motion, other Plaintiffs also failed to appear at their November 2015 depositions. *Id*. at 2. The Suzukis' now move to dismiss

1

Plaintiff Koizumi for her failure to appear at two noticed depositions.[1]  In the alternative, the Suzukis move for an order compelling Plaintiff Koizumi to attend her deposition.  The Suzukis' also request that the Plaintiffs bear the cost of interpreters for all the Plaintiffs' depositions.

The parties are negotiating a stipulation that will amend Plaintiffs' complaint as follows: (1) Plaintiffs will name a total of nine individuals as class representatives and (2) the remaining sixteen Plaintiffs currently named in Plaintiffs' complaint will become members of the potential class of unnamed plaintiffs.  The potential stipulation will aid the resolution of the instant dispute because (1) six of the nine class representatives in Plaintiffs' proposed amended complaint have already been deposed and (2) the remaining three class representative will be deposed by the close of discovery.

## II. LEGAL STANDARD

"A party who wants to depose a person by oral questions must give reasonable written notice to ever other party."  FED. R. CIV. P. 30(b)(1).  "Obviously no fixed rule [regarding what constitutes reasonable written notice] can be laid down because much will depend on the other circumstances of the particular case."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: FEDERAL RULES OF CIVIL PROCEDURE § 2111 (3d ed. 2010).

"The court where the action is pending may, on motion, order sanctions if: (i) a party … fails, after being served with proper notice, to appear for that person's deposition."  FED. R. CIV. P. 37(d)(1)(A)(i).  "In determining an appropriate sanction for failure to comply with a discovery order or attend a scheduled deposition, the court examines five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to non-

---

[1] Plaintiff Koizumi did not attend a prior deposition in July 2015.  (Doc. #322 at 3); (Doc #330 at 4).  The parties dispute whether Plaintiff Koizumi failed to attend her deposition or that the Suzukis canceled Plaintiff Koizumi's July 2015 deposition before she could be deposed.

offending party; (4) the public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions." *Pacquiao v. Mayweather*, No. 2:09-cv-2448-LRH-RJJ, 2011 WL 4959053 at *1 (D. Nev. Oct. 18, 2011) (citing *Leion v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)).

"Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party failing to act, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." FED. R. CIV. P. 37(d)(3).

If a party fails to attend a properly noticed deposition, a court may order the party dismissed from the action. FED. R. CIV. P. 37(b)(2)(A)(v). Federal Rule of Civil Procedure 37(b)(2) also allows the court to impose other sanctions including: (1) prohibiting the sanctioned party from supporting or opposing designated claims or defense, (2) striking the pleadings, and (3) entering a default judgment against the sanctioned party. FED. R. CIV. P. 37(b)(2)(A)(ii), (iii), (vi).

"If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the party whose deposition is noticed to move for a protective order." *Anoruo v. Shinseki*, No. 2:12-cv-1190-JCM-GWF, 2013 WL 4546795 *at 2 (D. Nev. August 27, 2013). "Absent a protective order or an order staying the deposition, the party to be deposed is required to appear for a properly noticed deposition." *Id*. "The noticed party does not have the option of sitting back, failing to appear, requiring the noticing party to take action, and then crying foul to the court." *Id*.

### III. DISCUSSION

The parties present two questions: (1) whether Plaintiff Koizumi should be sanctioned for failure to attend her November 2015 deposition and (2) whether Plaintiffs must bear the costs of Japanese-language interpreters for their depositions.

3

**1.      Plaintiff Koizumi is Not Dismissed From the Action**

The Suzukis contend that Plaintiff Koizumi should be dismissed because she failed to attend her July 2015 and November 2015 depositions.  The Plaintiffs argue that Plaintiff Koizumi did not fail to attend her July 2015 deposition; the Suzukis canceled the disposition before Plaintiff Koizumi could be deposed.  The Plaintiffs also argue that dismissal of Plaintiff Koizumi is not an appropriate sanction because the Suzukis cannot show that Plaintiff Koizumi was at fault nor can the Suzukis show they were prejudiced by their inability to depose Plaintiff Koizumi.  The court will not dismiss Plaintiff Koizumi from the action nor will the court impose monetary sanctions on her.

Dismissal of Plaintiff Koizumi is inappropriate for the following reasons: (1) there was no prior order compelling Plaintiff Koizumi's attendance at a deposition and (2) the Suzukis failed to show how they would be prejudiced if Plaintiff Koizumi's deposition is not taken, or is taken at a later date.  The Suzukis will have ample time to depose Plaintiff Koizumi as the court has not ruled on Plaintiffs' motion to certify class (Doc. #255) and discovery is scheduled to be completed on June 1, 2016.  (Doc. #270).

Plaintiffs argue that "[f]iling a motion for protective order [after receiving the Suzukis' deposition notices] would have … placed a wasteful and unnecessary burden on the court." (Doc. #330 at 4).  Plaintiffs' argument misunderstands the procedure for challenging an improperly noticed deposition.  Plaintiffs should have moved for a protective order once the Plaintiffs believed the Suzukis' deposition notices were unreasonable.  Under normal circumstances, a plaintiff cannot fail to seek a protective order, fail to attend her deposition, and now avoid sanctions by arguing her deposition notice was unreasonable.  Anoruo, 2013 WL 4546795 *at 2.  In light of the parties' ongoing negotiations

regarding a possible reduction in the number of named class representatives[2] and the disputes regarding discovery scheduling, monetary sanctions against Plaintiff Koizumi for failure to attend her noticed deposition are inappropriate.

**2.    The Suzukis Must Pay the Costs for Japanese-Language Interpreters**

The Suzukis contend that the Plaintiffs must bear the cost of Japanese-language interpreters because the Plaintiffs chose to file their action in the United States knowing substantial translations costs would be incurred.  The court disagrees and orders that the Suzukis pay for any interpreters needed for the depositions they noticed.

"A party who anticipates needing the services of an interpreter shall make arrangements therefore, at that party's expense, and file a written notice not later than fourteen (14) days prior to the proceeding in which the interpreter's services will be used."  LR 43-1.  The court has previously ordered that the party noticing a deposition will pay for any interpreters needed for the depositions they noticed. (Doc. #327).  The court finds no reason to deviate from its prior order.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Suzukis' Motion For Order Compelling Deposition and Interpreter Costs and for Sanctions (Doc. #322) is DENIED.

IT IS FURTHER ORDERED that the Suzukis will pay for any interpreters needed at the Plaintiffs' depositions which the Suzukis have already noticed.  In the future, the party noticing a deposition will pay for any interpreters needed for any deposition the party notices.

IT IS FURTHER ORDERED that the following Plaintiffs be deposed in Los Angeles, California before May 6, 2016:

---

[2] At the January 20, 2016 hearing, Plaintiffs' counsel informed the court that, if Plaintiffs and Defendants stipulate to and the court permits Plaintiffs' amended complaint, Plaintiff Koizumi would no longer be a named class representative.

      1. Shige Takiguchi

      2. Tatsuro Sakai

      3. Hidenao Takama

IT IS SO ORDERED.

DATED this 20th day of January, 2016.

                                                                    _____

                                                                       CAM FERENBACH  
                                                                       UNITED STATES MAGISTRATE JUDGE