**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHIGE TAKIGUCHI; *et. al.*,

        Plaintiffs,

vs.

MRI INTERNATIONAL, INC.; *et. al.*,

        Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (DOC. #344)

      This matter involves the Plaintiffs' securities litigation against Defendants Junzo Suzuki and Paul Musashi Suzuki (here after "the Suzukis").  Before the court are Plaintiff's Motion to Compel Further Responses to Requests For Production of Documents (Doc. #344), the Suzukis' response, (Doc. #356) and the Plaintiffs' reply.  (Doc. #368).  For the reasons state below, the Plaintiffs' motion is granted in part and denied in part.

**I. BACKGROUND**

      The instant discovery dispute arises from Plaintiffs' requests for production of documents.  At issue are three sets of requests for production of documents.  In response to each set of requests, the Suzukis' asserted a number of objections and withheld responsive documents.  Plaintiffs now move to compel further responses to their requests for production.

      Plaintiffs move to compel responses to their: (1) first set of requests for production[1], (2) second set of requests for production[2], and (3) third set of requests for production.[3]

---

[1] Plaintiffs' First Set of Requests for Production consists of eleven requests for production.
[2] Plaintiffs' Second Set of Requests for Production consists of one request for production.
[3] Plaintiffs' Third Set of Requests for Production consists of twelve requests for production.  Plaintiffs subsequently withdrew two requests for production from the third set, leaving ten requests for production as the subject of the instant motion.

1

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "This motion may be made if … a party fails to produce documents or fails to respond that an inspection will be permitted — or fails to permit inspection — as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv).

"A party may serve on any other party a request within the scope of Rule 26(b): to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, control: any designated documents or electronically stored information." FED. R. CIV. P. 34(a)(1)(A). A party may object to a request for production and withhold responsive documents on the basis of his objection. FED. R. CIV. P. 34(b)(2)(C).

"[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'" *EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D. Nev. Sept. 11, 2013) (internal citations omitted). "[B]oilerplate objections such as 'overly burdensome and harassing' are improper." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

"[B]oilerplate objections or blanket refusals inserted in a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. United States District for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005). The court

undertakes a holistic reasonable analysis to determine whether a privilege was validly asserted. *Id.* "[P]roviding particulars typically contained in a privilege log is presumptively sufficient [to assert a privilege] and boilerplate objections are presumptively insufficient." *Id.*

"The responding party must then make a reasonable inquiry to determine whether responsive documents exist." *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, Case No. 2:12-cv-1324-JAD-NJK, 2014 WL 910350 at* 2 (D. Nev. March 7, 2014). "A reasonable inquiry requires, 'at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party].'" *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

If the responding party asserts that the requested documents do not exist, the "[responding] party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Vistana*, 2014 WL 910350 at* 2. "Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive document." *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

### III. DISCUSSION

The parties present one issue: whether the Suzukis may withhold documents responsive to Plaintiffs' requests for production (hereafter "RFPs") based on a valid objection.

1. <u>The Suzukis May Withhold Some Responsive Documents, But Must Produce Other Responsive Documents</u>

The Suzukis object to Plaintiffs' RFPs on various grounds. Each objection is discussed below.

   a. *Vague and Ambiguous Objections*

The Suzukis object to all three sets of RFPs on the grounds that the RFPs are vague and ambiguous. Plaintiffs' RFPs are neither vague nor ambiguous; when read, in the context of the

3

Plaintiffs' claims, the RFPS allow the Suzukis to determine which documents are responsive to Plaintiffs' RFPs. The Suzukis' vague and ambiguous objections are overruled.

        b.     *Time and Location of Production Objections*

"The party to whom the request is directed must respond in writing within 30 days after being served." FED. R. CIV. P. 34(a)(2)(A). "A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 34(a)(2)(A).

The Suzukis' object to Plaintiffs' First and Second Set of RFPs on the grounds that the time and location to produce documents is unreasonable. Plaintiffs' First and Second Sets of RFPs direct the Suzukis to respond within 30 days of service and to produce the requested documents at the Law Office of Robert W. Cohen in Los Angeles, California. The 30-day response deadline is reasonable given that Plaintiffs' deadline mirrors Rule 34's response deadline and the parties have not stipulated to a longer time to respond. It is reasonable to expect the Suzukis to ship responsive documents to Los Angeles, given that Plaintiffs are represented by Los Angeles counsel. The Suzukis' objections that the time and location to produce responsive documents is unreasonable is overruled.

        c.     *Responsive Documents Not in the Suzukis' Possession, Custody, or Control*

If a party objects on the grounds that responsive documents are not in the party's possession, custody, or control, then the objecting party must describe with sufficient specificity the efforts made to locate responsive documents. *Vistana*, 2014 WL 910350 at* 2. "[A] party is deemed to be in possession, custody, or control if it has actual possession, custody or control of the documents, or has the legal right to obtain the documents on demand." *Kristensen v. Credit Payment Servs. Inc.*, Case No. 2:12-cv-528, 2014 WL 6675748 at* 6 (D. Nev. Nov. 25, 2014).

The Suzukis object to Plaintiffs' First and Second Set of RFPs on the ground that the responsive documents are not in the Suzukis' possession, custody, or control. The Suzukis assert they have control

over certain responsive documents in their capacity as MRI representative and will produce those responsive documents with MRI's approval.  The Suzukis fail to explain why they have not sought MRI approval or why MRI has not approved the production of responsive documents.[4]  The Suzukis objection that responsive documents are not in their possession, custody, or control is overruled.  The Suzukis must produce all responsive documents or explain why MRI has not approved their production.  The Suzukis are excused from producing any responsive documents seized by the Japanese government, unless they have in their possession, custody, or control copies of these documents.

        d.    *Responsive Documents Subject to Attorney-Client Privilege, Joint-Defense Privilege, or Work-Product Protection*

The Suzukis object to Plaintiffs' Third Set of RFPs on the grounds that responsive documents violate: (1) the attorney-client privilege, (2) the joint-defense privilege, and (3) the work-product protection.[5]  The Suzukis failed to produce a privilege log, thus the court is unable to ascertan whether the Suzukis validly asserted the privileges or the protection.  The Suzukis' objections based on the attorney-client privilege, joint-defense privilege, and work-product protection are overruled.  The Suzukis must produce responsive documents or submit a privilege log that contains sufficient detail to allow the court to ascertain the Suzukis' claims of privilege and protection.

/// /// ///

/// /// ///

---

[4] The Suzukis offer a partial explanation for the absence of responsive documents; the Japanese government seized many responsive documents pursuant to an investigation of MRI.  The Japanese government's seizure of many responsive document, does not necessarily mean that the Suzukis are on longer in possession of any responsive documents.

[5] The attorney-client privilege belongs to the attorney's client. *Exobox Tech. Corp. v. Tsambis*, Case No. 2:14-cv-501-RFB-VCF, 2014 WL 4987903 at* 5 (D. Nev. Oct. 7, 2014).  A third party may not invoke another's attorney-client privilege in order to avoid disclosure of information. *Id.*  The Suzukis state that "MRI may assert attorney-client privilege" over certain documents responsive to Plaintiffs' First Set of RFPs.  If the Suzukis' objection is an assertion of MRI's attorney-client privilege, the objection is improper.  If the Suzukis' objection is a speculation on MRI's future actions, such speculation is also an improper objection.

    e. *Responsive Documents are Confidential*

"Confidentiality in and of itself is not a legitimate grounds of objection." *Collins v. NDOC*, Case No. 313-CV-00255-RCJ-WGC, 2014 WL 4656232, at* 3 (D. Nev. Sept. 17, 2014). "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.* The Suzukis object to Plaintiffs' Second and Third Sets of RFPs on the grounds that responsive documents contain sensitive and confidential financial information. It is unlikely that all documents responsive to Plaintiffs' RFPs contain confidential information and the Suzukis fail to demonstrate that their concerns cannot be addressed by the production of redacted versions of responsive documents or entry of a confidentiality order. The Suzukis' confidentiality objections are overruled, but the Suzukis may produce redacted versions of responsive documents.

    f. *The Suzukis' Assertion of Their Fifth Amendment Privilege Against Self-Incrimination*

"No person … shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. "A claim of Fifth Amendment privilege may be asserted if there are 'substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial.'" *United States v. Bright*, 596 F.3d 683, 690 (9th Cir. 2010) (citing *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996)). "The privilege is not limited to oral questioning; an individual may refuse to provide documents to an investigative body if the act of production would be testimonial." *Id.* "[L]ower courts have repeatedly held that the privilege against self-incrimination justified a person in

refusing to respond to [civil discovery]." *Schemkes v. Presidential Limousine*, Case No. 2:09-cv-1100-GMN-PAL, 2011 WL 691240 at* 2 (D. Nev. Feb. 18, 2011).

The Suzukis must submit a privilege log, describing how documents responsive to Plaintiffs' RFPs will incriminate them, to the court for *in camera* review.  The court recognizes that there is substantial overlap between the instant action and the Suzukis' concurrent criminal proceeding.  (Doc. #304).   The Suzukis' assert a Fifth Amendment privilege for nearly every responsive document requested by Plaintiffs' First and Third Sets of RFPs and it is likely that responsive documents are central to Plaintiffs' claims against the Suzukis.  The court, however, previously declined to stay discovery in the instant action, despite the concurrent criminal proceedings and the Suzukis' general Fifth Amendment concerns.  (Doc. #304).

The Suzukis contend that the court is able to ascertain the validity of their Fifth Amendment claim through a review of Plaintiffs' request in order to determine if responsive documents could incriminate the Suzukis.[6]  After reviewing Plaintiffs' RFPs, the court is unable to determine whether all documents responsive to Plaintiffs' RFPs could incriminate the Suzukis; Plaintiffs' RFPs are no different than the standard document requests served in the course of civil litigation.  Without a description of the documents, there is no way to ascertain whether the Suzukis' validly asserted their Fifth Amendment privilege.   The Suzukis are ordered to submit a privilege log, which describes each document that the Suzukis claim if privilege, to the court for *in camera* review.

ACCORDINGLY, and for good cause shown,

---

[6] The Suzukis rely on assertions of the Fifth Amendment privilege in response to oral questioning, to argue that the only procedure that court use to ascertain the validity of the asserted privilege, is to examine the questions asked. *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951).  The Suzukis' reliance is misplaced.  The submission of a privilege log for *in camera* inspection is an appropriate procedure, when the Fifth Amendment privilege is asserted regarding written documents. *Bright*, 596 F.3d at 692.

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel (Doc. #344) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Suzukis' objections to Plaintiffs' Second Set of RFPs are OVERRULED.  On or before March 10, 2016, the Suzukis must produce responsive documents or submit declarations that explain their efforts to search for responsive documents.  The Suzukis may redact responsive documents to protect confidential financial information.

IT IS FURTHER ORDERED that the Suzukis' Fifth Amendment objections to Plaintiffs' First and Third Sets of RFPs are temporarily SUSTAINED.  On or before March 10, 2016, the Suzukis must submit a privilege log, which describes how responsive documents will incriminate them, to the court for *in camera* review.  The Suzukis may withhold responsive documents until the court rules on the validity of their Fifth Amendment privilege assertions.

IT IS SO ORDERED.

DATED this 12th day of February, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE