**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHIGE TAKIGUCHI; *et. al.*,

    Plaintiffs,

vs.

MRI INTERNATIONAL, INC.; *et. al.*,

    Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (DOC. #352)

    This matter involves the Plaintiffs' civil action against Defendants Junzo Suzuki, Paul Musashi Suzuki (here after "the Suzukis"), and other Defendants. Before the court are Plaintiff's Motion to Compel Further Responses to Interrogatories (Doc. #352), the Suzukis' response, (Doc. #370) and the Plaintiffs' reply. (Doc. #375). For the reasons state below, the Plaintiffs' motion is granted in part and denied in part.

**I. Background**

    In July 2013, the Plaintiffs sued the Suzukis, as well as other Defendants, for harm suffered as a result of Defendants' Ponzi scheme. (Doc. #1). As part of discovery, the Plaintiffs served the Suzukis with two sets of interrogatories. (Doc. #352). Plaintiffs' First Set of Interrogatories consists of nine separate questions. The Suzukis objected to, and failed to respond to, all nine questions in Plaintiffs' First Set of Interrogatories. (Doc. #352). Plaintiffs' Second Set of Interrogatories consists of four separate questions. As to the Second Set of Interrogatories, the Suzukis raised a number of objections to each question, but provided a substantive response to each question. (*Id.*).

    The Plaintiffs' now move to compel the Suzukis to provide further responses to Plaintiffs' First and Second Sets of Interrogatories.

## II. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "The motion may be made if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(ii),(iv). "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'" *EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D. Nev. Sept. 11, 2013).

## III. Discussion

The parties present one issue: whether the Suzukis may refuse to answer the Plaintiffs' interrogatories based on a valid objections.

1. <u>The Suzukis Must Provide Responses to Plaintiffs' First Set of Interrogatories</u>

      i.    *Vague and Ambiguous Objections*

The Suzukis' vague and ambiguous objections to Interrogatories 1, 2, 7, 10, 11, 12, and 13 are overruled. The definitions of the objected to terms may be deduced by (1) reference to the context of the question or (2) by applying the commonly understood definition to the objected to term.

/// /// ///

### ii. *Compound Objections*

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). "[S]ubparts of an interrogatory are to be counted as part of one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Phillips v. Clark Cty. Sch. Dist.*, Case No. 2:10-CV-02068-GMN-GWF, 2012 WL 135705, at* 6 (D. Nev. Jan. 18, 2012).

The "test to determine whether subparts are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. If the question in the subpart can be answered independently of the 'primary' question, then it should be treated as a separate interrogatory." *Id.*

The Suzukis' compound objections to Interrogatories 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, and 13 are overruled. The objected to interrogatories all concern the Suzukis' financial information and business dealings during the time of the Ponzi scheme. (Doc. #352). To the extent the objected to interrogatories contain identifiable subparts, responses to these subparts require the use of information necessary to answer the primary question. Under the *Phillips* test, the subparts to the objected to interrogatories are not counted as separate interrogatories for the purposes of Rule 33's twenty five interrogatory limit.

### iii. *Confidentiality Objections*

"Confidentiality in and of itself is not a legitimate grounds of objection." *Collins v. NDOC*, Case No. 3:13-CV-00255-RCJ-WGC, 2014 WL 4656232, at* 3 (D. Nev. Sept. 17, 2014). "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.*

The Suzukis' confidentiality objections to Plaintiffs' first set of interrogatories are overruled. The Suzukis fail to explain why their confidentiality concerns may not be resolved by redaction of individual identification information and other sensitive material.

    iv. *Fifth Amendment Objections*

"[A] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.'" *Keating v. Office of Thrift Supervision*, 45 F.2d 322, 326 (9th Cir. 1995). "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in civil proceedings." *Id.*; *see also S.E.C. v. Luna*, Case No. 2:10-cv-2166-PMP-CWH, 2014 WL 794202 at* 11-12 (D. Nev. Feb. 26, 2014).

The Suzukis' Fifth Amendment objections to Plaintiffs' second set of interrogatories are sustained. It is likely that any substantive responses to the questions posed in Plaintiffs' second set of interrogatories will incriminate the Suzukis given that the Plaintiffs' questions focus on the Suzukis' involvement with the subject Ponzi scheme. The Suzukis chose to invoke their Fifth Amendment rights in response to Plaintiffs' discovery requests. The Plaintiffs' need for information cannot override the Suzukis' Fifth Amendment rights and compel responses which would incriminate the Suzukis. *See Keating*, 45 F.2d at 326. At the appropriate time, the Plaintiffs may move the court to drawn an adverse inference based on the Suzukis' invocation of their Fifth Amendment rights regarding Plaintiffs' second set of interrogatories. *See id.*

2. <u>The Suzukis' Fifth Amendment Objections to Plaintiffs' Requests for Production are Sustained</u>

The Plaintiffs previously moved to compel production of documents responsive to Plaintiffs' first, second, and third sets of requests for production. (Doc. #344). This court temporality sustained

the Suzukis' Fifth Amendment objections based on the Suzukis' representation that documents responsive to Plaintiffs' requests for production would incriminate them. (Doc. #373). This court also ordered the Suzukis to submit, for *in camera* inspection, a privilege log describing the responsive documents for which the Suzukis claimed Fifth Amendment protection. (*Id.*).

Pursuant to this court's February 16, 2016 order, the Suzukis' submitted a privilege log that described each document for which the Suzukis' claim Fifth Amendment protection. (*Id.*). The Suzukis' privilege log contains approximately fifteen hundred entries and describes various financial documents, communications between the Suzukis and their codefendants, and communications between the Suzukis and third parties. Given the nature of the parallel criminal proceedings against the Suzukis, it appears that the responsive documents described in the Suzukis' privilege log would incriminate the Suzukis, if responsive documents were produced.[1] Accordingly, this court's February 16 order is supplemented as follows: (1) Suzukis' Fifth Amendment objections to the Plaintiffs' requests for production are sustained, (2) the Suzukis are not required to produce documents for which they have asserted their Fifth Amendment privilege, and (3) at the appropriate time, the Plaintiffs' may move the court to drawn an adverse inference from the Suzukis' invocation of their Fifth Amendment rights.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Plaintiffs' motion to compel further responses to interrogatories (Doc. #352) is GRANTED in part and DENIED in part.

---

[1] Each request in Plaintiffs' first, second, and third requests for production seeks documents regarding the Suzukis involvement in the Ponzi scheme or seeks documents regarding the financial benefit the Suzukis are alleged to have derived from the Ponzi scheme. (Doc #345).

IT IS FURTHER ORDERED that the Suzukis' objections to Plaintiffs' First Set of Interrogatories are OVERRULED. On or before May 11, 2016, the Suzukis must serve the Plaintiffs with amended responses to Plaintiffs' First Set of Interrogatories.

IT IS FURTHER ORDERED that the Suzukis' Fifth Amendment objections to Plaintiffs' Second Set of Interrogatories are SUSTAINED. The Suzukis are not required to answer any interrogatory for which they have asserted their Fifth Amendment rights. At the appropriate time, the Plaintiffs may move the court to draw an adverse inference from the Suzukis invocation of their Fifth Amendment rights in response to Plaintiffs' interrogatories.

IT IS FURTHER ORDERED that the court's February 16 order (Doc. #373) is supplemented as follows:

1. The Suzukis' Fifth Amendment objections to the Plaintiffs' requests for production are SUSTAINED. The Suzukis are not required to produce documents for which they have asserted their Fifth Amendment privilege.

2. At the appropriate time, the Plaintiffs' may move the court to drawn an adverse inference from the Suzukis' invocation of their Fifth Amendment rights in response to Plaintiffs' requests for production.

IT IS SO ORDERED.

DATED this 11th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE