**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHIGE TAKIGUCHI; *et.al.*,

        Plaintiffs,

vs.

MRI INTERNATIONAL; *et.al.*,

        Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

MOTION TO COMPEL (ECF NO. 445)

    Before the court are the Plaintiffs' motion to compel (ECF No. 445), the Suzukis's response (ECF No. 452), and the Plaintiffs' reply (ECF No. 453). For the reasons stated below, the Plaintiffs' motion is denied.

I. Discussion

1.    <u>Paul Suzuki Did Not Waive His Fifth Amendment Objections</u>

    "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." FED. R. CIV. 33(b)(2). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

    "A party who has … responded to an interrogatory … must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." FED. R. CIV. P. 26(e)(1)(A).

On December 29, 2014, the Plaintiffs served their first set of interrogatories on the Suzukis. (ECF No. 445-1)  This set consisted of nine numbered interrogatories that asked about the extent and location of Suzuki's assets.  On February 2, 2015, Paul Suzuki served his initial responses to Plaintiffs' first set of interrogatories.  (ECF No. 445-3)  Suzuki did not provide substantive answers; instead he believed that he was not required to provide a substantive answer because discovery had been stayed under the Private Securities Litigation Reform Act (PSLRA).  (*Id.*)  On July 8, 2015 Paul Suzuki, along with two co-defendants, was indicted by a federal grand jury.  On May 26, 2016, Paul Suzuki served his amended responses to Plaintiffs' first set of interrogatories.  (ECF No. 445-6)

For the first time in his amended responses, Paul Suzuki asserted Fifth Amendment objections to Plaintiffs' first set of interrogatories.  (*Id.*)  Plaintiffs contend that Paul Suzuki's approximately 17-month delay in supplementing his interrogatory responses amounts to a waiver of his Fifth Amendment objections.  This court disagrees.

As early as July 13, 2015, eight days after they had been indicted, the Suzukis moved to stay this action pending the resolution of their criminal prosecution.  (ECF No. 283)  In their motion, the Suzukis argued that "they will necessarily be compelled to invoke their Fifth Amendment rights in responding to discovery or risk substantially prejudicing their ability to defend themselves in the criminal case."  (*Id.*)  Although the court denied the Suzukis' motion to stay, it acknowledged that discovery was in its early stages and that "Fifth Amendment implications are still present in this case."  (ECF No. 304)

Rule 26(e) requires that Paul Suzuki supplement his interrogatory responses unless "the additional or corrective information has not otherwise been made known to the other parties during the discovery process."  Since the Suzukis moved to stay this action in July 2015, the Plaintiffs have been aware that there existed a high likelihood that the Suzukis would raise Fifth Amendment discovery objections.  Plaintiffs should not have been surprised when Paul Suzuki raised Fifth Amendment

2

objections to the first set of interrogatories.  The Plaintiffs' awareness of the Suzukis' intent to raise Fifth Amendment objections relieved them of their obligation to supplement under Rule 26(e), and constitutes good cause for Paul Suzuki's tardy objections under Rule 33.

2.      Paul Suzuki's Fifth Amendment Objections Are Sustained

Plaintiffs' first set of interrogatories ask about the nature and extent of Paul Suzuki's assets. (ECF No. 445-6)  For example, Interrogatory No. 1 asks "[l]ist all income you received during the past 24 months in any jurisdiction, its source, the basis for its computation, and the total amount received from each."  (*Id.*)

In response to each interrogatory in Plaintiffs' first set of interrogatories, Paul Suzuki "object[ed] to this interrogatory based on his Fifth Amendment right against compulsory self-incrimination."  (ECF No. 445-6).  "[T]he Fifth Amendment's protections against self-incrimination can be asserted in any proceeding, be it civil, criminal, administrative, judicial, investigative or adjudicatory."  *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).  "[I]n the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner."  *Id.*  The privilege against self-incrimination "covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence."  *Id.*

Information responsive to Plaintiffs' interrogatories could lead to evidence that would incriminate Paul Suzuki.  Paul Suzuki allegedly helped run a trans-Pacific Ponzi scheme that defrauded thousands of elderly Japanese citizens.  Paul Suzuki has been charged, along with two co-defendants, with numerous counts of mail and wire fraud.  Information about the extent of Paul Suzuki's assets, their source, and how those assets are being held could potentially lead to evidence of Paul Suzuki's

involvement with the alleged Ponzi scheme. *Id.* His Fifth Amendment objections to Interrogatories No. 1 through 9 are sustained.

3.    <u>Junzo Suzuki's Answer to Interrogatory No. 1 is Adequate</u>

On May 18, 2016, in response to Plaintiffs' Interrogatory No. 1, "[l]ist all income you received during the past 2 months in any jurisdiction, its source, the basis for its computation, and the total amount received from each," Junzo Suzuki listed two 2015 refunds and two 2015 tax returns. (ECF No. 445-4). The Plaintiffs contend that Junzo Suzuki should have disclosed income from December 2012 i.e. from the 24 months preceding the service of the interrogatories in December 2014. (ECF No. 445) Junzo Suzuki argues that his response was adequate. If the Plaintiffs wanted to know about his income from December 2012 onwards, they should have served a more specific interrogatory.

In Interrogatory No. 5, the Plaintiffs asked about Junzo Suzuki's real property holdings from "July 2008 to the present." (ECF No. 445-6) The Plaintiffs chose to frame Interrogatory No. 1 for a set number of months rather than a set time period. They cannot now assert a new meaning for Interrogatory No. 1's time span when the original request unambiguously asked for information about the preceding 24 months.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Plaintiffs' motion to compel (ECF No. 445) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4