**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHIGE TAKIGUCHI; *et.al.*,

        Plaintiffs,

vs.

MRI INTERNATIONAL; *et.al.*,

        Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**REPORT AND RECOMMENDATION**

MOTION FOR RELEASE OF FUNDS (ECF NO. 447)

    Before the court are the Suzukis' motion for release of funds (ECF No. 447), the Plaintiffs' response (ECF No. 454), and the Suzukis' reply (ECF No. 460). For the reasons stated below, the Suzukis' motion should be granted in part and denied in part.

**I. Background**

    On September 18, 2014, the court entered a preliminary injunction freezing the Suzukis' assets. (ECF No. 183) The order provided a limited exception so that the Suzukis could pay "normal living expenses and legal fees." (*Id.*)

    On May 2, 2016, the Suzukis moved to modify the preliminary injunction. The asked to be allowed $90,000 per month to pay for legal fees. (ECF No. 424) They specified that $40,000 of the $90,000 would be allocated to legal fees associated with this action. (*Id.*) The court limited the Suzukis to $10,000 per month for "reasonable fees relating to this litigation only." (ECF No. 443) The court allowed the Suzukis to request funds for fees and expenses in excess of the $10,000 upon a showing of good cause. (*Id.*) The Suzukis now move for the release of approximately $71,206.29 for June 2016.

/// /// ///

/// /// ///

**II. Discussion**

1. <u>Zaccaro Morgan's[1] Fee Request Should be Granted in part and Denied in part</u>

In April 2016, the court granted the Suzukis' motion to compel the Plaintiffs to take their deposition at the U.S. Embassy in Japan. (ECF No. 412) The Suzukis currently reside in Japan and objected to a prior court order that directed them to travel to Las Vegas, NV for their depositions. (*Id.*)

In June 2016, counsel for both parties traveled to Japan for the Suzukis' deposition. (ECF No. 447) At the conclusion of their depositions, the Suzukis filed this motion for the release of additional funds. Zaccaro Morgan claims $47,290.44 in legal fees and expenses for June 2016. (ECF No. 448-1) Nicolas Morgan, Kyle Jones, and Peter Brejcha billed $37,002.50 in attorneys' fees. (*Id.*) The remaining $10,287.94 represents various litigation expenses incurred by the firm. (*Id.*) In support of their motion for additional funds, the Suzukis submitted a Zaccaro Morgan billing invoice for June 2016. (*Id.*)

    a. *Fees*

Zaccaro Morgan billed the Suzukis $37,002.50 in attorneys' fees for June 2016. (ECF No. 448-1) Two entries of are worth noting. Morgan's entry for June 27, 2016 reads, "[t]ravel to and prepare for J. Suzuki and P. Suzuki depositions. His June 30 entry reads, "Defend P. Suzuki deposition; travel from P. Suzuki deposition and analyze key deposition exhibits." (*Id.*) These entries imply that Morgan billed for travel time. Indeed the Suzukis do not dispute the Plaintiffs' contention that Morgan billed for his travel time. (ECF No. 460 at 3-4)

"The Ninth Circuit has established that travel time and clerical tasks are reasonably compensated at normal hourly rates if such is the custom in the relevant legal market." *Comcast of Ill., LLC v. Jung*

---

[1] Effective July 11, 2016, Zaccaro Morgan joined Paul Hastings LLP. (ECF No. 447) Because concerns fees incurred while defense counsel was still known as Zaccaro Morgan, this motion will refer to defense counsel as Zaccaro Morgan.

*Kwak*, No. 03-962-DAE-PAL, 2010 WL 3781768 at* 6-7 (D.Nev. Sept. 17, 2010). "Additionally the Ninth Circuit has held that while generally the relevant community is the forum in which the district court sits, rates outside the forum may be used if 'local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Id.* (internal citations omitted)

The Suzukis have not shown that it is customary in Nevada to compensate for travel time. Without this showing, the Suzukis cannot recover fees Morgan billed for travel time. *See id.*; *see also Crew-Jones v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv-203-GMN-RJJ, 2012 WL 1947967 at* 2 (D.Nev. May 30, 2012) ("The court will not grant attorney's fees for travel time"). Rather than attempt to decipher what time was billed for travel and what time was billed for preparation, the court should deny the entire $14,690 described in both entries.

The Plaintiffs also argue that two other entries related to the "reply in support of fee schedule" should be disallowed. (ECF No. 454) They contend that these entries do not fall within the legal fees exception to the court's asset freeze order. (*Id.*) This court disagrees.

These entries describe work performed on the Suzukis "[r]eply in support of their schedule of anticipated monthly costs and fees" (ECF No. 441). While this motion and the accompanying reply did not relate directly to any of the Suzukis defenses, they were related to this litigation. (ECF No. 443) The court's asset freeze order does not distinguish between funds used to pay for dispositive motions, discovery motions, and ancillary motions. (*Id.*) It simply states that the Suzukis may obtain funds from their frozen assets to pay attorney's fees "relating to this litigation only." (*Id.*) The reply in support of the fee schedule motion does relate to this litigation. The Suzukis should be allowed to recover these fees.

/// /// ///

3

b.   *Expenses*

The Plaintiffs also oppose defense counsel's travel expenses. According to Zaccaro Morgan' invoice, attorney Nick Morgan incurred $5,711.10 in costs directly related to traveling to Japan. (ECF No 448-1) These expenses include: (1) air travel on United Airlines; (2) two separate stays at a Courtyard Marriott in Tokyo; and (3) FedEx bills for shipping deposition material to Japan. (*Id.*) Plaintiffs argue that the Suzukis, by refusing to be deposed in the United States, caused their attorney to incur the additional travel expenses. The Plaintiffs urge the court not to deduct the travel expenses from the assets the court has frozen and set aside for any potential recovery by the Plaintiffs. (ECF No. 454)

Having a temporary injunction granted does not have the same effect as a final judgment. The court has acknowledged that there is a substantial likelihood that the Plaintiffs will prevail, but their success is not guaranteed. Until the Plaintiffs obtain a final judgment, the Suzukis may obtain funds pursuant to the living expenses and legal fees exception to the court's asset freeze order. (ECF No. 443) The Suzukis should be allowed $10,287.94 in expenses for June 2016.

2.   Damon Key's Fee Request Should be Denied

Damon Key, the Suzukis Hawaii law firm, billed the Suzukis $23,615.85 in fees and expenses in June 2016. These charges were related to work performed by the firm in response to a subpoena to produce documents. (ECF No. 447)

The firm is not counsel of record for the Suzukis in this action and does not appear to be directly involved in the Suzukis defense. (ECF No. 454) The Suzukis also do not dispute that the firm holds approximately $700,000 of the Suzukis' assets. (ECF No. 460) The Suzukis have not explained why a law firm, who is not counsel of record, should be compensated for responding to discovery. They also have not explained why they cannot pay Damon Key from the funds the firm is allegedly holding on

their behalf.  Since the Suzukis have not provided any authority to support their position that Damon Key should be compensated from frozen assets, their request for these funds should be denied.

3.      McDonald Carano's Fee Request Should be Granted

McDonald Carano, the Suzukis' local counsel, billed the Suzukis $300 for June 2016.  The Plaintiffs contend this billing was unnecessary since the Suzukis already had other counsel working on their case.  (ECF No. 447)  The Plaintiffs' argument is unpersuasive.  It was reasonable for McDonald Carano to bill for reviewing a status report.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that the Suzukis' motion for release of funds (ECF No. 447) should be granted in part and denied in part.

IT IS FURTHER RECOMMENDED that the court release $32,600.44 for legal fees and expenses billed by Zaccaro Morgan.

IT IS FURTHER RECOMMENDED that the court release $300 for legal fees and expenses billed by McDonald Carano.

IT IS FURTHER RECOMMENDED that any fee request related to work performed by Damon Key should be DENIED.

IT IS SO ORDERED.

DATED this 30th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE