JEFFREY A. SILVESTRI (Nevada Bar No. 5779)
jsilvestri@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
2300 West Sahara Ave., Suite 1200
Las Vegas, Nevada 89102
Telephone:  (702) 873-4100
Facsimile:  (702) 873-9966

PAUL J. GEORGESON (Nevada Bar No. 5322)
pgeorgeson@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89505
Telephone:  (775) 788-2000
Facsimile:  (775) 788-2020

NICOLAS MORGAN (*admitted pro hac vice*)
nicolasmorgan@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and on Behalf of All Others Similarity Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., d/b/a STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | CASE NO. 2:13-CV-01183-GMN-VCF<br><br>**DEFENDANTS JUNZO SUZUKI'S AND PAUL SUZUKI'S NOTICE OF APPLICATION AND APPLICATION FOR APPROVAL OF JULY 2016 LEGAL FEES AND EXPENSES** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Junzo Suzuki and Paul Musashi Suzuki hereby apply to this Court for an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction in this action, to transfer to defendants' counsel the sum of $25,672.70, which constitutes the balance due for work that the firms performed on this matter in July 2016.   Good cause exists for the payment of attorney's fees in excess of the $10,000 monthly limit imposed by the Court on June 30, 2016 because the majority of the balance due was expended in connection with defendants' opposing plaintiffs' motion to compel discovery responses, reviewing deposition transcripts of depositions that plaintiffs noticed, and responding to discovery requests propounded by plaintiffs.  But for the motion, depositions, and discovery, all of which were served by plaintiffs, defendants would not have exceeded the Court's $10,000 monthly limit.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Nicolas Morgan, and the exhibits thereto, and the documents on file in this action.

DATED:  September 6, 2016                                Respectfully submitted,

NICOLAS MORGAN
PAUL HASTINGS LLP


By: /s/ Nicolas Morgan
                    NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI
SUZUKI

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3          Defendants Junzo Suzuki and Paul Musashi Suzuki file this Application to obtain

4    approval from the Court for the payment of legal fees incurred in connection with this action.

5          On June 30, 2016, the Court issued an order permitting defendants to "pay up to $10,000

6    per month for attorney's fees relating to this litigation only" ("Fee Order").  Dkt. No. 443, at 2.

7    The Fee Order required defendants to file monthly accountings with the court detailing any such

8    expenditures.  *See id.*  The Fee Order also prohibited defendants from expending any funds in

9    excess of this $10,000 limit "without prior authorization of the court."  *Id.*  But the Court

10   expressed its willingness to approve legal fee expenditures in excess of $10,000 a month upon a

11   showing of good cause.  *See* Dkt. No. 443, at 2.

12         In July 2016, Paul Hastings, counsel for defendants, incurred $25,370 in fees related to

13   this action.  Approximately $15,910 of the fees (or 63%) related to successfully opposing

14   plaintiffs' motion to compel discovery responses, and reviewing transcripts from depositions

15   noticed by plaintiffs for confidential material.  The remaining $9,460 in fees was expended in

16   connection with preparing and reviewing the June 2016 fee application, corresponding with

17   criminal defense counsel, and corresponding with a third party regarding document production

18   issues in response to plaintiffs' subpoena.  Moreover, defendants' local Nevada counsel incurred

19   $302.70 in fees and expenses in July 2016 for reviewing related documents filed and or served in

20   this matter.[1]

21         But for the motion to compel discovery responses and review for confidential material,

22   defendants' fees for July 2016 would not have exceeded the $10,000 limit imposed by the Court.

23   And if Defendants had stayed within the $10,000 limit, there would have been no need to prepare

24   this fee application.  Accordingly, good cause exists for the Court to approve the expenditure of

25   frozen funds to pay the July 2016 invoices for defendants' counsel in the amount of $25,672.70.

26   ---

[1] In light of the Magistrate Judge's recommendation concerning defendants' June 2016 fee
27   application (Dkt. No. 463), defendants are not seeking at this time the payment of fees incurred in
     July 2016 by the law firm of Damon Key Leong Kupchak Hastert.  Defendants, however, reserve
28   the right to seek appropriate relief after the Court determines whether it will adopt the Magistrate
     Judge's recommendation.

DEFENDANTS' APPLICATION FOR
                                                                    APPROVAL OF FEES AND EXPENSES

1    **II.      DEFENDANTS' LEGAL FEES AND EXPENSES INCURRED IN JULY 2016**

2              In July 2016, attorneys from Paul Hastings incurred fees totaling $25,370.  *See*

3    Declaration of Nicolas Morgan ("Morgan Decl."), ¶ 2 and Ex. A.  Paul Hastings spent a majority

4    of its time performing tasks related to reviewing deposition testimony of Junzo and Paul Suzuki

5    for confidential information.  Plaintiffs took these depositions on June 29 and 30 respectively at

6    the United States Embassy in Tokyo, Japan.  Following these depositions, Plaintiffs expressed

7    their intention to include portions of the deposition transcripts that were marked confidential in

8    connection with future briefing.  Plaintiffs and Paul Hastings engaged in the required meet and

9    confer in an effort to resolve the issue.  As part of that meet and confer process, Paul Hastings

10   carefully reviewed each deposition transcript and their related exhibits to determine whether

11   portions of the transcript were confidential pursuant to the protective order entered in this case.

12   *See* Dkt. No. 335.  Paul Hastings spent approximately 21.4 hours on these tasks.  The bulk of this

13   work was done by Mr. Rotstein, whose hourly rate is discounted from $550 to $250 for this

14   matter.

15             In addition to the tasks related to the review of defendants' depositions, Paul Hastings also

16   spent approximately 17.5 hours opposing plaintiffs' motion to compel supplementary

17   interrogatory responses and performing related legal research.  *See* Dkt. No. 452.[2]  In all, Paul

18   Hastings expended 38.9 hours of time related to the defendants' depositions and opposing

19   plaintiffs' motion to compel, for a total of $15,910.  *See id.*, ¶ 3 and Ex. A.

20             Paul Hastings performed other work in July 2016 related to preparing and reviewing the

21   June 2016 application for approval of legal fees and expenses (Dkt. No. 447), which totaled

22   $8,420.[3]  *See* Morgan Decl., ¶ 4 and Ex. A.  In addition, Mr. Morgan performed additional

23   negligible tasks by analyzing an SEC order and corresponding with criminal defense counsel and

24   a third-party regarding, among other things, document production issues, which totaled 1.6 hours

25   and $1,040 in fees.  *See id.*  Moreover, defendants' local Nevada counsel incurred fees and

---

[2] The Court ultimately denied Plaintiffs' motion to compel.  *See* Dkt. No. 457.

[3] As discussed in Defendants' prior fee application (Dkt. No. 447), Defendants would not have exceeded the court's $10,000 monthly limit on fees but for the need to respond to Plaintiffs' litigation activity.  Had Defendants stayed within the $10,000 limit, they would not have needed to incur fees to prepare the July fee application.

1    expenses of $302.70 to review plaintiffs' motion to compel additional discovery responses,

2    deposition transcripts from depositions noticed by plaintiffs, and defendants' motion for release

3    of funds.  *See id.*, ¶ 8, Ex. B.

4         In July, Paul Hastings did not perform any work that proactively advanced its defense of

5    plaintiffs' claims.  *See* Morgan Decl., ¶ 5.  Nearly all of the work that Paul Hastings undertook in

6    July was in response to plaintiffs' activity.  But for that response, Paul Hastings would not have

7    exceeded the Court's $10,000 monthly limit.  At this stage of the action, defendants' legal fees at

8    any given moment continue to be largely dependent on plaintiffs' activity level in this litigation.

9    Because Paul Hastings has an ethical responsibility to represent defendants effectively, it must

10   respond and react to plaintiff's efforts, even if the amount of legal fees incurred, as it did for July,

11   exceeds the Court's $10,000 limit.

12        The fees incurred by Paul Hastings and local Nevada Counsel to defend the Suzukis in

13   this matter are consistent with the amount that defendants originally requested in its Schedule of

14   Anticipated Monthly Costs and Fees (Dkt. No. 439).   In response to the Court's May 3, 2016

15   Order (Dkt. No. 424), defendants filed their schedule and requested $40,000 monthly to pay legal

16   fees incurred in connection with this litigation.  *See* Dkt. No. 439, at 2.   Plaintiffs challenged this

17   amount as "beyond unreasonable."  Dkt. No. 440, at 4.  Nonetheless, they acknowledged that the

18   Suzukis have a "right to mount as vigorous a defense as they're able to do within their means."

19   *Id.*, at 5.  But plaintiffs, in opposing defendants' request, apparently failed to appreciate their

20   integral role in determining the size of defendants' monthly fees.  Indeed, the existence of a

21   monthly fee limit could incentivize a plaintiff to increase its litigation activity in an effort to

22   steamroll a defendant into running up legal costs, without regard to defendant's ability to pay.

23        As the July 2016 billing records indicate, defendants took great pains to operate within the

24   $10,000 budget imposed by the Court.  Nonetheless, plaintiffs, in pursuing their claims, required

25   defendants to incur additional, reasonable and necessary fees and expenses in connection with

26   tasks related to depositions, opposing plaintiff's motion to compel, and responding to plaintiffs'

27   subpoenas.  Defendants could not avoid the overage of $15,672.70 in fees and expenses incurred

28

1   in connection with the depositions, motion to compel, and third-party subpoena—affirmative acts

2   initiated by the plaintiffs.

3       Defendants have submitted detailed invoices and summaries that describe the nature of the

4   services rendered and the billing rate of the individual performing the task.  *See* Morgan Decl., ¶¶

5   2 and 8, Exs. A and B.  These invoices serve two purposes.  First, they constitute the monthly

6   accounting required in the Fee Order detailing the expenditure of the approved attorney's fees of

7   $10,000 per month.  *See* Dkt. No. 443, at 2.  Second, as to the additional $15,672.70 in fees and

8   expenses incurred in July 2016, the invoices provide the Court with the comprehensive billing

9   information that it will need to evaluate this request for additional legal fees and expenses.

10  **III.    DEFENDANTS' LEGAL FEES AND EXPENSES ARE REASONABLE**

11      Nicolas Morgan, now a partner at Paul Hastings, is the lead attorney representing

12  defendants in this action.  For this matter, he had discounted his standard Zaccaro Morgan hourly

13  rate of $795 to $650, and will honor this discounted rate through the conclusion of this action

14  even though his normal Paul Hastings hourly rate is $1,100.  *See* Morgan Decl., ¶ 6, Ex. A.

15  Moreover, Paul Hastings will honor Zaccaro Morgan's lower rates for each attorney staffed on

16  this matter.  Paul Georgeson, a partner at McDonald Carano Wilson, is serving as defendants'

17  local counsel in this matter.  Mr. Georgeson's billing rate is $400 per hour.  *See id.*, ¶ 8, Ex. B.

18  These rates are reasonable in light of the claims asserted and the fact that plaintiffs have brought a

19  class action.  *See id.*, ¶ 9.  Mr. Morgan strived to staff this matter as efficiently as possible, given

20  the level of skill and experience required for the various tasks undertaken by Paul Hastings.  *See*

21  Morgan Decl., ¶ 7.  Based on these factors, the fees and expenses incurred by Paul Hastings and

22  McDonald Carano Wilson in July 2016 were reasonable.

23  **IV.    CONCLUSION**

24      For the foregoing reasons, defendants respectfully request that the Court issue an order

25  directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction, to

26  transfer to (1) Paul Hastings the sum of $25,370, and (2) McDonald Carano Wilson the sum of

27  $302.70, which constitute the balance due for work that the firms performed on this matter in July

28  2016.

DATED:  September 6, 2016

Respectfully submitted,

NICOLAS MORGAN
PAUL HASTINGS LLP

By: /s/ Nicolas Morgan
                      NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI
SUZUKI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of September, 2016, I filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

- James Edwin Gibbons
  Email: jeg@manningllp.com

- James R. Olson
  Email: chartle@ocgas.com

- Mariko Taenaka
  Email: mt@robertwcohenlaw.com

- Robert W. Cohen
  Email: rwc@robertwcohenlaw.com

- Steven Jeff Renick
  Email: sjr@manningllp.com

- Jeffrey A. Silvestri
  Email: jsilvestri@mcdonaldcarano.com

- Paul J. Georgeson,
  Email: pgeorgeson@mcdonaldcarano.com

- Daniel L. Hitzke
  Email: daniel.hitzke@hitzkelaw.com

- Erick M. Ferran
  Email: Erick.ferran@hitzkelaw.com

- Robert A. Goldstein
  Email: rgoldstein@sklar-law.com

- Mark S. Dzarnoski
  Email: adangdiallo@gordonsilver.com

*/s/* Nicolas Morgan
Nicolas Morgan, CA State Bar No. 166441
(Admitted pro hac vice)