JEFFREY A. SILVESTRI (Nevada Bar No. 5779)
jsilvestri@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
2300 West Sahara Ave., Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966

PAUL J. GEORGESON (Nevada Bar No. 5322)
pgeorgeson@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89505
Telephone: (775) 788-2000
Facsimile: (775) 788-2020

NICOLAS MORGAN (*admitted pro hac vice*)
nicolasmorgan@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and on Behalf of All Others Similarity Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., d/b/a STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | CASE NO. 2:13-CV-01183-HDM-VCF<br><br>**DEFENDANTS JUNZO SUZUKI'S AND PAUL SUZUKI'S NOTICE OF APPLICATION AND APPLICATION FOR APPROVAL OF AUGUST 2016 LEGAL FEES AND EXPENSES** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Junzo Suzuki and Paul Musashi Suzuki hereby apply to this Court for an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction in this action, to transfer to defendants' counsel the sum of $39,742.89, which constitutes the balance due for work that the firms performed on this matter in August 2016.  Good cause exists for the payment of attorney's fees in excess of the $10,000 monthly limit imposed by the Court on June 30, 2016 because the majority of the balance due was expended in connection with defendants opposing plaintiffs' motion to compel supplemental interrogatory responses, opposing plaintiffs' motion for leave to amend the complaint, drafting the July 2016 fee application, replying to plaintiffs' opposition to defendants' June 2016 fee application, and preparing an application for fees related to preserving assets.  But for the plaintiffs' litigation activity, defendants would not have exceeded the Court's $10,000 monthly limit.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Nicolas Morgan, and the exhibits thereto, and the documents on file in this action.

DATED:  October 10, 2016                     Respectfully submitted,

NICOLAS MORGAN
PAUL HASTINGS LLP


By: /s/ Nicolas Morgan
                    NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Junzo Suzuki and Paul Musashi Suzuki file this Application to obtain approval from the Court for the payment of legal fees incurred in connection with this action.

On June 30, 2016, the Court issued an order permitting defendants to "pay up to $10,000 per month for attorney's fees relating to this litigation only" ("Fee Order"). Dkt. No. 443, at 2. The Fee Order required defendants to file monthly accountings with the court detailing any such expenditures. *See id.* The Fee Order also prohibited defendants from expending any funds in excess of this $10,000 limit "without prior authorization of the court." *Id.* But the Court expressed its willingness to approve legal fee expenditures in excess of $10,000 a month upon a showing of good cause. *See* Dkt. No. 443, at 2.

In August 2016, Paul Hastings, counsel for defendants, incurred $38,942.89 in fees and expenses related to this action. Approximately $19,352.50 of the fees (or 47%) related to successfully opposing plaintiffs' motion to compel supplemental interrogatory responses, and opposing plaintiffs' motion for leave to amend the complaint. Moreover, $19,485 (or 47%) in fees was expended in connection with preparing the July 2016 fee application, replying to plaintiffs' opposition to the June 2016 fee application, and preparing the application for fees related to preserving defendants' assets. The remaining $2,590 in fees related to corresponding with criminal defense counsel and the defendants regarding this litigation, and corresponding internally and with plaintiffs' counsel regarding confidential deposition designations. Moreover, defendants' local Nevada counsel incurred $800 in fees in August 2016 for reviewing related documents filed and or served in this matter.[1] To further limit fees, Paul Hastings provided a courtesy discount to defendants in the amount of $2,500.

But for the motion to compel supplemental discovery responses and the motion seeking leave to amend the complaint, defendants' fees for August 2016 would not have exceeded the

---

[1] In light of the Magistrate Judge's recommendation concerning defendants' June 2016 fee application (Dkt. No. 463), defendants are not seeking at this time the payment of fees incurred in August 2016 by the law firm of Damon Key Leong Kupchak Hastert. Defendants, however, reserve the right to seek appropriate relief after the Court determines whether it will adopt the Magistrate Judge's recommendation.

Case No. 2:13-CV-01183-HDM-VCF

DEFENDANTS' APPLICATION FOR APPROVAL OF FEES AND EXPENSES

$10,000 limit imposed by the Court.  As stated in Defendants' fee applications for June and July 2016, Defendants' activity also caused their counsel to exceed the $10,000 monthly limit.  Had Defendants stayed within the $10,000 limit in June and July, there would have been no need to incur costs associated with the preparation of the July 2016 fee application or the reply to plaintiffs' opposition to the June 2016 fee application.  Accordingly, good cause exists for the Court to approve the expenditure of frozen funds to pay the August 2016 invoices for defendants' counsel in the amount of $39,742.89.

## II.  DEFENDANTS' LEGAL FEES AND EXPENSES INCURRED IN AUGUST 2016

In August 2016, attorneys from Paul Hastings incurred fees totaling $38,942.89.  *See* Declaration of Nicolas Morgan ("Morgan Decl."), ¶ 2 and Ex. A.  Paul Hastings spent significant time opposing plaintiffs' motion to compel interrogatory responses (Dkt. No. 452) opposing plaintiffs' motion for leave to amend their complaint (Dkt. No. 461) and performing related legal research.  Plaintiffs sought to amend the complaint for a fifth time to add six new defendants nearly one full year after the deadline to do so had expired.  Paul Hastings spent approximately 41.3 hours on these tasks.   The bulk of this work was done by Mr. Brejcha, whose hourly rate is discounted from $875 to $450 for this matter.

In addition to opposing plaintiffs' motions, Paul Hastings also spent approximately 49.1 hours drafting the July 2016 Application for Legal Fees and Expenses, (Dkt. No. 447) drafting a reply in support of the June 2016 Application for Legal Fees and Expenses, (Dkt. No. 460), and preparing the Application for Fees related to Preserving Assets.  In all, Paul Hastings expended 80.4 hours of time on these tasks, for a total of $38,837.50.  *See* Morgan Decl., ¶ 3, and Ex. A.

Paul Hastings performed other work in July 2016 including corresponding with criminal defense counsel and the defendants regarding the pending litigation, and corresponding internally and with plaintiffs' counsel concerning confidential deposition designations.  This additional work totaled $2,590.  *See* Morgan Decl., ¶ 4 and Ex. A.  In an effort to reduce their legal fees and expenses, Paul Hastings discounted their total fee for the month of August by $2,500.  *See id.*, ¶ 5 and Ex. A.  Moreover, defendants' local Nevada counsel incurred legal fees of $800 to review defendants' motions and the court's orders issued in August.  *See id.*, ¶ 9, Ex. B.

In August, Paul Hastings did not perform any work that proactively advanced its defense of plaintiffs' claims.  *See* Morgan Decl., ¶ 6.  Nearly all of the work that Paul Hastings undertook in August was in response to plaintiffs' activity.  At this stage of the action, defendants' legal fees at any given moment continue to be largely dependent on plaintiffs' activity level in this litigation.  Because Paul Hastings has an ethical responsibility to represent defendants effectively, it must respond and react to plaintiff's efforts, even if the amount of legal fees incurred, as it did for August, exceeds the Court's $10,000 limit.

The fees incurred by Paul Hastings and local Nevada Counsel to defend the Suzukis in this matter are consistent with the amount that defendants originally requested in its Schedule of Anticipated Monthly Costs and Fees (Dkt. No. 439).  In response to the Court's May 3, 2016 Order (Dkt. No. 424), defendants filed their schedule and requested $40,000 monthly to pay legal fees incurred in connection with this litigation.  *See* Dkt. No. 439, at 2.  Plaintiffs challenged this amount as "beyond unreasonable."  Dkt. No. 440, at 4.  Nonetheless, they acknowledged that the Suzukis have a "right to mount as vigorous a defense as they're able to do within their means." *Id.*, at 5.  But plaintiffs, in opposing defendants' request, apparently failed to appreciate their integral role in determining the size of defendants' monthly fees.  Indeed, the existence of a monthly fee limit could incentivize a plaintiff to increase its litigation activity in an effort to steamroll a defendant into running up legal costs, without regard to defendant's ability to pay.

As the August 2016 billing records indicate, defendants took great pains to operate within the $10,000 budget imposed by the Court.  Nonetheless, plaintiffs, in pursuing their claims, required defendants to incur additional, reasonable and necessary fees and expenses in connection with tasks related to opposing plaintiffs' motions, and preparing briefing related to the June 2016 and July 2016 fee applications.  Defendants could not avoid the overage of $29,742.89 in fees and expenses incurred in connection with these necessary tasks.

Defendants have submitted detailed invoices and summaries that describe the nature of the services rendered and the billing rate of the individual performing the task.  *See* Morgan Decl., ¶¶ 2 and 8, Exs. A and B.  These invoices serve two purposes.  First, they constitute the monthly accounting required in the Fee Order detailing the expenditure of the approved attorney's fees of

1   $10,000 per month.  *See* Dkt. No. 443, at 2.  Second, as to the additional $29,742.89 in fees and
2   expenses incurred in August 2016, the invoices provide the Court with the comprehensive billing
3   information that it will need to evaluate this request for additional legal fees and expenses.

### III.   DEFENDANTS' LEGAL FEES AND EXPENSES ARE REASONABLE

Nicolas Morgan, now a partner at Paul Hastings, is the lead attorney representing defendants in this action.  For this matter, he had discounted his standard Zaccaro Morgan hourly rate of $795 to $650, and will honor this discounted rate through the conclusion of this action even though his normal Paul Hastings hourly rate is $1,100.  *See* Morgan Decl., ¶ 7, Ex. A. Moreover, Paul Hastings will honor Zaccaro Morgan's lower rates for each attorney staffed on this matter.  Paul Georgeson, a partner at McDonald Carano Wilson, is serving as defendants' local counsel in this matter.  Mr. Georgeson's billing rate is $400 per hour.  *See id.*, ¶ 9, Ex. B. These rates are reasonable in light of the claims asserted and the fact that plaintiffs have brought a class action.  *See id.*, ¶ 10.  Mr. Morgan strived to staff this matter as efficiently as possible, given the level of skill and experience required for the various tasks undertaken by Paul Hastings.  *See* Morgan Decl., ¶ 8.  Based on these factors, the fees and expenses incurred by Paul Hastings and McDonald Carano Wilson in August 2016 were reasonable.

### IV.   CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court issue an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction, to transfer to (1) Paul Hastings the sum of $38,942.89, and (2) McDonald Carano Wilson the sum of $800, which constitute the balance due for work that the firms performed on this matter in August 2016.

| | |
|---|---|
| DATED:  October 10, 2016 | Respectfully submitted, |
| | NICOLAS MORGAN<br>PAUL HASTINGS LLP |
| | By: /s/ Nicolas Morgan<br>    NICOLAS MORGAN |
| | Attorneys for Defendants<br>JUNZO SUZUKI AND PAUL MUSASHI SUZUKI |

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2016, I filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

- James Edwin Gibbons
  Email: jeg@manningllp.com

- James R. Olson
  Email: chartle@ocgas.com

- Mariko Taenaka
  Email: mt@robertwcohenlaw.com

- Robert W. Cohen
  Email: rwc@robertwcohenlaw.com

- Steven Jeff Renick
  Email: sjr@manningllp.com

- Jeffrey A. Silvestri
  Email: jsilvestri@mcdonaldcarano.com

- Paul J. Georgeson,
  Email: pgeorgeson@mcdonaldcarano.com

- Daniel L. Hitzke
  Email: daniel.hitzke@hitzkelaw.com

- Erick M. Ferran
  Email: Erick.ferran@hitzkelaw.com

- Robert A. Goldstein
  Email: rgoldstein@sklar-law.com

- Mark S. Dzarnoski
  Email: adangdiallo@gordonsilver.com

*/s/* Nicolas Morgan
Nicolas Morgan, CA State Bar No. 166441
(Admitted pro hac vice)