# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SHIGE TAKIGUCHI; *et.al.*,

    Plaintiffs,

vs.

MRI INTERNATIONAL.; *et.al.*,

    Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

MOTION TO COMPEL (ECF NO. 466)

Before the court are Plaintiffs' motion to compel the deposition of Paul Suzuki (ECF No. 466), Paul Suzuki's response (ECF No. 474), and the Plaintiffs' reply (ECF No. 479). For the reasons stated below, Plaintiffs' motion to compel is granted.

## I. Background

On May 2, 2016, the court held a hearing regarding the Suzukis' depositions. (ECF No. 424) The court allowed the depositions to go forward in Japan. (*Id.*) It also made the following order regarding the Suzukis' testimony:

> [A]t minimum, the Suzuki Defendants will be compelled to respond to the following questions: (1) what assets are held by each Suzuki Defendant; (2) the location of such assets; and (3) how the Suzuki Defendants each derived those assets.

(*Id.*) The court elaborated on this order during the hearing: "I do not believe that the Fifth Amendment protections would apply to questions relating at least to those three areas." (ECF No. 432 at 11)

On June 30, 2016, the parties took Paul Suzuki's deposition at the U.S. embassy in Japan. During Paul Suzuki's deposition, Plaintiffs' counsel asked a series of questions about what assets Suzuki held in various entities and properties. (ECF No. 466-1 at 8) Paul Suzuki was also asked

1

questions about how he had obtained certain assets.  In response to every question, Paul Suzuki invoked the Fifth Amendment.  (*Id.*)  The Plaintiffs' now move to compel Paul Suzuki to provide substantive answers in the three areas of inquiry mentioned in the court's May 2, 2016 order (ECF No. 424).

## II. Discussion

1.  <u>Paul Suzuki is Ordered to Respond to Plaintiffs' Questions Regarding his Assets</u>

Paul Suzuki argues that he was not obligated to respond to the Plaintiffs' questions.[1]  Paul Suzuki relies on this court's August 18, 2016 order (ECF No. 457).  In the order, this court sustained Paul Suzuki's Fifth Amendment objections 9 interrogatories.  These interrogatories asked about the same subjects as the disputed deposition questions.  Contrary to Paul Suzuki's argument the August 18 order did not determine the propriety of his Fifth Amendment objections at the deposition.  The August 18 order only decided Paul Suzuki's Fifth Amendment objections to the 9 challenged interrogatories.

The court's May 2, 2016 order commanded the Suzukis to answer questions about their assets.  (ECF No. 424)  At the related hearing, the court also expressly foreclosed Paul Suzuki's Fifth Amendment objections. (ECF No. 432 at 11)  Paul Suzuki cannot rely on an order, decided after his deposition, to justify his improper Fifth Amendment objections during the deposition.  Pursuant to the court's May 2 order, Paul Suzuki is ordered to respond to Plaintiffs' questions regarding his assets, the location of his assets, and how he derived those assets.

/// /// ///

---

[1] Paul Suzuki also alleges the Plaintiffs failed to adhere to the court's May 2 order.  Specifically, he alleges the Plaintiffs did not meet to discuss their questions prior to the deposition nor did the they schedule the deposition for a time when magistrate judge would be available.  (ECF No. 474)  The Plaintiffs' alleged failure to comply with the court's discovery order does not provide a basis for Paul Suzuki to refuse to answer questions posed to him at his deposition.  *See* FED. R. CIV. P. 26(d)(3)(B).

2.  Paul Suzuki Must be Deposed in Los Angeles, California

This court must next decide where Paul Suzuki's deposition will be taken.  The Plaintiffs have requested that the deposition be reconvened in Los Angeles, California.  In general, "the examining party may unilaterally choose a deposition's location."  *S.E.C. v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 WL 1030862 at* 3 (D.Nev. Mar. 14, 2014)(citing Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE: CIVIL §2112 at 523 (3d ed. 2010)).  If a court is asked to determine the location for a deposition, it considers the following factors: "(1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claims and the parties' relationship."  *See id.* (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D.Cal. 2005)).

The first factor favors a deposition in Los Angeles.  Plaintiffs' and the Suzukis' counsel are both based in Los Angeles, California.  Indeed, both sets of attorneys incurred substantial expense to travel to Japan for the Suzukis' first depositions.

Since the Plaintiffs moved to depose Paul Suzuki in his individual capacity, the second factor is inapplicable.

The third factor also favors a deposition in Los Angeles.  Prior to the Suzukis' depositions in Japan, the court instructed the parties to "make every effort to secure a date that will be available for the U.S. Magistrate Judge to rule on any objections that may be presented during the depositions."  (ECF No. 424)  This instruction was well-advised.  The parties did contact this court with an issue regarding the Suzukis' depositions.  (ECF No. 444)  Given the

contentious nature of this action, it is likely that the parties will have a dispute during the reconvened deposition. Los Angeles, as opposed to Tokyo, has the advantage of being in the same time zone as this district. This will allow the court to address any disputes that may arise expeditiously and efficiently.

The fourth factor weighs against a deposition in Los Angeles. Since he was indicted, Paul Suzuki has steadfastly refused to enter the United States, and has even been reluctant to step onto U.S. territory in Japan. (ECF No. 384) As far as this court can tell, Paul Suzuki has not left Japan since he was indicted. Thus his regular business travel would not take him to Los Angeles, California.

The final factor weighs heavily in favor of a deposition in Los Angeles. Despite a clear and direct order to the contrary, Paul Suzuki invoked the Fifth Amendment in response to questions about his assets. (ECF No. 466-1 at 8) Even after Plaintiffs' counsel read the text of the court's order into the record, Paul Suzuki maintained that he was entitled to invoke the Fifth Amendment. (*Id.* at 17) If the deposition were reconvened in Japan, all attorneys involved would incur substantial expense: all so that Paul Suzuki can answer questions that he should have answered at his first deposition. The equities of favor Plaintiffs' choice of deposition location.

In the alternative, if Paul Suzuki insists that his deposition be taken in Japan, he will be required to reimburse Plaintiffs' counsel for any travel expenses related to the reconvened deposition. This court will not entertain a motion for release of additional funds for any expenses paid to Plaintiffs pursuant to this order.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiffs' motion to compel (ECF No. 466) is GRANTED.

IT IS FURTHER ORDERED that on or before October 28, 2016, the parties must complete Paul Suzuki's deposition in Los Angeles, California. In the alternative, if Paul Suzuki insists that his deposition be taken in Japan, he will be required to reimburse Plaintiffs' counsel for any travel expenses related to the reconvened deposition. This court will not entertain a motion for release of additional funds for any expenses paid to Plaintiffs pursuant to this order.

IT IS SO ORDERED.

DATED this 11th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE