**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SHIGE TAKIGUCHI; *et.al.*,

        Plaintiffs,

vs.

MRI INTERNATIONAL; *et.al.*,

        Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

    Before the court are the Defendants' motion for legal fees and expenses (ECF No. 469), the Plaintiffs' response (ECF No. 477), and the Defendants' reply (ECF No. 498).

    "Reasonable attorney fees must 'be calculated according to the prevailing market rates in the relevant community,' considering the fees charged by 'lawyers of reasonably comparable skill, experience, and reputation.'" *Tracy v. Cytta Corp.*, No. 2:15-cv-2029-RCJ-GWF, 2016 WL 259696 at* 1 (D.Nev. Jan. 21, 2016)(citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct.1541 (1984)). When determining the reasonableness of attorney's fees, the court calculates the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). In rare and exceptional circumstances, the court may then adjust the lodestar amount based on factors not considered during the initial calculation. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

    In June 2016, the court capped the Defendants' monthly attorney's fees at $10,000. (ECF No. 443) Any request for attorney's fees that exceeded this amount must be approved by the court before being distributed to defense counsel. (*Id.*) Pursuant to the June 2016 order, the Defendants filed a motion for additional attorney's fees. (ECF No. 469) They request $25,672.70 in attorney's fees for

July 2016.  In addition to their motion, the Defendants also submitted itemized billing invoices from their lead counsel, Paul Hastings, and local counsel, McDonald Carano.[1]  (ECF No. 469-3)

The Plaintiffs take issue with three areas of billing.  First, the Plaintiffs argue that it was unreasonable for defense counsel to bill for 17.5 hours spent opposing the Plaintiffs' motion to compel supplemental interrogatories.  (ECF No. 477)  Plaintiffs contend their motion was "straightforward" and the Defendants' response should have been equally uncomplicated.  (*Id.*)

This court recently denied Plaintiffs' motion for supplemental interrogatory responses.  (ECF No. 506)  Having reviewed the parties moving papers, this court disagrees with the Plaintiff's characterization.  The motion to compel implicated Junzo Suzukis Fifth Amendment privileges and required this court to determine if a waiver of those privileges had occurred.  (*Id.*)  Given the importance of the issues at stake in the Plaintiffs' motion to compel (ECF No. 467), it was reasonable for the Defendants to bill 17.5 hours for drafting their response.

Second, the Plaintiffs' argue it was unreasonable for defense counsel to bill for 10.1 hours reviewing the Suzukis' deposition transcripts.  (ECF No. 477)  Again, this court disagrees.  To date, the Suzukis' deposition have been the subject of two discovery motions.  (ECF No. 466); (ECF No. 467)  The Defendants were also required to review the transcripts to refute the Plaintiffs' arguments that the deposition transcripts were not confidential.  (ECF No. 498)  10.1 hours is a reasonable amount of time to review deposition transcripts which were central to the parties latest round of litigation.

Finally, the Plaintiffs' argue that it was improper for defense counsel to bill for the 17.8 hours spent preparing the June 2016 fee motion (ECF No. 447).  Unlike their previous arguments, the

---

[1] McDonald Carano billed $302.70 for work performed in July 2016.  (ECF No. 469-3)  The Plaintiffs do not dispute McDonald Carano's billing for this month.  The court therefore grants the Suzukis' request for $302.70 to be paid to McDonald Carano.

Plaintiffs' believe that time spent preparing these fee motions are outside the scope of the court's June 2016 order (ECF No. 443) as these motions do not advance any claim or defense. (ECF No. 469) The Plaintiffs construe the June 2016 order (ECF No. 443) too narrowly. The order allowed the Suzukis to obtain funds for fees and expenses "relating to this litigation only." (ECF No. 443) This court has previously held that the order's broad language encompasses motions for fees such as this one and the June 2016 motion for fees. (ECF No. 463) The Suzukis are permitted to obtain funds to compensate defense counsel for time spent on fee motions.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Suzukis' motion for release of additional funds (ECF No. 469) is GRANTED.

IT IS FURTHER ORDERED that $25,370 is released to Paul Hastings for legal fees and expenses billed in July 2016.

IT IS FURTHER ORDERED that $302.70 is released to McDonald Carano for legal fees and expenses billed in July 2016.

IT IS SO ORDERED.

DATED this 12th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE