JEFFREY A. SILVESTRI (Nevada Bar No. 5779)
jsilvestri@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
2300 West Sahara Ave., Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966

PAUL J. GEORGESON (Nevada Bar No. 5322)
pgeorgeson@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89505
Telephone: (775) 788-2000
Facsimile: (775) 788-2020

NICOLAS MORGAN (*admitted pro hac vice*)
nicolasmorgan@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and on Behalf of All Others Similarity Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., d/b/a STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | CASE NO. 2:13-CV-01183-HDM-VCF<br><br>**DEFENDANTS JUNZO SUZUKI'S AND PAUL SUZUKI'S NOTICE OF APPLICATION AND APPLICATION FOR APPROVAL OF SEPTEMBER 2016 LEGAL FEES AND EXPENSES** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Junzo Suzuki and Paul Musashi Suzuki hereby apply to this Court for an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction in this action, to transfer to defendants' counsel the sum of $48,521.90, which constitutes the balance due for work that the firms performed on this matter in September 2016.  Good cause exists for the payment of attorney's fees in excess of the $10,000 monthly limit imposed by the Court on June 30, 2016 because the majority of the balance due was expended in connection with defendants successfully opposing plaintiffs' motion to compel supplemental discovery responses from Junzo Suzuki, opposing plaintiff's motion to compel deposition testimony from Paul Suzuki, opposing plaintiffs' motion for leave to amend the complaint, and replying to plaintiffs' opposition to the Suzukis' July 2016 fee application.  As with prior months for which Defendants have filed fee applications, but for the plaintiffs' litigation activity, defendants would not have exceeded the Court's $10,000 monthly limit.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Nicolas Morgan, and the exhibits thereto, and the documents on file in this action.

DATED:  October 31, 2016                          Respectfully submitted,

                                                                                NICOLAS MORGAN
                                                                                PAUL HASTINGS LLP

                                                                                By: /s/ Nicolas Morgan
                                                                                                 NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Junzo Suzuki and Paul Musashi Suzuki file this Application to obtain approval from the Court for the payment of legal fees incurred in connection with this action.

On June 30, 2016, the Court issued an order permitting defendants to "pay up to $10,000 per month for attorney's fees relating to this litigation only" ("Fee Order"). Dkt. No. 443, at 2. The Fee Order required defendants to file monthly accountings with the court detailing any such expenditures. *See id.* The Fee Order also prohibited defendants from expending any funds in excess of this $10,000 limit "without prior authorization of the court." *Id.* But the Court expressed its willingness to approve legal fee expenditures in excess of $10,000 a month upon a showing of good cause. *See* Dkt. No. 443, at 2.

In September 2016, Paul Hastings, counsel for defendants, incurred $47,521.90 in fees and expenses related to this action. Approximately $36,695 of the fees (or 77%) related to opposing plaintiffs' motion to compel deposition testimony from Paul Suzuki, opposing plaintiffs' motion to compel supplemental discovery responses from Junzo Suzuki, and opposing plaintiffs' motion for leave to amend the complaint. In addition, $7,875 (or 17%) in fees was expended in connection with replying to plaintiffs' opposition to the Suzukis' July 2016 fee application, and preparing and finalizing the application for fees related to preserving defendants' assets. The remaining $1,680 in fees related to finalizing the July 2016 fee application and corresponding with criminal defense counsel regarding document production and privilege issues in response to discovery requests propounded by plaintiff. Paul Hastings also incurred $1,271.90 in expenses related to its use of a legal research database. Moreover, defendants' local Nevada counsel incurred $1,000 in fees in September 2016 for reviewing related documents filed and served in this matter.

But for the motion to compel supplemental discovery responses, the motion seeking leave to amend the complaint, and replying to Plaintiffs' opposition to the Suzukis' July 2016 fee application, defendants' fees for September 2016 would not have exceeded the $10,000 limit imposed by the Court. In September, as was the case for June, July, and August 2016, Plaintiffs'

Case No. 2:13-CV-01183-HDM-VCF

DEFENDANTS' APPLICATION FOR
APPROVAL OF FEES AND EXPENSES

activity caused Defendants to exceed the $10,000 monthly limit.  Had Defendants stayed within the $10,000 limit in July, there would have been no need to incur costs associated with the preparation and finalization of the July 2016 fee application or the reply to plaintiffs' opposition to the July 2016 fee application.  Accordingly, good cause exists for the Court to approve the expenditure of frozen funds to pay the September 2016 invoices for defendants' counsel in the amount of $48,521.90.

## II. DEFENDANTS' SEPTEMBER 2016 LEGAL FEES AND EXPENSES

In September 2016, attorneys from Paul Hastings incurred fees and expenses totaling $47,521.90.  *See* Declaration of Nicolas Morgan ("Morgan Decl."), ¶ 2 and Ex. A.  Paul Hastings spent significant time successfully opposing plaintiffs' motion to compel supplemental discovery responses from Junzo Suzuki (Dkt. No. 475), opposing plaintiffs' motion to compel deposition testimony from Paul Suzuki (Dkt. No. 474), opposing plaintiffs' motion for leave to amend the complaint (Dkt. No. 470), and performing related legal research in conjunction with these oppositions.  Plaintiffs sought to amend the complaint for a fifth time to add six new defendants nearly one full year after the deadline to do so had expired.  Paul Hastings spent approximately 98.1 hours on these tasks.   The bulk of this work was done by Mr. Brejcha, whose hourly rate is discounted from $875 to $450 for this matter, and Mr. Rotstein, whose hourly rate is also discounted from $550 to $250.  In addition to opposing plaintiffs' motions, Paul Hastings also spent approximately 20.1 hours drafting a reply in support of the July 2016 Application for Legal Fees and Expenses, (Dkt. No. 477), and preparing and finalizing an application for an order to use frozen funds for asset preservation.  In all, Paul Hastings expended 118.1 hours of time on these tasks, for a total of $44,570.  *See* Morgan Decl., ¶ 3, and Ex. A.

Paul Hastings performed other work in July 2016 including finalizing the July 2016 fee application and corresponding with criminal defense counsel regarding document production and privilege issues in response to discovery requests propounded by plaintiff.  This additional work totaled $1,680.  *See id*., ¶ 4 and Ex. A.  Paul Hastings also incurred $1,271.90 in related expenses associated with its use of a legal research database.  *See id*., ¶ 5 and Ex. A  Moreover, defendants'

1  local Nevada counsel incurred legal fees of $1,000 to review defendants' motions and the court's
2  orders issued in September.  *See id.*, ¶ 9, Ex. B.
3      In September, Paul Hastings did not perform any work that proactively advanced its
4  defense of plaintiffs' claims.  *See* Morgan Decl., ¶ 6.  Nearly all of the work that Paul Hastings
5  undertook in September was in response to plaintiffs' activity.  At this stage of the action,
6  defendants' legal fees at any given moment continue to be largely dependent on plaintiffs'
7  activity level in this litigation.  Because Paul Hastings has an ethical responsibility to represent
8  defendants effectively, it must respond and react to plaintiff's efforts, even if the amount of legal
9  fees incurred, as it did for September, exceeds the Court's $10,000 limit.
10     The fees incurred by Paul Hastings and local Nevada Counsel to defend the Suzukis in
11 this matter are consistent with the amount that defendants originally requested in its Schedule of
12 Anticipated Monthly Costs and Fees (Dkt. No. 439).   In response to the Court's May 3, 2016
13 Order (Dkt. No. 424), defendants filed their schedule and requested $40,000 monthly to pay legal
14 fees incurred in connection with this litigation.  *See* Dkt. No. 439, at 2.   Plaintiffs challenged this
15 amount as "beyond unreasonable."  Dkt. No. 440, at 4.  Nonetheless, they acknowledged that the
16 Suzukis have a "right to mount as vigorous a defense as they're able to do within their means."
17 *Id.*, at 5.  But plaintiffs, in opposing defendants' request, apparently failed to appreciate their
18 integral role in determining the size of defendants' monthly fees.  Indeed, the existence of a
19 monthly fee limit could incentivize a plaintiff to increase its litigation activity in an effort to
20 steamroll a defendant into running up legal costs, without regard to defendant's ability to pay.
21     As the September 2016 billing records indicate, defendants took great pains to operate
22 within the $10,000 budget imposed by the Court.  Nonetheless, plaintiffs, in pursuing their
23 claims, required defendants to incur additional, reasonable and necessary fees and expenses in
24 connection with tasks related to opposing plaintiffs' motions, and preparing briefing related to the
25 July 2016 fee applications.  Defendants could not avoid the overage of $38,521.90 in fees and
26 expenses incurred in connection with these necessary tasks.
27     Defendants have submitted detailed invoices and summaries that describe the nature of the
28 services rendered and the billing rate of the individual performing the task.  *See* Morgan Decl., ¶¶

2 and 8, Exs. A and B.  These invoices serve two purposes.  First, they constitute the monthly accounting required in the Fee Order detailing the expenditure of the approved attorney's fees of $10,000 per month.  *See* Dkt. No. 443, at 2.  Second, as to the additional $38,521.90 in fees and expenses incurred in September 2016, the invoices provide the Court with the comprehensive billing information that it will need to evaluate this request for additional legal fees and expenses.

### III.   DEFENDANTS' LEGAL FEES AND EXPENSES ARE REASONABLE

Nicolas Morgan, now a partner at Paul Hastings, is the lead attorney representing defendants in this action.  For this matter, he had discounted his standard Zaccaro Morgan hourly rate of $795 to $650, and will honor this discounted rate through the conclusion of this action even though his normal Paul Hastings hourly rate is $1,100.  *See* Morgan Decl., ¶ 7, Ex. A.  Moreover, Paul Hastings will honor Zaccaro Morgan's lower rates for each attorney staffed on this matter.  Paul Georgeson, a partner at McDonald Carano Wilson, is serving as defendants' local counsel in this matter.  Mr. Georgeson's billing rate is $400 per hour.  *See id.*, ¶ 9, Ex. B.  These rates are reasonable in light of the claims asserted and the fact that plaintiffs have brought a class action.  *See id.*, ¶ 10.  Mr. Morgan strived to staff this matter as efficiently as possible, given the level of skill and experience required for the various tasks undertaken by Paul Hastings.  *See* Morgan Decl., ¶ 8.  Based on these factors, the fees and expenses incurred by Paul Hastings and McDonald Carano Wilson in September 2016 were reasonable.

### IV.   CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court issue an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction, to transfer to (1) Paul Hastings the sum of $47,521.90, and (2) McDonald Carano Wilson the sum of $1,000, which constitute the balance due for work that the firms performed on this matter in September 2016.

1  DATED: October 31, 2016

Respectfully submitted,

NICOLAS MORGAN
PAUL HASTINGS LLP

By: /s/ Nicolas Morgan
           NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2016, I filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

- James Edwin Gibbons
  Email: jeg@manningllp.com

- James R. Olson
  Email: chartle@ocgas.com

- Mariko Taenaka
  Email: mt@robertwcohenlaw.com

- Robert W. Cohen
  Email: rwc@robertwcohenlaw.com

- Steven Jeff Renick
  Email: sjr@manningllp.com

- Jeffrey A. Silvestri
  Email: jsilvestri@mcdonaldcarano.com

- Paul J. Georgeson,
  Email: pgeorgeson@mcdonaldcarano.com

- Daniel L. Hitzke
  Email: daniel.hitzke@hitzkelaw.com

- Erick M. Ferran
  Email: Erick.ferran@hitzkelaw.com

- Robert A. Goldstein
  Email: rgoldstein@sklar-law.com

- Mark S. Dzarnoski
  Email: adangdiallo@gordonsilver.com

*/s/* Nicolas Morgan
Nicolas Morgan, CA State Bar No. 166441
(Admitted pro hac vice)