# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SHIGE TAKIGUCHI; *et.al.*,

        Plaintiffs,

vs.

MRI INTERNATIONAL; *et.al.*,

        Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

    Before the court are the Suzukis's motion for August 2016 legal fees and expenses (ECF No. 504), the Plaintiffs' response (ECF No. 518), and the Suzukis's reply (ECF No. 532).  For the reasons stated below, the Suzukis's motion is granted in part and denied in part.

## I. Discussion

    "Reasonable attorney fees must 'be calculated according to the prevailing market rates in the relevant community,' considering the fees charged by 'lawyers of reasonably comparable skill, experience, and reputation.'" *Tracy v. Cytta Corp.*, No. 2:15-cv-2029-RCJ-GWF, 2016 WL 259696 at* 1 (D.Nev. Jan. 21, 2016)(citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct.1541 (1984)). When determining the reasonableness of attorney's fees, the court calculates the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  In rare and exceptional circumstances, the court may then adjust the lodestar amount based on factors not considered during the initial calculation. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

    In June 2016, the court capped the Defendants' monthly attorney's fees at $10,000.  (ECF No. 443)  Any request for attorney's fees that exceeded this amount must be approved by the court before

being distributed to defense counsel. (*Id.*) Pursuant to the June 2016 order, the Defendants filed a motion for additional attorney's fees. (ECF No. 504) They request $39,742.89 in attorney's fees for August 2016. In addition to their motion, the Defendants also submitted itemized billing invoices from their lead counsel, Paul Hastings, and local counsel, McDonald Carano.[1] (ECF No. 504-2; 504-3)

      The Plaintiffs take issue with two areas of billing. First, the Plaintiffs argue that it was unreasonable for defense counsel to charge $8,230.00 for fee application related work. (ECF No. 518) This court has previously permitted defense counsel to bill for approximately 14 hours of attorney time spent preparing the Suzukis's monthly fee motion. (ECF No. 507) This court would expect that "the time and fees expended preparing the fee applications … [would] steadily decrease each month." (ECF No. 532)

      However, in the August 2016 fee motion, this figure increased to 20.8 hours. (ECF No. 504-2) The Suzukis do not offer an explanation for this increase. (ECF No. 532) The 20.8 hours billed in relation to the fee motion is excessive. Defense counsel is allowed to bill a maximum of 14 hours for preparing the July 2016 fee motion. 7 of these 14 hours will be billed at attorney Jones's hourly rate of $250.00 per hour. The remaining 7 hours will be billed at attorney Brejcha's hourly rate of $450.00. This division of rates reflects the work of the two attorney primarily responsible for fee application related work for the month of July 2016. (ECF No. 504-2)

      Second, the Plaintiff argue that defense counsel should not have billed for time spent preparing an "asset preservation cost motion," a motion that was never filed. (ECF No. 518) The Plaintiffs' sole argument for disallowing these fees is that the motion was never filed. This is not a valid objection. While the Plaintiffs may be frustrated by defense counsel's litigation strategy, their concerns about costs

---

[1] McDonald Carano billed $800 work performed in August 2016. (ECF No. 504-3) The Plaintiffs do not dispute McDonald Carano's billing for this month. The court therefore grants the Suzukis' request for $800 to be paid to McDonald Carano.

may not hinder the Suzukis's defense.  The Suzukis are allowed to pay the fees associated with the "asset preservation cost motion."

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Suzukis's motion for fees (ECF No. 504) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that $35,612.89 is released to Paul Hastings for legal fees and expenses billed in August 2016.  Fees for work related to the preparation of fee motions is reduced from $8,230 to $4,900.

IT IS FURTHER ORDERED that $800 is released to McDonald Carano for legal fees and expenses billed in August 2016.

IT IS SO ORDERED.

DATED this 9th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE