**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, AND HIDENAO TAKAMA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | 2:13-cv-01183-HDM-VCF<br><br>ORDER |

On November 1, 2016, the plaintiffs filed separate motions for partial summary judgment against defendants (1) Junzo Suzuki; (2) Paul Suzuki; and (3) MRI and Edwin Fujinaga. Plaintiffs filed the motion against Junzo Suzuki and certain of its exhibits (ECF No. 529) under seal, along with a concurrent motion for leave to do so

1

(ECF No. 528). Plaintiffs asserted that the motion against Junzo Suzuki relied on evidence that had been designated as confidential pursuant to the parties' stipulated protective order (ECF No. 335) – specifically, Junzo Suzuki's deposition – and that while they disagreed as to the scope of the confidentiality designation, they agreed that the deposition contained references to "private financial information" that was properly protected from public disclosure. On November 2, 2016, the court granted the plaintiffs' motion to seal.

On December 9, 2016, the Suzukis filed their oppositions to the motions for summary judgment. The oppositions were not filed under seal. In addition, the Suzukis filed their responses to the plaintiffs' Separate Statement of Facts (ECF Nos. 564 & 567). Those responses were filed under seal. The Suzukis filed a concurrent motion to seal, which included a request that the plaintiffs' motion for summary judgment against Paul Suzuki and Appendix 1 to that motion also be sealed. The Suzukis argued that all three documents relied on or referenced deposition "testimony regarding private financial information and other sensitive information protected from public disclosure under the terms of the Protective Order." (ECF No. 562 at 3).

On January 6, 2017, plaintiffs filed their replies to the responses to the motions for summary judgment and to the Suzukis' responses to the separate statements of fact. Of these, the only document plaintiffs filed under seal, along with a concurrent motion for leave to do so, was their reply to Junzo Suzuki's response to the plaintiffs' separate statement of facts. (ECF Nos. 578 & 579).

2

The public has a "general right . . . to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). The court must weigh relevant factors, including "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets," in deciding a motion to seal. *Id.* at 679 n.6 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "'Simply invoking a blanket claim, [of privilege] such as privacy,' or confidentiality, 'will not, without more, suffice to exempt a document from the public's right of access, even where the assertion of privacy or confidentiality is unopposed." *Trudel v. Am. Family Mut. Ins. Co.*, 2014 WL 11514215, at *1 (D. Ariz. Aug. 15, 2014) (quoting *Kamakana*, 447 F.3d at 1185 and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999)).

The court has reviewed and considered the materials the plaintiffs and Suzukis seek to have sealed in connection with the motions for summary judgment and finds that nothing contained therein meets the compelling reasons standard. While there is reference to the amounts of commissions received by the Suzukis in exchange for their work with MRI, and to the amounts of money Junzo Suzuki wired back to MRI to cover its shortfalls, the court finds

3

that this information is not the type of sensitive financial information that must be protected from public disclosure. There are no account numbers or specific identification of assets by location; this is simply evidence that large sums of money were exchanged between MRI and the Suzukis. The court is not persuaded that this information could be used for an improper purpose and concludes that the public is entitled to the evidence. The parties do not specifically identify the other claimed "sensitive information" that was revealed during the Suzukis' depositions which should be protected from public disclosure, much less provide compelling reasons for doing so. As a matter of fact, although the Suzukis have designated Paul Suzuki's deposition as "confidential," the court is unpersuaded that such designation is proper given that Paul Suzuki answered virtually no questions during his deposition.

Accordingly, unless the plaintiffs or the Suzukis show cause on or before January 20, 2017, why any specific portions relating to discrete items of information of plaintiffs' motion for summary judgment against Junzo Suzuki (ECF No. 529) – including Junzo Suzuki's deposition and the exhibits attached thereto – Junzo Suzuki's response to the plaintiffs' statement of facts (ECF No. 564), Paul Suzukis' response to the plaintiffs' statement of facts (ECF No. 567), and the plaintiffs' reply to Junzo Suzuki's response to the separate statement of facts (ECF No. 579) should remain sealed, the court will unseal the aforementioned documents in their entirety.

As to the plaintiffs' motion for summary judgment against Paul Suzuki and Appendix 1 thereto, the motion to seal (ECF No. 562) is **DENIED**. In any response to the order to show cause, the Suzukis

4

may identify specific, discrete information in those documents that they believe should be sealed and the compelling reasons for doing so, and the court will consider the relevant factors to determine whether sealing of that information is appropriate.

**IT IS SO ORDERED.**

DATED: This 10th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE