1  JEFFREY A. SILVESTRI (Nevada Bar No. 5779)
   jsilvestri@mcdonaldcarano.com
2  MCDONALD CARANO WILSON LLP
   2300 West Sahara Ave., Suite 1200
3  Las Vegas, Nevada 89102
   Telephone: (702) 873-4100
4  Facsimile: (702) 873-9966

5  PAUL J. GEORGESON (Nevada Bar No. 5322)
   pgeorgeson@mcdonaldcarano.com
6  MCDONALD CARANO WILSON LLP
   100 West Liberty Street, 10th Floor
7  Reno, Nevada 89505
   Telephone: (775) 788-2000
8  Facsimile: (775) 788-2020

9  NICOLAS MORGAN (*admitted pro hac vice*)
   nicolasmorgan@paulhastings.com
10 PAUL HASTINGS LLP
   515 South Flower Street
11 Twenty-Fifth Floor
   Los Angeles, California 90071-2228
12 Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
13
   Attorneys for Defendants
14 JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

15
                    UNITED STATES DISTRICT COURT
16
                         DISTRICT OF NEVADA
17

18 SHIGE TAKIGUCHI, FUMI NONAKA,               CASE NO. 2:13-CV-01183-HDM-VCF
   MITSUAKI TAKITA, TATSURO SAKAI,
19 SHIZUKO ISHIMORI, YUKO NAKAMURA,            **DEFENDANTS JUNZO SUZUKI'S
   MASAAKI MORIYA, HATSUNE HATANO,             AND PAUL SUZUKI'S NOTICE OF
20 and HIDENAO TAKAMA, Individually and        APPLICATION AND APPLICATION
   on Behalf of All Others Similarity Situated, FOR APPROVAL OF NOVEMBER
21                                             2016 LEGAL FEES AND EXPENSES**
                Plaintiffs,
22
         vs.
23
   MRI INTERNATIONAL, INC., EDWIN J.
24 FUJINAGA, JUNZO SUZUKI, PAUL
   MUSASHI SUZUKI, LVT, INC., d/b/a
25 STERLING ESCROW, and DOES 1-500,

26              Defendants.

27
28

Case No. 2:13-CV-01183-HDM-VCF                          DEFENDANTS' APPLICATION FOR
                                                        APPROVAL OF FEES AND EXPENSES

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Junzo Suzuki and Paul Musashi Suzuki hereby apply to this Court for an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction in this action, to transfer to defendants' counsel the sum of $57,630.18, which constitutes the balance due for work that the firms performed on this matter in November 2016. Good cause exists for the payment of attorney's fees in excess of the $10,000 monthly limit imposed by the Court on June 30, 2016 because the majority of the balance due was expended in connection with defendants preparing case dispositive motions on behalf of Junzo Suzuki and Paul Suzuzki; preparing Paul Suzuki's reply to plaintiffs' response to Paul Suzuki's objections to Magistrate Judge Ferenbach's Order granting plaintiffs' motion to compel his deposition, and preparing the October 2016 application for legal fees and expenses as well as the replies to plaintiffs' oppositions to the Suzukis' August and September 2016 applications for legal fees and expenses. As with prior months for which defendants have filed fee applications, but for the plaintiffs' litigation activity, defendants would not have exceeded the Court's $10,000 monthly limit.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Nicolas Morgan, and the exhibits thereto, and the documents on file in this action.

DATED:  January 10, 2017               Respectfully submitted,

                                       NICOLAS MORGAN
                                       PAUL HASTINGS LLP


                                       By: /s/ Nicolas Morgan
                                           NICOLAS MORGAN

                                       Attorneys for Defendants
                                       JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

Case No. 2:13-CV-01183-HDM-VCF    - 1 -    DEFENDANTS' APPLICATION FOR APPROVAL OF FEES AND EXPENSES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Junzo Suzuki and Paul Musashi Suzuki file this Application to obtain approval from the Court for the payment of legal fees incurred in connection with this action.

On June 30, 2016, the Court issued an order permitting defendants to "pay up to $10,000 per month for attorney's fees relating to this litigation only" ("Fee Order"). Dkt. No. 443, at 2. The Fee Order required defendants to file monthly accountings with the court detailing any such expenditures. *See id.* The Fee Order also prohibited defendants from expending any funds in excess of this $10,000 limit "without prior authorization of the court." *Id.* But the Court expressed its willingness to approve legal fee expenditures in excess of $10,000 a month upon a showing of good cause. *See* Dkt. No. 443, at 2.

In November 2016, Paul Hastings, counsel for defendants, incurred $55,410 in fees and $1,120.18 in expenses related to this action. The majority of the fees related to preparing case dispositive motions. Specifically, approximately $44,820 of the fees (or 81%) related to preparing Junzo Suzuki's and Paul Suzuki's oppositions to plaintiffs' motions for partial summary judgment. Dkt. Nos. 563, 566. In addition, $5,015 of the fees (or 9%) was expended in connection with preparing the October 2016 application for legal fees and expenses, and replying to plaintiffs' oppositions to the August and September 2016 application for legal fees and expenses. Dkt. Nos. 532, 546, 554. Moreover, $4,490 in fees (or 8%) related to preparing the reply to plaintiffs' response to Paul Suzuki's objections to Magistrate Judge Ferenbach's October 11, 2016 Order, which Judge McKibben granted. Dkt. No. 570. The remaining $1,085 in fees related to reviewing filed pleadings and corresponding with defense counsel regarding related litigation issues. Paul Hastings also incurred $1,120.18 in expenses related to its use of legal research databases. Moreover, defendants' local Nevada counsel incurred $1,110 in fees in November 2016 for reviewing related documents filed and served in this matter, and various orders issued by this Court.

But for the need to prepare oppositions to plaintiffs' motions for partial summary judgment against the Suzukis, the need to prepare fee applications and related materials, and the

need to reply to plaintiffs' response to Paul Suzuki's objections to Magistrate Judge Ferenbach's October 11, 2016 Order, defendants' fees for November 2016 would not have exceeded the $10,000 limit imposed by the Court.  In November, as was the case for June, July, August, September, and October 2016, plaintiffs' activity largely caused Defendants to exceed the $10,000 monthly limit.  Had Defendants been able to stay within the $10,000 limit in August, September, and October 2016, they would not have needed to incur costs associated with fee application briefing for those months.  Accordingly, good cause exists for the Court to approve the expenditure of frozen funds to pay the November 2016 invoices for defendants' counsel in the amount of $57,630.18.

## II.     DEFENDANTS' NOVEMBER 2016 LEGAL FEES AND EXPENSES

In November 2016, attorneys from Paul Hastings incurred fees and expenses totaling $56,530.18.  *See* Declaration of Nicolas Morgan ("Morgan Decl."), ¶ 2 and Ex. A.  Paul Hastings spent significant time on case dispositive motions by preparing Junzo Suzuki's and Paul Suzuki's oppositions to plaintiffs' motions for summary judgment.  Dkt. Nos. 563, 566.  Paul Hastings spent approximately 104.7 hours preparing these oppositions and related materials.  In addition to opposing plaintiffs' motions, Paul Hastings spent approximately 15.2 hours preparing Paul Suzuki's reply to plaintiffs' response to Paul Suzuki's objections to Magistrate Judge Ferenbach's Order granting plaintiffs' motion to compel his deposition.  Dkt. No. 543.  Moreover, Paul Hastings spent approximately 19.1 hours preparing the October 2016 application for legal fees and expenses as well as the replies to plaintiffs' oppositions to the Suzukis' August and September 2016 applications for legal fees and expenses.[1]  Dkt. Nos. 532, 546, 554.  The bulk of this work was done by Mr. Brejcha, whose hourly rate is discounted from $875 to $450 for this

---

[1] Paul Hastings spent 4.4 hours preparing the October 2016 Fee Application in November.  The Firm also spent approximately 2.5 hours of additional time preparing and filing the October 2016 Fee Application in December.  Consequently, the amount of time spent preparing the October 2016 Fee Application is significantly less than the 14 hours spent preparing the July 2016 Fee Application, which was permitted by this Court.  Order (Dkt. No. 585), at 2.  The steady decline in time and fees spent on preparing the October 2016 Fee Application is consistent with what this Court envisioned with respect to fee applications.  *See id.* ("This court . . . expect[s] that the time and fees expended preparing the fee application . . . [would] steadily decrease each month . . . Defense counsel is allowed to bill a maximum of 14 hours for preparing the July 2016 fee motion.") (internal citations omitted).

matter, and Mr. Jones and Mr. Rotstein, whose hourly rates are also discounted from $550 to $250.  In all, Paul Hastings expended 139 hours of time on these tasks, for a total of $54,325.  *See* Morgan Decl., ¶ 3, and Ex. A.

Paul Hastings performed other work in November 2016 including reviewing filed pleadings and corresponding with defense counsel regarding related litigation issues.  This additional work totaled $1,085.  *See id.*, ¶ 4 and Ex. A.  Paul Hastings also incurred $1,120.18 in related expenses associated with its use of legal research databases.  *See id.*, ¶ 5 and Ex. A  Moreover, defendants' local Nevada counsel incurred legal fees and expenses of $1,100 to review defendants' motions, plaintiffs' filings, and this Court's Orders issued in November.  *See id.*, ¶ 9, Ex. B.

In November, Paul Hastings did not perform any work that proactively advanced its defense of plaintiffs' claims.  *See* Morgan Decl., ¶ 6.  Nearly all of the work that Paul Hastings undertook in November was in response to plaintiffs' activity.  At this stage of the action, defendants' legal fees at any given moment continue to be largely dependent on plaintiffs' activity level in this litigation.  Because Paul Hastings has an ethical responsibility to represent defendants effectively, it must respond and react to plaintiff's efforts, even if the amount of legal fees incurred, as it did for November, exceeds the Court's $10,000 limit.

The fees incurred by Paul Hastings and local Nevada Counsel to defend the Suzukis in this matter are consistent with the amount that defendants originally requested in its Schedule of Anticipated Monthly Costs and Fees (Dkt. No. 439).  In response to the Court's May 3, 2016 Order (Dkt. No. 424), defendants filed their schedule and requested $40,000 monthly to pay legal fees incurred in connection with this litigation.  *See* Dkt. No. 439, at 2.  Plaintiffs challenged this amount as "beyond unreasonable." Dkt. No. 440, at 4.  Nonetheless, they acknowledged that the Suzukis have a "right to mount as vigorous a defense as they're able to do within their means." *Id.*, at 5.  But plaintiffs, in opposing defendants' request, apparently failed to appreciate their integral role in determining the size of defendants' monthly fees.  Indeed, the existence of a monthly fee limit could incentivize a plaintiff to increase its litigation activity in an effort to steamroll a defendant into running up legal costs, without regard to defendant's ability to pay.

As the November 2016 billing records indicate, defendants took great pains to operate within the $10,000 budget imposed by the Court. Nonetheless, plaintiffs, in pursuing their claims, required defendants to incur additional, reasonable and necessary fees and expenses. Defendants could not avoid the overage of $47,630.18 in fees and expenses incurred in connection with these necessary tasks.

Defendants have submitted detailed invoices and summaries that describe the nature of the services rendered and the billing rate of the individual performing the task. *See* Morgan Decl., ¶¶ 2 and 9, Exs. A and B. These invoices serve two purposes. First, they constitute the monthly accounting required in the Fee Order detailing the expenditure of the approved attorney's fees of $10,000 per month. *See* Dkt. No. 443, at 2. Second, as to the additional $47,630.18 in fees and expenses incurred in November 2016, the invoices provide the Court with the comprehensive billing information that it will need to evaluate this request for additional legal fees and expenses.

### III.  DEFENDANTS' LEGAL FEES AND EXPENSES ARE REASONABLE

Nicolas Morgan, now a partner at Paul Hastings, is the lead attorney representing defendants in this action. For this matter, he had discounted his standard Zaccaro Morgan hourly rate of $795 to $650, and will honor this discounted rate through the conclusion of this action even though his normal Paul Hastings hourly rate is $1,100. *See* Morgan Decl., ¶ 7, Ex. A. Moreover, Paul Hastings will honor Zaccaro Morgan's lower rates for each attorney staffed on this matter. Paul Georgeson, a partner at McDonald Carano Wilson, is serving as defendants' local counsel in this matter. Mr. Georgeson's billing rate is $400 per hour. *See id.*, ¶ 9, Ex. B. These rates are reasonable in light of the claims asserted and the fact that plaintiffs have brought a class action. *See id.*, ¶ 10. Mr. Morgan strived to staff this matter as efficiently as possible, given the level of skill and experience required for the various tasks undertaken by Paul Hastings. *See* Morgan Decl., ¶ 8. Based on these factors, the fees and expenses incurred by Paul Hastings and McDonald Carano Wilson in November 2016 were reasonable.

### IV.  CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court issue an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction, to

1  transfer to (1) Paul Hastings the sum of $56,530.18, and (2) McDonald Carano Wilson the sum of
2  $1,100, which constitute the balance due for work that the firms performed on this matter in
3  November 2016.

4  DATED:  January 10, 2017               Respectfully submitted,

5                                          NICOLAS MORGAN
                                           PAUL HASTINGS LLP
6

7
                                           By: /s/ Nicolas Morgan
8                                                   NICOLAS MORGAN

9                                          Attorneys for Defendants
                                           JUNZO SUZUKI AND PAUL MUSASHI
10                                         SUZUKI

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2017, I filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

- James Edwin Gibbons
  Email: jeg@manningllp.com

- James R. Olson
  Email: chartle@ocgas.com

- Mariko Taenaka
  Email: mt@robertwcohenlaw.com

- Robert W. Cohen
  Email: rwc@robertwcohenlaw.com

- Steven Jeff Renick
  Email: sjr@manningllp.com

- Jeffrey A. Silvestri
  Email: jsilvestri@mcdonaldcarano.com

- Paul J. Georgeson,
  Email: pgeorgeson@mcdonaldcarano.com

- Daniel L. Hitzke
  Email: daniel.hitzke@hitzkelaw.com

- Erick M. Ferran
  Email: Erick.ferran@hitzkelaw.com

- Robert A. Goldstein
  Email: rgoldstein@sklar-law.com

- Mark S. Dzarnoski
  Email: adangdiallo@gordonsilver.com

/s/ Nicolas Morgan
Nicolas Morgan, CA State Bar No. 166441
(Admitted pro hac vice)