JEFFREY A. SILVESTRI (Nevada Bar No. 5779)
jsilvestri@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
2300 West Sahara Ave., Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966

PAUL J. GEORGESON (Nevada Bar No. 5322)
pgeorgeson@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89505
Telephone: (775) 788-2000
Facsimile: (775) 788-2020

NICOLAS MORGAN (*admitted pro hac vice*)
nicolasmorgan@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and on Behalf of All Others Similarity Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., d/b/a STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | CASE NO. 2:13-CV-01183-HDM-VCF<br><br>**DEFENDANTS JUNZO SUZUKI'S AND PAUL SUZUKI'S NOTICE OF APPLICATION AND APPLICATION FOR APPROVAL OF DECEMBER 2016 LEGAL FEES AND EXPENSES** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Junzo Suzuki and Paul Musashi Suzuki hereby apply to this Court for an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction in this action, to transfer to Defendants' counsel the sum of $91,416.32, which constitutes the balance due for work that the firms performed on this matter in December 2016.  Good cause exists for the payment of attorney's fees in excess of the $10,000 monthly limit imposed by the Court on June 30, 2016 because the majority of the balance due was expended in connection with Defendants preparing oppositions to case dispositive motions on behalf of Junzo Suzuki and Paul Suzuki, preparing the October 2016 application for legal fees and expenses as well as the reply to Plaintiffs' opposition to the Suzukis' October 2016 application for legal fees and expenses, reviewing filed pleadings, communicating with the Bank of Hawaii concerning the fee applications, attending hearings called by the Hon. Judge McKibben, and coordinating strategy with Junzo Suzuki and Paul Suzuki's co-defense counsel. As with prior months for which Defendants have filed fee applications, but for the Plaintiffs' litigation activity, Defendants would not have exceeded the Court's $10,000 monthly limit.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Nicolas Morgan, and the exhibits thereto, and the documents on file in this action.

DATED:  February 13, 2017

Respectfully submitted,

NICOLAS MORGAN
PAUL HASTINGS LLP


By: /s/ Nicolas Morgan
　　　　NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

Case No. 2:13-CV-01183-HDM-VCF — - 1 - — DEFENDANTS' APPLICATION FOR APPROVAL OF FEES AND EXPENSES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Junzo Suzuki and Paul Musashi Suzuki file this Application to obtain approval from the Court for the payment of legal fees incurred in connection with this action.

On June 30, 2016, the Court issued an order permitting Defendants to "pay up to $10,000 per month for attorney's fees relating to this litigation only" ("Fee Order"). Dkt. No. 443, at 2. The Fee Order required Defendants to file monthly accountings with the court detailing any such expenditures. *See id.* The Fee Order also prohibited Defendants from expending any funds in excess of this $10,000 limit "without prior authorization of the court." *Id.* But the Court expressed its willingness to approve legal fee expenditures in excess of $10,000 a month upon a showing of good cause. *See* Dkt. No. 443, at 2.

In December 2016, Paul Hastings, counsel for Defendants, incurred $88,525 in fees and $1,191.32 in expenses related to this action. The majority of the fees related to preparing oppositions to Plaintiffs' motions for summary judgment against the Suzukis. Specifically, approximately $78,655 of the fees (or 89%) related to preparing Junzo Suzuki's and Paul Suzuki's oppositions to Plaintiffs' motions for partial summary judgment. Dkt. Nos. 563, 566. In addition, $1,900 of the fees (or 2%) was expended in connection with preparing the October 2016 application for legal fees and expenses, replying to Plaintiffs' opposition to the October 2016 application for legal fees and expenses, and communicating with the Bank of Hawaii concerning the fee applications. Dkt. Nos. 554, 576. Moreover, $7,970 in fees (or 9%) related to reviewing filed pleadings, attending hearings called by the Hon. Judge McKibben, and coordinating strategy with Junzo Suzuki and Paul Suzuki's co-defense counsel. Paul Hastings also incurred $1,191.32 in expenses related to its use of legal research databases and other litigation services. Moreover, Defendants' local Nevada counsel incurred $1,700 in fees in December 2016 for conferring and corresponding with Paul Hastings concerning Junzo Suzuki's and Paul Suzuki's oppositions to Plaintiffs' motions for partial summary judgment, reviewing related documents filed and served in this matter, and reviewing various orders issued by the Court.

But for the need to prepare oppositions to Plaintiffs' motions for partial summary judgment against the Suzukis, Defendants' fees for December 2016 would not have exceeded the $10,000 limit imposed by the Court. Indeed, the Suzuki Defendants' fees would have been reduced from the $91,416.32 currently sought if Plaintiffs had agreed to the Suzuki Defendants' proposed briefing schedule. The Suzuki Defendants requested briefing schedule allowed for four additional weeks to draft their briefs, but Plaintiffs only consented to two weeks. *See* Declaration of Nicolas Morgan ("Morgan Decl."), ¶ 11 and Ex. C. Because of the condensed briefing schedule, counsel for the Suzuki Defendants were obligated to rely on more expensive attorneys in preparing the Suzuki Defendants' opposition briefs, whereas with additional time to prepare this briefing, more junior associates could have produced a greater proportion of the work product.

In December, as was the case for June, July, August, September, October, and November 2016, Plaintiffs' activity largely caused Defendants to exceed the $10,000 monthly limit. In addition, had Defendants been able to stay within the $10,000 limit in October 2016, they would not have needed to incur costs associated with their fee application and reply briefing for this month. Accordingly, good cause exists for the Court to approve the expenditure of frozen funds to pay the December 2016 invoices for Defendants' counsel in the amount of $91,416.32.

## II. DEFENDANTS' DECEMBER 2016 LEGAL FEES AND EXPENSES

In December 2016, attorneys from Paul Hastings incurred fees and expenses totaling $89,716.32. *See* Morgan Decl., ¶ 2 and Ex. A. Paul Hastings spent significant time on oppositions to case dispositive motions by preparing Junzo Suzuki's and Paul Suzuki's oppositions to Plaintiffs' motions for summary judgment. Dkt. Nos. 563, 566. Paul Hastings spent approximately 198.8 hours preparing these oppositions and related materials. In addition to opposing Plaintiffs' motions, Paul Hastings spent approximately 6.4 hours preparing the October 2016 application for legal fees and expenses as well as the reply to Plaintiffs' opposition to the Suzukis' October 2016 application for legal fees and expenses.[1] Dkt. Nos. 554, 576. The bulk of

---

[1] Paul Hastings spent 4.4 hours preparing the October 2016 Fee Application in November. The Firm also spent approximately 3.5 hours of additional time preparing and filing the October 2016 Fee Application in December. Consequently, the amount of time spent preparing the October

this work was done by Mr. Brejcha, whose hourly rate is discounted from $875 to $450 for this matter, and Mr. Jones and Mr. Rotstein, whose hourly rates are also discounted from $550 to $250. In all, Paul Hastings expended 205.2 hours of time on these tasks, for a total of $80,555. *See* Morgan Decl., ¶ 3, and Ex. A.

Paul Hastings performed other work in December 2016 including corresponding and conferring with defense counsel regarding related litigation issues, reviewing filed pleadings, and attending hearings called by the Hon. Judge McKibben. This additional work totaled $7,970. *See* Morgan Decl., ¶ 4 and Ex. A. Paul Hastings also incurred $1,191.32 in related expenses associated with its use of legal research databases and other litigation services. *See id.*, ¶ 5 and Ex. A. Moreover, Defendants' local Nevada counsel incurred legal fees and expenses of $1,700 to correspond and confer with Paul Hastings concerning the Suzukis' oppositions to Plaintiffs' motions for summary judgment, and review Defendants' motions, Plaintiffs' filings, and this Court's Orders issued in this litigation. *See id.*, ¶ 9, Ex. B.

In December, Paul Hastings did not perform any work that proactively advanced its defense of Plaintiffs' claims. *See* Morgan Decl., ¶ 6. Nearly all of the work that Paul Hastings undertook in December was in response to Plaintiffs' activity. At this stage of the action, Defendants' legal fees at any given moment continue to be largely dependent on Plaintiffs' activity level in this litigation. Because Paul Hastings has an ethical responsibility to represent Defendants effectively, it must respond and react to Plaintiff's efforts, even if the amount of legal fees incurred, as it did for December, exceeds the Court's $10,000 limit.

The fees incurred by Paul Hastings and local Nevada Counsel to defend the Suzukis in this matter are consistent with the amount that Defendants originally requested in its Schedule of Anticipated Monthly Costs and Fees (Dkt. No. 439). In response to the Court's May 3, 2016

---

2016 Fee Application is significantly less than the 14 hours spent preparing the July 2016 Fee Application, which was permitted by this Court. Order (Dkt. No. 585), at 2. The steady decline in time and fees spent on preparing the October 2016 Fee Application is consistent with what this Court envisioned with respect to fee applications. *See id.* ("This court . . . expect[s] that the time and fees expended preparing the fee application . . . [would] steadily decrease each month . . . Defense counsel is allowed to bill a maximum of 14 hours for preparing the July 2016 fee motion.") (internal citations omitted).

1  Order (Dkt. No. 424), Defendants filed their schedule and requested $40,000 monthly to pay legal
2  fees incurred in connection with this litigation.  *See* Dkt. No. 439, at 2.  Plaintiffs challenged this
3  amount as "beyond unreasonable."  Dkt. No. 440, at 4.  Nonetheless, they acknowledged that the
4  Suzukis have a "right to mount as vigorous a defense as they're able to do within their means."
5  *Id.*, at 5.  But Plaintiffs, in opposing Defendants' request, apparently failed to appreciate their
6  integral role in determining the size of Defendants' monthly fees.  Indeed, the existence of a
7  monthly fee limit could incentivize a Plaintiff to increase its litigation activity in an effort to
8  steamroll a defendant into running up legal costs, without regard to the defendant's ability to pay.

9  　　　　As the December 2016 billing records indicate, Defendants took great pains to operate
10  within the $10,000 budget imposed by the Court.  Nonetheless, Plaintiffs, in pursuing their
11  claims, required Defendants to incur additional, reasonable and necessary fees and expenses.
12  Defendants could not avoid the overage of $81,416.32 in fees and expenses incurred in
13  connection with these necessary tasks.

14  　　　　Defendants have submitted detailed invoices and summaries that describe the nature of the
15  services rendered and the billing rate of the individual performing the task.  *See* Morgan Decl., ¶¶
16  2 and 9, Exs. A and B.  These invoices serve two purposes.  First, they constitute the monthly
17  accounting required in the Fee Order detailing the expenditure of the approved attorney's fees of
18  $10,000 per month.  *See* Dkt. No. 443, at 2.  Second, as to the additional $81,416.32 in fees and
19  expenses incurred in December 2016, the invoices provide the Court with the comprehensive
20  billing information that it will need to evaluate this request for additional legal fees and expenses.

21  **III.    DEFENDANTS' LEGAL FEES AND EXPENSES ARE REASONABLE**

22  　　　　Nicolas Morgan, now a partner at Paul Hastings, is the lead attorney representing
23  Defendants in this action.  For this matter, he had discounted his standard Zaccaro Morgan hourly
24  rate of $795 to $650, and will honor this discounted rate through the conclusion of this action
25  even though his normal Paul Hastings hourly rate is $1,100.  *See* Morgan Decl., ¶ 7, Ex. A.
26  Moreover, Paul Hastings will honor Zaccaro Morgan's lower rates for each attorney staffed on
27  this matter.  Paul Georgeson, a partner at McDonald Carano Wilson, is serving as Defendants'
28  local counsel in this matter.  Mr. Georgeson's billing rate is $400 per hour.  *See id.*, ¶ 9, Ex. B.

These rates are reasonable in light of the claims asserted and the fact that Plaintiffs have brought a class action. *See id.*, ¶ 10. Mr. Morgan strived to staff this matter as efficiently as possible, given the level of skill and experience required for the various tasks undertaken by Paul Hastings. *See Id.*, ¶ 8. Based on these factors, the fees and expenses incurred by Paul Hastings and McDonald Carano Wilson in December 2016 were reasonable.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction, to transfer to (1) Paul Hastings the sum of $89,716.32, and (2) McDonald Carano Wilson the sum of $1,700, which constitute the balance due for work that the firms performed on this matter in December 2016.

DATED:  February 13, 2017

Respectfully submitted,

NICOLAS MORGAN
PAUL HASTINGS LLP


By: /s/ Nicolas Morgan
         NICOLAS MORGAN

Attorneys for Defendants
JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2017, I filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

- James Edwin Gibbons
  Email: jeg@manningllp.com

- James R. Olson
  Email: chartle@ocgas.com

- Mariko Taenaka
  Email: mt@robertwcohenlaw.com

- Robert W. Cohen
  Email: rwc@robertwcohenlaw.com

- Steven Jeff Renick
  Email: sjr@manningllp.com

- Jeffrey A. Silvestri
  Email: jsilvestri@mcdonaldcarano.com

- Paul J. Georgeson,
  Email: pgeorgeson@mcdonaldcarano.com

- Daniel L. Hitzke
  Email: daniel.hitzke@hitzkelaw.com

- Erick M. Ferran
  Email: Erick.ferran@hitzkelaw.com

- Robert A. Goldstein
  Email: rgoldstein@sklar-law.com

- Mark S. Dzarnoski
  Email: adangdiallo@gordonsilver.com

/s/ Nicolas Morgan
Nicolas Morgan, CA State Bar No. 166441
(Admitted pro hac vice)