**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, AND HIDENAO TAKAMA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MRI INTERNATIONAL, INC., EDWIN J FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | ) | 2:13-cv-01183-HDM-VCF<br><br>ORDER |

Plaintiffs, on behalf of a class of about 8,700 mostly Japanese investors, initiated this action against defendants MRI International ("MRI"), Edwin Fujinaga ("Fujinaga"), Junzo Suzuki, Paul Suzuki, and LVT, Inc. dba Sterling Escrow ("Sterling") on July 5, 2013, asserting several claims in connection with the collapse

of an alleged Ponzi scheme. Since that time, ten additional parties have been added to the case, including Keiko Suzuki.

The operative complaint – the Fifth Amended Complaint (ECF No. 481) – asserts twelve causes of action: (1) violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j and Rule 10b-5, 17 C.F.R. § 240.10B-5, against Fujinaga, Junzo Suzuki, Paul Suzuki, and Keiko Suzuki; (2) violation of § 20(a) of the Exchange Act of 1934, 15 U.S.C. § 77t against Fujinaga, Junzo Suzuki, Paul Suzuki, and Keiko Suzuki; (3) violation of § 12(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77*l* against MRI, Fujinaga, Junzo Suzuki, Paul Suzuki, and Keiko Suzuki; (4) violation of § 15 of the Securities Act of 1933, 15 U.S.C. § 77o against Fujinaga, Junzo Suzuki, Paul Suzuki, and Keiko Suzuki; (5) intentional fraud against MRI, Fujinaga, Junzo Suzuki, Paul Suzuki, and Keiko Suzuki; (6) unjust enrichment against all defendants; (7) breach of fiduciary duty against MRI, Fujinaga, Junzo Suzuki, Paul Suzuki, Keiko Suzuki, and Sterling; (8) aiding and abetting fraud against Sterling; (9) breach of contract against MRI; (10) action for accounting against MRI, Fujinaga, Junzo Suzuki, Paul Suzuki, Keiko Suzuki, and Sterling; (11) constructive trust against all defendants; and (12) constructive fraudulent transfer against all defendants but MRI.

On March 21, 2016, the court granted the plaintiffs' motion for class certification. Plaintiffs thereafter provided the required notice to the class members. Trial in this matter is currently scheduled to begin on August 1, 2017. The deadline for filing motions for summary judgment as to the original defendants expired on November 1, 2016.

Currently before the court are the plaintiffs' motions for partial summary judgment against defendants (1) Paul Suzuki (ECF No. 520); (2) Junzo Suzuki (ECF No. 529); and (3) MRI and Fujinaga ECF No. 530) (hereinafter collectively "defendants"). Defendants have opposed (ECF Nos. 566, 563 & 559), and plaintiffs have replied (ECF Nos. 581, 577 & 580). In addition, the plaintiffs have filed separate statements of fact, to which the defendants have responded and plaintiffs have replied, and plaintiffs and defendants have noted various evidentiary objections.

Summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).

**I. MRI and Edwin Fujinaga**

The plaintiffs seek summary judgment on all of the securities claims alleged against MRI and Fujinaga. MRI and Fujinaga argue that plaintiffs have not proven that the underlying transactions were domestic, a necessary condition for their federal securities claims. They further argue that plaintiffs have failed to prove that MRI was a Ponzi scheme and maintain that MRI was in fact a legitimate business.

In opposition, plaintiffs principally argue that MRI and Fujinaga's arguments are precluded by the doctrine of collateral estoppel because those issues have already been decided in a case brought by the Securities and Exchange Commission against MRI and Fujinaga.

A. Collateral Estoppel

In September 2013, the Securities and Exchange Commission ("SEC") filed a complaint against MRI and Fujinaga that included a securities fraud claim under § 10(b) and Rule 10b-5. *See Securities & Exch. Comm'n v. Fujinaga*, 2:13-cv-01658-JCM-CWH. On October 3, 2014, the court in that case in granted the SEC summary judgment on its claims against MRI and Fujinaga, including the securities fraud claim. That order has been appealed, and the

appeal remains pending. Plaintiffs seek application of collateral estoppel against MRI and Fujinaga on the basis of the court's findings in that case.

The court has broad discretion to determine when offensive collateral estoppel should apply, and may decline to apply it in cases where it would be unfair to the defendant and where it would not promote judicial economy. *Collins v. D.R. Horton*, 505 F.3d 874, 881-82 (9th Cir. 2007). Here, the court's judgment in the related SEC case is on appeal. Should this court rely on collateral estoppel to prevent MRI and Fujinaga from presenting a defense here, a reversal of any or all of the judgment in the SEC case could impact this case and could duplicate and further prolong these proceedings. Moreover, Fujinaga has elected to not invoke the Fifth Amendment in these proceedings and apparently intends to introduce evidence negating an inference of scienter. The court's findings as to scienter in the SEC case was based, in part, on Fujinaga's assertion of his Fifth Amendment rights in that case. (*See* 2:13-cv-01658-JCM-CWH, Doc. #156 at 14 (Ord. dated Oct. 3, 2016)). For these reasons, the plaintiffs' request for summary judgment on all the securities claims against MRI and Fujinaga based on the doctrine of collateral estoppel is **DENIED**.

B. Domestic Transaction

MRI and Fujinaga's principal argument in opposition to summary judgment is that plaintiffs have failed to prove a necessary element of their securities claims: that the transactions at issue qualified as "domestic transactions" as required by *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 267 (2010). Plaintiffs respond that the court has already decided this issue in connection

with the Suzukis' motion to dismiss.

In *Morrison*, the Supreme Court held that § 10(b) and Rule 10b-5 apply only to securities listed on a domestic exchange or to "domestic transactions in other securities." *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 267 (2010). Some courts have extended *Morrison* to § 12 claims. *See In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 56 (S.D.N.Y. 2013). Plaintiffs have not disputed *Morrison*'s application to their § 12(a)(1) claim.

The *Morrison* court did not discuss what "domestic purchases and sales" meant. The Second Circuit, however, has held that a transaction is domestic "if irrevocable liability is incurred or title passes within the United States." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 67 (2d Cir. 2012). "Put another way, these definitions suggest that the 'purchase' and 'sale' take place when the parties become bound to effectuate the transaction." *Id.* Irrevocable liability attaches at the time the parties committed to one another, which is where "there was a meeting of the minds." *Id.* at 68. A "sale of securities can [also] be understood to take place at the location in which title is transferred." *Id.* A "sale is ordinarily defined as the transfer of property or title for a price." *Id.* (internal punctuation omitted). "*Morrison* adopted a transactional test, which focuses not upon the place where deception originated, but upon purchases and sales of securities in the United States." *Sec. & Exch. Comm'n v. Ficeto*, 2013 WL 1196356, at *2 (C.D. Cal. 2013) (internal punctuation omitted).

It is undisputed that MRI did not register its securities in the United States; thus the question is whether irrevocable

liability was incurred or title was passed in the United States. While the court has concluded that plaintiffs' complaint sufficiently *alleges* a domestic transaction, that is not the same as holding that plaintiffs have established a domestic transaction with admissible evidence. The fact that plaintiffs have failed to brief or introduce evidence on this issue precludes summary judgment on any of their securities law claims.[1]

C. Other Issues of Fact

In addition to the domestic transaction issue, genuine issues of material fact exist as to the plaintiffs' securities claims against Fujinaga and MRI.

In order to prove securities fraud in violation of § 10(b) and Rule 10b-5, the plaintiffs must show: "(1) a material misrepresentation or omission; (2) scienter (i.e., a wrongful state of mind); (3) a connection between the misrepresentation and the purchase or sale of a security; (4) reliance upon the misrepresentation . . . ; (5) economic loss; and (6) loss causation." *Loos v. Immersion Corp.*, 762 F.3d 880, 886-87 (9th Cir. 2014), *as amended* (Sept. 11, 2014). Genuine issues of material fact exist as to this claim, including but not limited to the defendants' state of mind.

Section 12(a)(1) imposes liability for the offer or sale of an

[1] The court notes that plaintiffs' motion cites the undisputed fact that investors wired their money to an escrow account in the United States and that in return investors were sent a "Certificate of Investment." (ECF No. 530 at 9 (Pl. Mot. Summ. J. MRI & Fujinaga at 8)). These two facts alone, however, are not sufficient to conclude that the transactions at issue were domestic. The plaintiffs' complaint contained far more allegations supporting the court's conclusion, at the dismissal stage, that a domestic transaction had been sufficiently alleged. These additional allegations have not been supported by the plaintiffs with admissible evidence in connection with their motion for summary judgment.

unregistered security in violation of 15 U.S.C. § 77(e). 15 U.S.C. § 77*l*(a)(1). No party has briefed whether the transactions at issue were exempt from § 77(e), 15 U.S.C. § 77d, such that the court can conclude, as a matter of law, that MRI and/or Fujinaga violated § 12(a)(1).

Sections 15 and 20(a) impose liability on control persons for a primary violation of the securities laws - in this case, § 12(a)(1) and § 10(b). Because questions of fact remain as to the primary violations, summary judgment cannot be granted on the control person claims.

**II. Paul Suzuki**

Plaintiffs seek summary judgment on their first cause of action against Paul Suzuki, securities fraud in violation of § 10(b) and Rule 10b-5. The court concludes that genuine issues of material fact exist as to several of the elements of this claim, including but not limited to the connection between statements attributable to Paul Suzuki and the plaintiffs' purchase of MRI securities, and Paul Suzuki's state of mind. Accordingly, the plaintiffs' motion for partial summary judgment against Paul Suzuki is denied.

**III. Junzo Suzuki**

Plaintiffs seek summary judgment on their claims of constructive fraudulent transfer and unjust enrichment against Junzo Suzuki.

A. <u>Constructive Fraudulent Transfer</u>

Under Nevada Revised Statutes § 112.180, constructive fraudulent transfer as to a creditor occurs when a debtor makes a transfer or incurs an obligation

> [w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (1) [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (2) [i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due.

Nev. Rev. Stat. § 112.180(1)(b). Plaintiffs' claim is based on the alleged fact that MRI operated as a Ponzi scheme, and thus when Junzo Suzuki received commissions over the class period, MRI was transferring him money without having sufficient assets to pay back its creditors, the plaintiffs.

Junzo Suzuki argues that plaintiffs have not established that MRI was a Ponzi scheme and for that reason alone summary judgment must be denied. Further, he asserts, a question of fact exists as to whether he gave reasonably equivalent value in exchange for the commissions he received from MRI.

At a minimum, there are questions of fact as to the extent and timing of the alleged Ponzi scheme in this case, which pertains to whether and when MRI was unable to repay its debts to plaintiffs at the time of each transfer to Junzo Suzuki. Summary judgment is denied as to the constructive fraudulent transfer claim against Junzo Suzuki.

B. Unjust Enrichment

Unjust enrichment is "the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). The elements are:

(1) a benefit conferred on the defendant by the plaintiff;

(2) appreciation by the defendant of such benefit; and

(3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981).

Junzo Suzuki argues that plaintiffs can prevail on this claim only if they show the existence of a Ponzi scheme; plaintiffs disagree that this is a necessary condition to prevail. Whether and to what extent Junzo Suzuki is liable for unjust enrichment should be decided after all the facts are disclosed at trial. Accordingly, the plaintiffs' motion for summary judgment on their claim of unjust enrichment against Junzo Suzuki is denied.

**IV. Conclusion**

In accordance with the foregoing, the plaintiffs' motions for summary judgment (ECF Nos. 520, 529 & 530) are hereby **DENIED.** The parties' evidentiary objections are **DENIED WITHOUT PREJUDICE** to renew at trial.

**IT IS SO ORDERED.**

DATED: This 27th day of February, 2017.

Howard D McKibben

UNITED STATES DISTRICT JUDGE