1  JEFFREY A. SILVESTRI (Nevada Bar No. 5779)
   jsilvestri@mcdonaldcarano.com
2  MCDONALD CARANO WILSON LLP
   2300 West Sahara Ave., Suite 1200
3  Las Vegas, Nevada 89102
   Telephone:  (702) 873-4100
4  Facsimile:  (702) 873-9966

5  PAUL J. GEORGESON (Nevada Bar No. 5322)
   pgeorgeson@mcdonaldcarano.com
6  MCDONALD CARANO WILSON LLP
   100 West Liberty Street, 10th Floor
7  Reno, Nevada 89505
   Telephone:  (775) 788-2000
8  Facsimile:  (775) 788-2020

9  NICOLAS MORGAN (*admitted pro hac vice*)
   nicolasmorgan@paulhastings.com
10 PAUL HASTINGS LLP
   515 South Flower Street
11 Twenty-Fifth Floor
   Los Angeles, California  90071-2228
12 Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
13
   Attorneys for Defendants
14 JUNZO SUZUKI AND PAUL MUSASHI SUZUKI

15                    UNITED STATES DISTRICT COURT

16                         DISTRICT OF NEVADA

17

18 SHIGE TAKIGUCHI, FUMI NONAKA,          CASE NO. 2:13-CV-01183-HDM-NJK
   MITSUAKI TAKITA, TATSURO SAKAI,
19 SHIZUKO ISHIMORI, YUKO NAKAMURA,       **DEFENDANTS JUNZO SUZUKI'S**
   MASAAKI MORIYA, HATSUNE HATANO,        **AND PAUL SUZUKI'S NOTICE OF**
20 and HIDENAO TAKAMA, Individually and   **APPLICATION AND APPLICATION**
   on Behalf of All Others Similarity Situated,  **FOR APPROVAL OF JANUARY AND**
21                                        **FEBRUARY 2017 LEGAL FEES AND**
                   Plaintiffs,            **EXPENSES**
22
              vs.
23
   MRI INTERNATIONAL, INC., EDWIN J.
24 FUJINAGA, JUNZO SUZUKI, PAUL
   MUSASHI SUZUKI, LVT, INC., d/b/a
25 STERLING ESCROW, and DOES 1-500,

26                 Defendants.

27

28

DEFENDANTS' APPLICATION FOR
                                                    APPROVAL OF FEES AND EXPENSES

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Junzo Suzuki and Paul Musashi Suzuki hereby apply to this Court for an order directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction in this action, to transfer to Defendants' counsel the sum of $52,858.54, which constitutes the balance due for work that the firms performed on this matter in January and February 2017.  Good cause exists for the payment of attorney's fees in excess of the $10,000 monthly limit imposed by the Court on June 30, 2016 because Defendants incurred the majority of the fees requested to respond to case dispositive motions on behalf of Junzo Suzuki and Paul Suzuki, engage in settlement negotiations with the Plaintiffs, prepare the November and December 2016 application for legal fees and expenses and related briefing, assist co-counsel in its response to Plaintiff's contempt motion, attend hearings set by the Hon. Judge McKibben, and strategize with Junzo Suzuki and Paul Suzuki's co-defense counsel on the above-mentioned tasks.  As with prior months in which Defendants have filed fee applications, but for the Plaintiffs' litigation activity, Defendants would not have exceeded the Court's $10,000 monthly limit.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Nicolas Morgan, and the exhibits thereto, and the documents on file in this action.

DATED:  April 14, 2017                                  Respectfully submitted,

                                                        NICOLAS MORGAN
                                                        PAUL HASTINGS LLP


                                                        By: /s/ Nicolas Morgan
                                                                    NICOLAS MORGAN

                                                        Attorneys for Defendants
                                                        JUNZO SUZUKI AND PAUL MUSASHI
                                                        SUZUKI

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3         Defendants Junzo Suzuki and Paul Musashi Suzuki file this Application to obtain

4  approval from the Court for the payment of legal fees incurred in connection with this action.

5         On June 30, 2016, the Court issued an order permitting Defendants to "pay up to $10,000

6  per month for attorney's fees relating to this litigation only" ("Fee Order"). Dkt. No. 443, at 2.

7  The Fee Order required Defendants to file monthly accountings with the court detailing any such

8  expenditures. *See id.* The Fee Order also prohibited Defendants from expending any funds in

9  excess of this $10,000 limit "without prior authorization of the court." *Id.* But the Court

10 expressed its willingness to approve legal fee expenditures in excess of $10,000 a month upon a

11 showing of good cause. *See* Dkt. No. 443, at 2.

12        As a result of the Plaintiffs' litigation activity, Defendants have filed a fee application for

13 each month from June 2016 through December 2016. Dkt. Nos. 447, 469, 504, 519, 554, 594,

14 615. Plaintiffs have mechanically opposed each fee application Defendants have filed. Dkt. Nos.

15 454, 477, 518, 538, 573, 607, 628. Despite Plaintiffs' reflexive oppositions, this Court has

16 granted in whole, or in part, each fee application for which an Order has been issued. Dkt. Nos.

17 511, 507, 620. The Court has yet to issue Orders on the fee applications for the months of

18 September, October, November, and December 2016. Dkt. Nos. 519, 554, 594, 615.

19        In January and February 2017, Paul Hastings, counsel for Defendants, incurred a total of

20 $49,050 in fees and $1,593.74 in expenses related to this action. The majority of the fees related

21 to opposing Plaintiffs' motions for summary judgment against the Suzukis. Specifically,

22 approximately $25,035 of the fees (or 51%) related to preparing Junzo Suzuki's and Paul

23 Suzuki's Proposed Sur-replies and related Motion to Strike New Matter Introduced in Plaintiffs'

24 Reply Briefs, or, in the alternative, for Leave to File Sur-replies in response to Plaintiffs' replies

25 in support of its motions for partial summary judgment. Dkt. No. 613. Furthermore, $11,470 of

26 the fees (or 23%) related to settlement negotiations with the Plaintiffs. In addition, $7,285 of the

27 fees (or 15%) was expended to prepare the November 2016 fee application and the December

28 2016 fee application for legal fees and expenses, reply to Plaintiffs' opposition to the November

2016 application for legal fees and expenses, and prepare Defendants' response to Plaintiffs' objections to Magistrate Judge Ferenbach's Order approving Defendants' August 2016 Fee Application.  Dkt. Nos. 594, 615, 608, 600, 609.  Moreover, $2,315 of the fees (or 5%) related to reviewing documents in connection with Plaintiffs' contempt motion filed against the law firm Damon Key Leong Kupchak Hastert.  Dkt. No. 602.   Finally, $2,945 in fees (or 6%) related to preparing Defendants' Answer to Plaintiffs' Fifth Amended Complaint, attending depositions, reviewing filed pleadings, attending hearings set by the Hon. Judge McKibben, and coordinating strategy with the Suzukis' co-defense counsel.  Paul Hastings also incurred $1,593.74 in expenses related to its use of legal research databases and other litigation services.  Moreover, Defendants' local Nevada counsel incurred $2,214.80 in fees and expenses in January and February 2017 for reviewing related documents filed and served in this matter, participating in status conferences, and reviewing various orders issued by the Court.

In January and February 2017, as was the case for June, July, August, September, October, November, and December 2016, Plaintiffs' litigation activity caused Defendants to exceed the $10,000 monthly limit.  In addition, had Defendants been able to stay within the $10,000 limit in November and December 2016, they would not have needed to incur costs associated with their fee application and related briefing for the months of January and February. Accordingly, good cause exists for the Court to approve the expenditure of frozen funds to pay the January and February 2017 invoices for Defendants' counsel in the amount of $52,858.54.

## II.     DEFENDANTS' JANUARY AND FEBRUARY 2016 LEGAL FEES AND EXPENSES

In January and February 2017, attorneys from Paul Hastings incurred fees and expenses totaling $50,643.74.  *See* Morgan Decl., ¶ 2 and Ex. A.  Paul Hastings spent significant time to prepare briefing related to Plaintiffs' partial motions for summary judgment against the Junzo and Paul Suzuki.  Dkt. No. 613.  Paul Hastings spent approximately 76.7 hours preparing Junzo Suzuki's and Paul Suzuki's Proposed Sur-replies and related Motion to Strike New Matter Introduced in Plaintiffs' Reply Briefs, or, in the alternative, for Leave to File Sur-replies.  In addition to preparing briefing related to successfully opposing Plaintiffs' motions for partial

summary judgment, Paul Hastings spent approximately 18.3 hours related to settlement negotiations with the Plaintiffs.  Moreover, Paul Hastings spent approximately 28.5 hours preparing the November 2016 fee application and the December 2016 fee application for legal fees and expenses, replying to Plaintiffs' opposition to the November 2016 application for legal fees and expenses, and preparing Defendants' response to Plaintiffs' objections to Magistrate Judge Ferenbach's Order approving Defendants' August 2016 Fee Application.  Dkt. Nos. 594, 615, 608, 600, 609.[1]  Paul Hastings also spent approximately 4.3 hours related to work consisting of analyzing Plaintiffs' contempt motion filed against the law firm Damon Key Leong Kupchak Hastert, and reviewing documents in connection with this motion.  The bulk of this work was done by Mr. Brejcha, whose hourly rate is discounted from $875 to $450 for this matter, and Mr. Jones and Mr. Rotstein, whose hourly rates are also discounted from $550 to $250.  In all, Paul Hastings expended 127.8 hours of time on these tasks, for a total of $46,105.  *See* Morgan Decl., ¶ 3, and Ex. A.

Paul Hastings performed other work in January and February 2017 including preparing Defendants' Answer to Plaintiffs' Fifth Amended Complaint, attending depositions, reviewing filed pleadings, attending hearings called by the Hon. Judge McKibben, and coordinating litigation strategy with the Suzukis' co-defense counsel.  This additional work totaled $2,945.  *See* Morgan Decl., ¶ 4 and Ex. A.  Paul Hastings also incurred $1,593.74 in related expenses associated with its use of legal research databases and other litigation services.  *See id*., ¶ 5 and Ex. A.  Moreover, Defendants' local Nevada counsel incurred legal fees and expenses of $2,214.80 to review Defendants' motions, Plaintiffs' filings, and this Court's Orders issued in this litigation.  *See id.*, ¶ 9, Ex. B.

---

[1] Paul Hastings spent 5.6 hours preparing the November 2016 Fee Application.  The Firm spent a similar amount of time preparing the December 2016 Fee Application.  Consequently, the amount of time spent preparing the November and December 2016 Fee Applications is significantly less than the 14 hours spent preparing **just** the July 2016 Fee Application, which was permitted by this Court.  Order (Dkt. No. 585), at 2.  The steady decline in time and fees spent on preparing both the November and December 2016 Fee Applications is consistent with what this Court envisioned with respect to fee applications.  *See id.* ("This court . . . expect[s] that the time and fees expended preparing the fee application . . . [would] steadily decrease each month . . . Defense counsel is allowed to bill a maximum of 14 hours for preparing the July 2016 fee motion.") (internal citations omitted).

In January and February, Paul Hastings did not perform any work that proactively advanced its defense of Plaintiffs' claims.  *See* Morgan Decl., ¶ 6.  Nearly all of the work that Paul Hastings undertook in January and February was in response to Plaintiffs' activity.  At this stage of the action, Defendants' legal fees at any given moment continue to be largely dependent on Plaintiffs' activity level in this litigation.  Because Paul Hastings has an ethical responsibility to represent Defendants effectively, it must respond and react to Plaintiff's efforts, even if the amount of legal fees incurred, as it did for January and February, exceeds the Court's $10,000 limit.

The fees incurred by Paul Hastings and local Nevada Counsel to defend the Suzukis in this matter are consistent with the amount that Defendants originally requested in its Schedule of Anticipated Monthly Costs and Fees (Dkt. No. 439).   In response to the Court's May 3, 2016 Order (Dkt. No. 424), Defendants filed their schedule and requested $40,000 monthly to pay legal fees incurred in connection with this litigation.  *See* Dkt. No. 439, at 2.   Plaintiffs challenged this amount as "beyond unreasonable."  Dkt. No. 440, at 4.  Nonetheless, they acknowledged that the Suzukis have a "right to mount as vigorous a defense as they're able to do within their means." *Id.*, at 5.  But Plaintiffs, in opposing Defendants' request, apparently failed to appreciate their integral role in determining the size of Defendants' monthly fees.  Indeed, the existence of a monthly fee limit could incentivize a Plaintiff to increase its litigation activity in an effort to steamroll a defendant into running up legal costs, without regard to the defendant's ability to pay.

As the January and February 2017 billing records indicate, Defendants took great pains to operate within the $10,000 budget imposed by the Court.  Nonetheless, Plaintiffs, in pursuing their claims, required Defendants to incur additional, reasonable and necessary fees and expenses. Defendants could not avoid the overage of $42,858.54 in fees and expenses incurred in connection with these necessary tasks.

Defendants have submitted detailed invoices and summaries that describe the nature of the services rendered and the billing rate of the individual performing the task.  *See* Morgan Decl., ¶¶ 2 and 9, Exs. A and B.  These invoices serve two purposes.  First, they constitute the monthly accounting required in the Fee Order detailing the expenditure of the approved attorney's fees of

1   $10,000 per month.  *See* Dkt. No. 443, at 2.  Second, as to the additional $42,858.54 in fees and

2   expenses incurred in January and February 2017, the invoices provide the Court with the

3   comprehensive billing information that it will need to evaluate this request for additional legal

4   fees and expenses.

5   **III.    DEFENDANTS' LEGAL FEES AND EXPENSES ARE REASONABLE**

6          Nicolas Morgan, now a partner at Paul Hastings, is the lead attorney representing

7   Defendants in this action.  For this matter, he had discounted his standard Zaccaro Morgan hourly

8   rate of $795 to $650, and will honor this discounted rate through the conclusion of this action

9   even though his normal Paul Hastings hourly rate is $1,100.  *See* Morgan Decl., ¶ 7, Ex. A.

10  Moreover, Paul Hastings will honor Zaccaro Morgan's lower rates for each attorney staffed on

11  this matter.  Paul Georgeson, a partner at McDonald Carano Wilson, is serving as Defendants'

12  local counsel in this matter.  Mr. Georgeson's billing rate is $400 per hour.  *See id.*, ¶ 9, Ex. B.

13  These rates are reasonable in light of the claims asserted and the fact that Plaintiffs have brought a

14  class action.  *See id.*, ¶ 10.  Mr. Morgan strived to staff this matter as efficiently as possible, given

15  the level of skill and experience required for the various tasks undertaken by Paul Hastings.  *See*

16  *Id.*, ¶ 8.  Based on these factors, the fees and expenses incurred by Paul Hastings and McDonald

17  Carano Wilson in January and February 2017 were reasonable.

18  **IV.    CONCLUSION**

19         For the foregoing reasons, Defendants respectfully request that the Court issue an order

20  directing First Hawaiian Bank, the custodian of funds frozen under the Preliminary Injunction, to

21  transfer to (1) Paul Hastings the sum of $50,643.74, and (2) McDonald Carano Wilson the sum of

22  $2,214.80, which constitute the balance due for work that the firms performed on this matter in

23  January and February 2017.

24

25

26

27

28

1  DATED:  April 14, 2017                    Respectfully submitted,

2                                            NICOLAS MORGAN
                                             PAUL HASTINGS LLP
3

4
                                             By: /s/ Nicolas Morgan
5                                                    NICOLAS MORGAN

6                                            Attorneys for Defendants
                                             JUNZO SUZUKI AND PAUL MUSASHI
7                                            SUZUKI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2017, I filed the foregoing document using

the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

- James Edwin Gibbons
  Email: jeg@manningllp.com

- James R. Olson
  Email: chartle@ocgas.com

- Mariko Taenaka
  Email: mt@robertwcohenlaw.com

- Robert W. Cohen
  Email: rwc@robertwcohenlaw.com

- Steven Jeff Renick
  Email: sjr@manningllp.com

- Jeffrey A. Silvestri
  Email: jsilvestri@mcdonaldcarano.com

- Paul J. Georgeson,
  Email: pgeorgeson@mcdonaldcarano.com

- Daniel L. Hitzke
  Email: daniel.hitzke@hitzkelaw.com

- Erick M. Ferran
  Email: Erick.ferran@hitzkelaw.com

- Robert A. Goldstein
  Email: rgoldstein@sklar-law.com

- Mark S. Dzarnoski
  Email: adangdiallo@gordonsilver.com

/s/ Nicolas Morgan
Nicolas Morgan, CA State Bar No. 166441
(Admitted pro hac vice)