# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

SHIGE TAKIGUCHI; *et.al.*,

    Plaintiffs,

vs.

MRI INTERNATIONAL; *et.al.*,

    Defendants.

Case No. 2:13–cv–1183–HDM–VCF

**ORDER**

    Before the court are the Suzukis's motion for November 2016 legal fees and expenses (ECF No. 594), the Plaintiffs' response (ECF No. 607), and the Suzukis's reply (ECF No. 608). For the reasons stated below, the Suzukis's motion is granted in part and denied in part.

## I. Discussion

    "Reasonable attorney fees must 'be calculated according to the prevailing market rates in the relevant community,' considering the fees charged by 'lawyers of reasonably comparable skill, experience, and reputation.'" *Tracy v. Cytta Corp.*, No. 2:15-cv-2029-RCJ-GWF, 2016 WL 259696 at* 1 (D.Nev. Jan. 21, 2016)(citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct.1541 (1984)). When determining the reasonableness of attorney's fees, the court calculates the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). In rare and exceptional circumstances, the court may then adjust the lodestar amount based on factors not considered during the initial calculation. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

    In June 2016, the court capped the Defendants' monthly attorney's fees at $10,000. (ECF No. 443) Any request for attorney's fees that exceeded this amount must be approved by the court before

being distributed to defense counsel. (*Id.*) Pursuant to the June 2016 order, the Defendants filed a motion for attorney's fees in excess of $10,000. (ECF No. 594) They request $57,630.18 in attorney's fees for November 2016. In addition to their motion, the Defendants also submitted itemized billing invoices from their lead counsel, Paul Hastings, and local counsel, McDonald Carano.[1]

The Defendants' fee request is discounted for two reasons. First, one of the Defendants' redactions prevent the court from performing a complete lodestar calculation. For example, on November 14, Attorney Morgan billed .3 hours for "Confer with G. Zucker regarding." (ECF No. 594-2 at 7) This is the entirety of this billing entry. The rest of the description is redacted. (*Id.*) Without an adequate description of the work performed, the court is unable to determine the reasonableness of this and other similarly redacted time entries. Pursuant to this ruling, Attorney Morgan's hours billed are reduced by 1.5 hours, Attorney Brejcha's hours billed are reduced by 14.9 hours, and Attorney Rotstein's hours are reduced by .3 hours. These hours represent time entries where the redaction has made it impossible for the court to determine the reasonableness of the time expended for the work performed.

Second, the Defendants continue to devote an inordinate amount of time to preparing their monthly fee applications. With minor, month-specific variations, the Defendants file substantially similar fee applications each month. The court expected the amount of time devoted to the monthly fee application to decrease over time as defense counsel became more familiar with the relevant facts and case law. Instead, defense counsel billed 17.8 hours for preparing the June 2016 fee application. (ECF No. 507) This figure increased to 20.8 hours for preparing the July 2016 fee application (ECF No. 504). In its order granting in part and denying in part Defendants' August 2016 fee application, the court

---

[1] McDonald Carano billed $1,100.00 for work performed in November 2016. (ECF No. 594-3) The Plaintiffs do not dispute McDonald Carano's billing for this month. The court therefore grants the Suzukis' request for $1,100.00 to be paid to McDonald Carano.

limited the release of funds for work related to the monthly fee application. (ECF No. 585) Funds for approximately 14 hours of attorney time were released to compensate defense counsel for work performed on the July 2016 fee application. (*Id.*)

In the November 2016 fee application, Defendants billed 22.9 hours for fee related work. (ECF No. 554) This amount is excessive. Given defense counsel's familiarity with its monthly billing and the regularity of its fee applications, the court permits defense counsel to recover for a maximum of 8 hours related to work on the monthly fee application. Five hours are billed at Attorney Rotstein's hourly rate of $250.00. Three hours are billed at Attorney Puathasnanon's hourly rate of $550.00. This division of time approximates the proportional amount of fee work each attorney contributed.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Suzukis's motion for fees (ECF No. 594) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that $38,645.18 is released to Paul Hastings for legal fees and expenses billed in November 2016.

IT IS FURTHER ORDERED that $1,100.00 is released to McDonald Carano for legal fees and expenses billed in November 2016.

IT IS SO ORDERED.

DATED this 8th day of May, 2017.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE