# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, et al., | Case No. 2:13-cv-01183-HDM-NJK |
| Plaintiffs, | ORDER |
| vs. | (Docket Nos. 615, 616) |
| MRI INTERNATIONAL, INC., et al., et al., | |
| Defendants. | |

Pending before the Court are two motions for attorney fees filed by Defendants Junzo and Paul Suzuki ("Defendants"). Docket Nos. 615, 666. Plaintiffs filed responses in opposition and Defendants filed replies. Docket Nos. 628, 640, 670, 672.

On September 18, 2014, United States District Judge Howard D. McKibben entered a preliminary injunction freezing Defendants' assets. Docket No. 183. Judge McKibben's order provided a limited exception so that Defendants could pay "normal living expenses and legal fees." *Id.* at 17. Judge McKibben further ordered that "Defendants may petition the court to modify this order to allow the transfer, conversion, sale, disbursement, spending, withdrawing, liquidation, encumberance, pledging, assignment, or other disposal of a specific asset for good cause shown." *Id.* at 18.

At a hearing on May 2, 2016, Judge McKibben discussed with Defendants' counsel the potential modification of the injunction order for specification of a reasonable monthly limit for attorney's fees in connection with this litigation. Docket No. 424. Judge McKibben ordered Defendants to submit a proposal as to a reasonable monthly fee limit within two weeks of the

hearing. *Id.* On May 17, 2016, Defendants submitted a schedule of anticipated monthly costs and fees, requesting a monthly allowance of $90,000 for attorneys' fees. Docket No. 439.

On June 30, 2016, Judge McKibben issued an order wherein he found that the amount Defendants sought in their schedule was unreasonable and unauthorized by the provision of the injunction "allowing payment of reasonable fees relating to this litigation only." Docket No. 443 at 2. Judge McKibben ordered that Defendants "may pay up to $10,000.00 per month for attorney's fees relating to this litigation only." *Id*. Judge McKibben further ordered that all requests for expenditures in excess of $10,000 shall be submitted to the Court for consideration and must contain an itemization of the funds expended such that the Court can determine the reasonableness of such expenditures. *Id*. at 3. Judge McKibben ordered that, after considering any objections submitted by Plaintiffs, the Court "may" increase the amount authorized by his order "for good cause shown." *Id*.

Defendants have submitted requests for attorney fees above the $10,000 Judge McKibben deemed reasonable for every month, since he issued his order on June 30, 2016. *See* Docket No. 447 (requesting the release of $71,206.29 for attorneys' fees and costs for June 2016); Docket No. 469 (requesting the release of $25,672.70 for attorneys' fees and costs for July 2016); Docket No. 504 (requesting the release of $39,742.89 for attorneys' fees and costs for August 2016); Docket No. 519 (requesting the release of $48,521.90 for attorneys' fees and costs for September 2016); Docket No. 554 (requesting the release of $29,619.17 for attorneys' fees and costs for October 2016); and Docket No. 594 (requesting the release of $57,630.18 for attorneys' fees and costs for November 2016).

Defendants have now filed motions for attorneys' fees and costs above the $10,000 that Judge McKibben deemed reasonable for the months of December 2016, as well as January and February 2017. Docket Nos. 615, 666. These motions are currently before the Court.

The Court finds the briefing for the instant motions insufficient. Defendants make no attempt to cite which standards that they contend apply to their motions. *See* Docket Nos. 615, 666; Local Rule 7-2(a) (all motions "must be supported by a memorandum of points and authorities").

Similarly, Plaintiffs' oppositions consist of less than one page of analysis each, cite no authority, and impermissibly rely on arguments set forth in prior briefing. *See* Docket Nos. 628, 670. Neither party explains why Defendants' counsel should be permitted to seek fees based on out-of-state hourly rates when competent counsel exist here who could perform this work at substantially lower rates than those requested. *See* Docket Nos. 615, 628, 640, 670, 672. Finally, the parties fail to address whether the monthly filing of requests for additional fees comports with Judge McKibben's order that $10,000 per month for attorneys' fees is reasonable. *See id.*; Docket No. 443 at 2-3.

Accordingly, the Court hereby **DENIES** without prejudice Defendants' motions for attorney fees. Docket Nos. 615, 666. Any renewed briefing shall address the concerns outlined above.

IT IS SO ORDERED.

DATED: May 30, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge