1   JAMES E. GIBBONS (*pro hac vice*)
    Cal. State Bar No. 130631
2   **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
3   801 South Figueroa Street, 15th Floor
    Los Angeles, CA 90017
4   Tel. (213) 624-6900
    jeg@manningllp.com
5
    ROBERT W. COHEN (*pro hac vice*)
6   Cal. State Bar No. 150310
    MARIKO TAENAKA (*pro hac vice*)
7   Cal. State Bar No. 273895
    **LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
8   1901 Avenue of the Stars, Suite 1900
    Los Angeles, CA 90067
9   Tel. (310) 282-7586
    rwc@robertwcohenlaw.com
10  mt@robertwcohenlaw.com

11  *Attorneys for Plaintiffs*

12

                     **UNITED STATES DISTRICT COURT**

13                        **DISTRICT OF NEVADA**

14

15  SHIGE TAKIGUCHI, FUMI NONAKA,          Case No.: 2:13-cv-01183-HDM-NJK
    MITSUAKI TAKITA, TATSURO SAKAI,        [*Hon. Howard D. McKibben*]
16  SHIZUKO ISHIMORI, YUKO NAKAMURA,
    MASAAKI MORIYA, HATSUNE HATANO, and    **ORDER GRANTING**
17  HIDENAO TAKAMA, Individually and On Behalf  **PLAINTIFFS' MOTION FOR**
    of All Others Similarity Situated,     **PRELIMINARY APPROVAL OF**
                                           **CLASS ACTION SETTLEMENT**
18              Plaintiff,                  **WITH LVT, INC., DBA STERLING**
                                           **ESCROW**
19      v.

20  MRI INTERNATIONAL, INC., EDWIN J.
    FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI
21  SUZUKI, LVT, INC., dba STERLING ESCROW,
    and DOES 1-500,
22
                Defendants.
23

24

25      This matter is before the Court on Plaintiff's motion for preliminary approval of the proposed

26  class action settlement (the "Settlement") between the representative Plaintiffs Shige Takiguchi, et al. and

27  LVT, Inc. dba Sterling Escrow (collectively the "Sterling Escrow"), as set forth in the Settlement

28  Agreement attached hereto as Exhibits A.  Having considered the Motion, the Settlement Agreement, the

                                           1

proposed form of notice to the Class, the pleadings and other papers filed in these Actions, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court finds that the proposed Settlement with Sterling Escrow for $800,000 is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved. Notice of the Settlement should be provided to the Settlement Class and a hearing should be held as set forth below. The Court finds that the Settlement Agreement appears to be the product of arm's length, informed, non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and contested this litigation for over three and a half years. In accordance with the schedule outlined below, Class Counsel shall seek entry of an Order and Final Judgment as to the Settling Defendant.

3. The Court hereby grants Plaintiffs' request to defer distribution of the Settlement Funds and propose a Plan of Allocation until final resolution of the case or at a later time, upon approval by the Court.

4. The Court approves the Notice of Pendency and Proposed Settlement of Class Action (the "Settlement Notice"), and finds that the dissemination of the Settlement Notice substantially in the manner and form set forth in the Settlement Agreements complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

5. The notice procedures set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice of the Settlement Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreements, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

6. The Court hereby appoints the Japanese attorney group which represents the interests of certain MRI victims in Japan (the "MRI Higaibengodan") as the Notice Administrator. Consistent with the Settlement Agreement, the Notice Administrator shall (1) disseminate the Notice of Settlement to the

Class with the cover letter; (2) cause the Notice of Settlement to be published on the National Consumer Affairs of Japan's website; (3) disseminate the Initial Claim Form to the Class; (4) make relevant documents in English and Japanese accessible to the Class on the MRI Higaibengodan's website; (5) receive and maintain Requests for Exclusion; and (6) receive and maintain Initial Claim Forms. Pursuant to the Settlement Agreement, the costs of the Notice Administrator's costs shall be paid out of the Settlement Fund, subject to Court review and approval.

7. The Notice Administrator shall cause the Settlement Notice to be mailed, postage prepaid, to all Class Members on July 24, 2017. The Notice Administrator shall also cause the Settlement Notice to be published on the National Consumer Affairs of Japan's website. At least thirty days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund. Class Counsel will seek Court approval for reimbursement of the notice costs prior to the Final Approval Hearing.

8. The Initial Claim Form attached to the Settlement Agreement satisfies the requirements of the Federal Rules of Civil Procedure and is approved for dissemination to the Class in a substantially similar format. Class Members will have until October 20, 2017, to return a completed Initial Claim Form. Prior to distribution of the Settlement Funds, the Court shall review and approve a Final Claim Form.

9. Class Members will have fifty-two (52) days from the date the Notice of Settlement is mailed ("Exclusion Deadline") to request to be excluded from the Proposed Settlement ("Request for Exclusion").

10. Any Class Member who wishes to the excluded from the Settlement Class must send a written Request for Exclusion to the Notice Administrator before the close of the deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability independently to pursue any claims they may have against Sterling

Escrow.

11.     Class Counsel shall file their motion for payment of attorneys' fees and costs no later than thirty-one days (31) days from the date the Notice of Settlement is mailed.

12.     All Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, including the Release provisions, whether or not such Class Member objected to the Settlement and whether or not such Class Member applied for or received consideration under the Settlement Agreement.

13.     A final hearing on the Settlement Agreement ("Final Approval Hearing") shall be held before the Court at 3:30 p.m. on November 17, 2017 in Courtroom 4 of United States District Court of Nevada, 400 South Virginia Street, Reno, Nevada 89501.

14.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the partial Settlement Agreements and whether the Settlement Agreements should be granted final approval by the Court; and (b) entry of a Final Approval Order and Judgment including the Settlement Release. Class Counsel's application for payment of costs shall also be heard at the time of the hearing.

15.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement objections, claims, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

16.     Any Class Member who did not elect to be excluded from the Class may, but need not, enter an appearance through his or her own attorney.  For Settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

17.     Any Class Member who did not elect to be excluded from the Class may, but need not, submit comments or objections to (a) the Settlement Agreement; (b) entry of a Final Approval Order and

Judgment approving the Settlement Agreement; and (c) Class Counsel's application for payment of attorneys' fees and costs, by mailing a written comment or objection to the addresses provided by the Claims Administrator in the Notice.

18. Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Class Member was an employee and member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreement and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlement submitted to any court in the United States in the previous five years.

19. Objections, along with any statements of intent to appear, must be postmarked no later than fifty-two (52) days from the Notice date, and mailed to the addresses provided in the Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

20. Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreements; (b) entry of a Final Approval Order and Judgment; and (c) Class Counsel's application for payment of attorneys' fees and costs, whether by appeal, collateral attack, or otherwise.

21. Class Members need not appear at the hearing or take any other action to indicate their approval.

22. Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely requested to be excluded from the Class will be enjoined from proceeding against

Sterling Escrow and all other Released Parties with respect to all of the Released Claims, as set forth in the Settlement Agreement.

23.     The schedule by which the events referenced above shall occur as follows:

| Event | Date |
|-------|------|
| Notice of Class Action Settlement to Be Mailed and Posted on Internet | July 24, 2017 |
| Continued Hearing for Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with LVT, Inc. | July 25, 2017 at 8:30 a.m. |
| Motion for Attorneys' Fees and Costs Filed by Class Counsel | August 24, 2017 |
| Opt-Out and Objection Deadline | September 14, 2017 |
| Deadline for Initial Claim Form | October 20, 2017 |
| Notice Administrator Affidavit of Compliance with Notice Requirements | October 18, 2017 |
| Motion for Final Approval | October 27, 2017 |
| Responses or Opposition to the Motion for Final Approval | November 3, 2017 |
| Provide List of Persons Who Have Made Requests for Exclusions | November 3, 2017 |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs | November 10, 2017 |
| Final Approval Hearing | November 17, 2017 at 3:30 p.m. |

24.     All further proceedings as to Sterling Escrow is hereby stayed and all deadlines are vacated, except for any actions required to effectuate or enforce the Settlement Agreement.

25.     In the event the Settlement Agreement and the proposed settlement is terminated pursuant

to the applicable provisions of the Settlement Agreement, the Settlement Agreement and all related proceedings shall, except as expressly provided in the Settlement Agreement, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against Sterling Escrow and any other Released Parties shall retain any and all of their current defenses and arguments thereto so that Sterling Escrow may take such litigation steps and shall proceed as if the Settlement Agreement had not been executed.

26.     Neither this Order nor the Settlement Agreement, nor any other Settlement related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Sterling Escrow as to (a) the validity of any claim that has been or could have been asserted against either or as to any liability by either as to any matter encompassed by the Settlement Agreements.


Dated: _____June 13_____, 2017

_____
HOWARD D. MCKIBBEN
United States District Judge

ORDER GRANTING MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on April 25, 2017 by and between: (1) the Class Representatives, for themselves and on behalf of the Settlement Class; and (2) LVT, Inc., doing business as Sterling Escrow ("Sterling Escrow") (collectively "the Parties").

# RECITALS

The Recitals in this section are based on the contentions of the Class Representatives, unless otherwise referenced below as the Parties' contentions or the contentions of Sterling Escrow.

1. On July 5, 2013, Plaintiffs filed a proposed class action in the United States District Court of Nevada, *Shige Takiguchi*, et al. *v. MRI International, Inc., et al.*, Case No. 2:13-cv-01183-HDM-VCF ("Action"). The complaint alleges that MRI International, Inc., Edwin Fujinaga, and others violated U.S. securities laws and defrauded Plaintiffs and the Class by orchestrating a Ponzi scheme.

2. On September 11, 2013, the U.S. Securities and Exchange Commission filed a parallel action against MRI and its principal, Edwin Fujinaga, *Securities and Exchange Commission v. Edwin Yoshihiro Fujinaga, et al*., Case No. 2:13-cv-1658-JCM-CWH. On January 27, 2015, the SEC obtained a judgment against MRI and Fujinaga in the amount of $564,359,364.08. Additionally, on July 8, 2015, the U.S. Department of Justice indicted Mr. Fujinaga as well as Junzo and Paul Suzuki in separate criminal proceedings, *United States v. Edwin Fujinaga, Junzo Suzuki, and Paul Suzuki*, Case No. 2:15-cr-198-LDG.

3. On March 21, 2016, the Court granted Plaintiffs' motion for class certification. (Dkt. 404.) The Court also appointed Law Offices of Robert W. Cohen, and Manning & Kass,

Ellrod, Ramirez, Trester, LLP, as Class Counsel. On May 5, 2016, the parties stipulated to modify the Class Certification Order to make the class definition consistent with the operative complaint. (Dkt. 425) On May 6, 2016, the Court granted the amendment and modified the class definition (Dkt. 426) to read as follows:

**Class:**

The MRI Investor Class consisting of: all persons who were MRI investors and who were injured as a result of the defendants' alleged illegal Ponzi scheme and actions from July 5, 2008 through July 5, 2013. Excluded from the class are the defendants, their employees, their family members and their affiliates, and the following 26 individuals who are plaintiffs in the pending litigation against the defendants in Japan: (1) Tomoyasu Kojima; (2) Keiko Amaya; (3) Masakazu Sekihara; (4) Chiri Satou; (5) Meiko Murakami; (6) Masayoshi Tsutsumi; (7) Yumiko Ishiguro; (8) Reiko Suzuki; (9) Hiroji Sumita; (10) Eiko Uchiyama; (11) Hideyo Uchiyama; (12) Youzou Shiki; (13) Naoki Nagasawa; (14) Noboru Yokoyama; (15) Masami Segawa; (16) Fumiko Takagi; (17) Kumiko Kaita; (18) Fumi Kobayashi; (19) Ikuko Miyazaki; (20) Hina Nagase; (21) Akio Iwama; (22) Kouji Kishida; (23) Eri Kishida; (24) Nomai Nii; (25) Youko Miyahara; and (26) Tsukiko Kurano.

4. On June 17, 2016, after the Court granted approval of the Class Notice (Dkt. 404), 8,759 Class Notices were mailed to the Class Members. Of these 8,759 notices, 662 were returned as undeliverable. An address search was performed for the returned notices, and 290 new addresses were identified. Accordingly, 290 notices were re-mailed to those new addresses. There are a total of 372 Class Members for whom no new address can be found. There were 33 exclusion requests.

5. Plaintiffs claim that they are creditors of Sterling Escrow. Specifically, Plaintiffs claim that Sterling Escrow aided and abetted MRI and Fujinaga in perpetrating a Ponzi scheme, and breached its fiduciary duty as an escrow agent. Sterling Escrow denies the allegations of the Complaint, and denies that Plaintiffs and the Class have been harmed by anything that Sterling Escrow did or failed to do.

6.     Plaintiffs contend that they have engaged in extensive discovery throughout the course of this litigation and are fully informed of sufficient facts to permit them to evaluate the claims and potential defenses, as well as the financial condition of Sterling Escrow, to enable them to meaningfully conduct informed settlement discussions.  From July 5, 2013 to the present, Plaintiffs served multiple sets of discovery on the defendants in this case and served over 20 third-party subpoenas, resulting in the production of nearly one million pages of documents.  In addition to the written discovery, numerous depositions took place.  Eight of the nine representative plaintiffs were deposed.  Plaintiffs also took nine depositions, including the deposition of Peter Munoz, the president of Sterling Escrow on two separate occasions.

7.     Because the complaint raises complex and disputed legal and factual issues that would be costly to resolve at trial, the Parties have engaged in arms-length settlement negotiations to resolve the Settlement Class' claims.

8.     Both Class Counsel and the Plaintiffs, on behalf of themselves and the Class, agree that the settlement is fair, reasonable, adequate, and in the best interests of the Class based on the contested legal issues involved, as well as the risks, uncertainty and cost of further litigation.

The Parties now desire to resolve all claims between them arising out of or related to the respective claims in the action and they therefore agree as follows:

1.     **DEFINITIONS**

1.1     "Action" means the class action in the United States District Court of Nevada, *Shige Takiguchi*, et al. *v. MRI International, Inc., et al.*, Case No. 2:13-cv-01183-HDM-VCF ("Action").

1.1     "Attorney's Fees" means the amount of attorneys' fees the Court awards to Class Counsel from the Settlement Fund for investigating the facts and law in the Action, litigating the Action, negotiating the proposed Settlement with Sterling Escrow, advancing the costs of the Action, and undertaking the risks and uncertainty in litigation.

1.2     "Claim" means a Settlement Class Member's request, through submission of an electronic or paper Final Claim Form, for a Settlement Payment.

1.3     "Claimant" means any Settlement Class Member who submits a Final Claim Form in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" means Heffler Claims Group or such other settlement administrator mutually agreeable to the Parties and approved by the Court.

1.5     "Class Counsel" means the Law Offices of Robert W. Cohen, and Manning & Kass, Ellrod, Ramirez, Trester, LLP.

1.6     "Class Period" means July 5, 2008 through July 5, 2013.

1.7     "Effective Date" means the latest of the following: (1) the date of final affirmance of the Final Approval Order following any and all appeals of such Order; (2) the date of final dismissal with prejudice of any and all appeals from the Final Approval Order; or (3) if no appeal is filed, the expiration date of the time for filing or noticing any valid appeal from the Final Approval Order.   No payments to Class Counsel or Claimants as described hereunder shall be made unless and until the Effective Date is reached.  Nor shall any of the releases described hereunder be deemed effective unless and until the Effective Date is reached.

1.8      "Final Approval Order" means the Court's judgment and order(s) granting final approval of the settlement and awarding attorneys' fees and Litigation Expenses.

1.9     "Final Claim Form" is defined below in 1.10.

1.10    "Initial Claim Form" means a form, substantially in the form of Exhibit 1 hereto and approved by the Court.  Because Class Counsel expect there to be multiple settlements with various defendants in this case, the Claimants may initially submit an Initial Claim Form, consistent with Exhibit 1, that simply requests each Claimant's name, address, and email information.  Thereafter, at the time of final settlement and prior to distributions to Claimants, each Claimant must submit a full claim form (the "Final Claim Form") with information regarding their particular holdings, claimed losses, and attaching supporting documentation for the Claimant's Claim.

1.11    "Litigation Expenses" means costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and resolving the Action for which Class Counsel intends to apply to the Court for reimbursement and which are to be paid from the Settlement Fund, and not by any of the Released Parties.

1.12    "Mailed Notice" means the notice substantially in the form of Exhibit 2 and approved by the Court.

1.13    "Net Settlement Fund" means the Settlement Fund less: (a) any Court approved Attorneys' Fees and Litigation Expenses to Plaintiffs' Counsel; (b) Notice and Administration Expenses; (c) any required Taxes; and (d) any other fees or expenses that are allowed under this Agreement and approved by the Court incurred in connection with the administration of the Settlement.

1.14    "Non-Settling Defendants" means all defendants named in the Action other than Sterling Escrow.

1.15    "Notice Administrator" means the Japanese MRI Victim's Attorney Group ("MRI Bengodan").

1.16　"Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Notice Administrator in connection with the preparation, printing, and mailing of the Notice, publishing the Notice; and the fees and costs of the Claims Administrator.

1.17　"Person" means any individual, proprietorship, corporation, partnership, association, trustee, unincorporated association, or any other type of legal entity.

1.18　"Preliminary Approval Order" means the Court's order granting preliminary approval of this Agreement and directing notice thereof to the Settlement Class.

1.19　"Request for Exclusion" means a written request by a Settlement Class Member as prescribed in sections 7.1 and 7.2 below.

1.20　"Released Claims" shall include all claims arising out of, due to, resulting from, or relating in any way, directly or indirectly, to the Action or the allegations set forth in the Fifth Amended Complaint on file in the Action, including any and all actions, claims, costs, expenses, taxes, rents, fees, profit, shares, liens, remedies, debts, demands, liabilities, obligations, penalties, or promises of any kind or nature whatsoever, in both law or in equity, past or present, whether known or unknown, including claims for future injuries, damages or losses not currently known, but which may later develop, provided they arise out of, are due to, result from, or relate in any way to, directly or indirectly, in whole or in part, the allegations in the Action or the Fifth Amended Complaint, whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity, and whether or not such clams were or could have been raised or asserted before the Court, and regardless of whether pursuant to statutory law, codal law, adjudication, quasi-adjudication, regulation, or ordinance, including common law, maritime or admiralty, statutory and nonstatutory attorneys' fees, breach of contract, breach of any covenant of good faith and/or fair dealing, fraud, misrepresentation, fraudulent concealment,

deception, consumer fraud, antitrust, defamation, tortious interference with contract or business

expectations, loss of business expectations or opportunities, loss of employment or earning

capacity, diminution of property value, violation of the federal Racketeer Influenced and Corrupt

Organizations Act or any similar state law, violation of the federal Employee Retirement

Security Act or any similar state law, violations of any consumer protection act, punitive

damages, exemplary damages, multiple damages, non-compensatory damages, compensatory

damages, pain and suffering, interest, injunctive relief, declaratory judgment, costs, deceptive

practices, unfair business practices, regulation, strict liability, negligence, gross negligence,

willful misconduct, nuisance, trespass, fraudulent concealment, statutory violations, statutory

claims, unfair business practices, breach of fiduciary duty, and all other theories, whether

existing now or arising in the future, arising out of, due to, resulting from, or relating in any way

to, directly or indirectly, the allegations in the Action or the Fifth Amended Complaint.

      1.21    "Released Parties" means Sterling Escrow, and its insurer, Admiral Insurance

Company.

      1.22    "Releasing Parties" means the Settlement Class and its members, and each

member's respective successors in interest, predecessors, representatives, trustees, counsel,

executors, affiliates, subsidiaries, immediate family, administrators, agents, heirs, estates, assigns

or transferees, immediate and remote, in their capacities as such, and any other Person who has

the right, ability, standing or capacity to assert, prosecute or maintain on behalf of any Settlement

Class Member.  A Person is a "Releasing Party" regardless of whether or not that Person: (a)

actually submits an Initial Claim Form or Final Claim Form; (b) seeks or obtains a distribution

from the Net Settlement Fund; (c) is entitled to receive such a distribution or payment under the

Plan of Allocation; and/or (d) has objected to the Settlement, the Plan of Allocation, or the

application for an award of attorneys' fees and reimbursement of Litigation Expenses to Class Counsel.

1.23    "Settlement Class" means all persons who were MRI investors and who were injured as a result of the defendants' alleged Ponzi scheme and actions from July 5, 2008 through July 5, 2013.  Excluded from the class are the defendants, their employees, their family members and their affiliates, and the following 26 individuals who are plaintiffs in the pending litigation against the defendants in Japan: (1) Tomoyasu Kojima; (2) Keiko Amaya; (3) Masakazu Sekihara; (4) Chiri Satou; (5) Meiko Murakami; (6) Masayoshi Tsutsumi; (7) Yumiko Ishiguro; (8) Reiko Suzuki; (9) Hiroji Sumita; (10) Eiko Uchiyama; (11) Hideyo Uchiyama; (12) Youzou Shiki; (13) Naoki Nagasawa; (14) Noboru Yokoyama; (15) Masami Segawa; (16) Fumiko Takagi; (17) Kumiko Kaita; (18) Fumi Kobayashi; (19) Ikuko Miyazaki; (20) Hina Nagase; (21) Akio Iwama; (22) Kouji Kishida; (23) Eri Kishida; (24) Nomai Nii; (25) Youko Miyahara; and (26) Tsukiko Kurano.  Additionally, the following individuals excluded themselves from the class at the time of certification: (1) Makiko Kato; (2) Kazuya Fujimura; (3) Kabushikikaisha EKC; (4) Reiko Endo; (5) Naoko Suo; (6) Kikuko Yasui; (7) Kazuto Noguchi; (8) Sumiyo Uchida; (9) Naomi Ukei; (10) Keiichirou Kuriyama; (11) Katsuko Kuriyama; (12) Kazuo Okayasu; (13) Takashi Yamamoto; (14) Mitsuo Kimura; (15) Masanori Asano; (16) Mari Obora; (17) Chiyoko Obora; (18) Kazuo Shimamura; (19) Yoshinari Nishi; (20) Rumi Nishi; (21) Yumi Nishiguchi; (22) Yousuke Masuda; (23) Kuniko Masuda; (24) Michiko Mukai; (25) Masaru Mukai; (26) Mitsurou Takezoe; (27) Yoriko Keida; (28) Yuuki Makino; (29) Teruo Takamoto; (30) Masanobu Shimura; (31) Atsuko Shimonari; (32) Syouichi Takayama; and (33) Machiko Takayama.

1.24    "Settlement Class Representatives" means Shige Takiguchi, Fumi Nonaka, Mitsuaki Takita, Tatsuro Sakai, Shizuko Ishimori, Yuko Nakamura, Masaaki Moriya, Hastune Hatano, and Hidenao Takama.

1.25    "Settling Defendant" means Sterling Escrow.

1.26    "Short Form Notice" means the notice substantially in the form of Exhibit 3 and approved by the Court.

## 2.    <u>CONSIDERATION</u>

2.1    Within fifteen (15) days after the Effective Date, Sterling Escrow shall deliver a check in the amount of Eight Hundred Thousand Dollars ($800,000.00) ("Settlement Fund") written out to "Robert W. Cohen Client Trust Account." The Net Settlement Fund will then promptly be transferred to the Claims Administrator. The Settlement Fund will not be reduced by any other settlement between Sterling Escrow and a Settlement Class Member nor by any request for exclusion from the Settlement Class.

2.2    As additional consideration for the settlement, Sterling Escrow and its principal, Peter Munoz, agree to accept a subpoena to appear at trial through their counsel Robert Goldstein, Esq., and shall not challenge the validity of the service of that subpoena on Mr. Goldstein. Sterling Escrow and Mr. Munoz further agree to appear at trial and provide trial testimony as ordered by the subpoena.

2.3    Nothing in this Settlement Agreement is intended to limit, reduce or affect the rights Plaintiffs or Settlement Class Members may have to seek damages or other relief in the Action or elsewhere from any person or entity other than the Released Parties, to the fullest extent allowed by law. This Agreement does not settle or compromise any claim by the

Plaintiffs or Settlement Class Members asserted in the Action against any Non-Settling Defendant.

## 3. CLAIMS ADMINISTRATOR

3.1     The Claims Administrator shall be Heffler Claims Group (HCG) or such other claims administrator mutually agreeable to the parties and approved by the Court.  All costs and fees of the Claims Administrator shall be paid exclusively from the Settlement Fund and the Released Parties are not responsible for any additional payments other than the Settlement Fund.

3.2     All funds held by the Claims Administrator shall remain subject to the jurisdiction of the Court, until the funds are distributed pursuant to this Agreement or further Court order.

3.3     The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

3.4     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator.  The Claims Administrator shall timely and properly file all informational and other tax returns necessary of advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)).

3.5     All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments shall be paid out of the Settlement Fund.

3.6     Neither the Parties nor their respective counsel shall have any liability or responsibility for Taxes or Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration and shall be timely paid by the Claims Administrator out of the Settlement Fund without prior order from the Court and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that maybe required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Released Parties are not responsible for nor shall the Released Parties have any liability for Taxes or Tax Expenses. The Parties agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary.

## 4.     DISTRIBUTION OF SETTLEMENT FUND

4.1     Settlement Class Members who submit a valid and timely Final Claim Form and who do not opt out shall be deemed eligible for an award from the Settlement Fund.

4.2     Class Counsel believe that it is in the best interest of the Settlement Class to defer the distribution of the Net Settlement Fund until the resolution of the entire Action. Class Counsel anticipate that additional funds may be added to the Settlement Fund in the future from recoveries from other Defendants. Class Counsel represent that, because all Settlement Class Members are residents of Japan, piecemeal distribution of the proceeds of multiple settlements and/or a judgment in this Action would require numerous, costly international wire transfers.

The Parties therefore agree that the Net Settlement Fund will remain held by the Claims Administrator until final resolution of the entire Action. Class Counsel represent that this will substantially reduce the costs and fees associated with the Claims Administrator and initiating international wire transfers.

4.3    Class Counsel shall, however, have the option to petition the Court to seek an order for approval of a plan of allocation and distribution of the Net Settlement Fund prior to final resolution of the Action, if Class Counsel believe it will be in the best interest of the Settlement Class.

4.4    Upon the final resolution of the entire Action or upon other Court order, Settlement Class Members who have not opted out shall be entitled to submit a Final Claim Form to the Claims Administrator. Class Counsel will submit a proposed plan of allocation for Court approval in connection with the final resolution of the Action. Such plan of allocation shall request that the Court order the allocation of the Net Settlement Fund to Class Members who have not opted out of the Settlement Class and who submit validly executed Final Claim Forms in proportion to their out-of-pocket losses or as otherwise ordered allocated by the Court.

4.5    If no other defendants make payment to the Settlement Fund other than Sterling Escrow, Class Counsel shall propose a plan of allocation for Court approval, such that the Net Settlement Fund (i.e., the Settlement Fund less approved expenses and fees) is distributed to Class Members who have not opted out of the Settlement Class and who submit validly executed a Claim Form in proportion to their alleged losses.

5.    **ATTORNEYS' FEES AND COSTS**

5.1    Class Counsel will seek an award of Attorneys' Fees and Costs of up to $200,000 (which is 25% of the Settlement Fund). Sterling Escrow will not oppose the request. The

amounts approved by the Court shall be paid exclusively from the Settlement Fund, and

Released Parties are not responsible for any additional payments other than the Settlement Fund.

5.2    Named Plaintiffs will not seek any service award and shall only be paid under the

Plan of Allocation.

## 6.    PRELIMINARY APPROVAL PROCEDURE AND CLASS NOTICE

6.1    After execution of this Settlement Agreement, Class Counsel shall promptly move

the Court to enter an order granting preliminary approval of this Settlement Agreement and

approval of the form and manner of the proposed class notice.

6.2    The Sterling Escrow shall cooperate in applying for said approval.

6.3    Within 20 days after the entry of the Preliminary Approval Order, the Notice

Administrator shall send, by regular Japanese mail, the Mailed Notice and Initial Claim Form to

each Settlement Class Member at the address on file for the Class Member.  The Mailed Notice

and Initial Claim Form shall be sent to each Settlement Class Member in both English and

Japanese.  The Notice Administrator shall also cause the Short Form Notice to be posted on the

National Consumer Affairs Center of Japan's website at www.kokusen.go.jp.

6.4    Plaintiffs shall establish a website for providing information to investors.

6.5    All costs associated with the notices contemplated by this Settlement Agreement

shall be paid exclusively out of the Settlement Fund.

## 7.    EXCLUSION

7.1    All Settlement Class Members who submit a valid and timely written request for

exclusion ("Request for Exclusion") shall be excluded from the Settlement Class and shall have

no rights under the Settlement Agreement.  A Request for Exclusion shall be deemed timely if it

is postmarked by the Postal Service no later than forty-five (45) days after the Notice Administrator's mailing of the Mailed Notice.

7.2     To be effective, a Request for Exclusion must: (a) be in writing; (b) state the Class Member's full legal name and address; (c) state all of the investments made during the Class Period; (d) state the amount of out-of-pocket loss; (e) contain the following statement: "I hereby request that I be excluded from the proposed settlement in the *Takiguchi v. MRI International, Inc.* litigation, case number 2:13-cv-01183-HDM (VCF)" (or a substantially similar statement in Japanese) and (f) be mailed to the Notice Administrator at the address provided in the Mailed Notice and postmarked by the Postal Service within forty-five (45) days from the commencement of the notice program regardless of the address to which that notice originally was mailed.

7.3     A Request for Exclusion that does not include all of the foregoing information, that is sent to someone other than Class Counsel, or that is not sent within the time specified shall be invalid, and the person(s) sending such a Request for Exclusion shall be bound as a Settlement Class Member, provided that the Settlement Agreement achieves Final Approval.  For purposes of determining the date of mailing, the date of the postmark by the Japanese Postal Service will be controlling.  If no such date can be discerned, any request for exclusion received by the Notice Administrator more than fifty-two (52) days from the commencement of the notice program will be deemed untimely.

7.4     Any person who timely and properly submits a Request for Exclusion shall not be entitled to any monetary award under this Settlement Agreement and shall not be bound by any orders or judgment entered in the Action nor by the Release contained herein.

8.     **FINAL APPROVAL**

8.1     Prior to the Final Approval Hearing set by the Court, Class Counsel shall submit a motion for final approval of the Settlement Agreement.

8.2     At least fourteen (14) days before the Final Approval Hearing, Class Counsel shall file with the Court a list identifying all persons who have made a timely and valid Request for Exclusion.  The list shall be filed under seal.

8.3     If the Court grants final approval to the Settlement Agreement, any and all Settlement Class Members who have not submitted a timely, written Request for Exclusion will be bound by any Orders entered by the Court and the Release set forth herein.

8.4     If the Court does not approve and/or does not honor this Settlement Agreement and/or denies a motion to enter any or all of the settlement terms in a form agreeable to the Parties, or if any court declares unenforceable, reverses, or vacates the settlement or settlement approval on appeal, then either Party shall have the right to terminate this Settlement Agreement. Any Party who elects to terminate this Settlement Agreement pursuant to this Section or any other provision of this Agreement may do so by giving written notice to the other Party's counsel and to the Notice Administrator.  The termination of this Settlement Agreement shall void all of the rights, obligations, and releases under the Settlement Agreement.

9.     **RELEASE**

9.1     Except for the obligations and rights created by this Settlement Agreement, the Releasing Parties hereby release and absolutely discharge the Released Parties from any and all Released Claims.  The Final Approval Order shall include this release.

9.2     To the fullest extent permitted by law, the Releasing Parties waive and relinquish any and all rights or benefits they have or may have, if any, under California Civil Code Section

1542, or any comparable provision of state or federal law, with regard to the Released Claims.

California Civil Code Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The Releasing Parties acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those now known or believed to be true with respect to the subject matter of this Settlement Agreement and/or the Released Claims. The Releasing Parties acknowledge that they intend to and will fully, finally, and forever settle and release any and all Released Claims described herein, whether known or unknown, suspected or unsuspected, which now exist, hereinafter may exist, or heretofore may have existed. In furtherance of this intention, the releases contained in this Settlement Agreement shall be and remain in effect as full and complete releases of the Released Claims by the Releasing Parties without regard to the subsequent discovery or existence of such different or additional claims or facts.

9.3     Nothing in this Settlement Agreement: (a) is intended to release any claims asserted by Settlement Class Members against any of the Non-Settling Defendants in the Action or (b) shall prohibit an eligible Settlement Class Member from seeking to obtain a recovery through the Fair Fund established in connection with the separate but parallel proceeding by the SEC captioned *SEC v. Edwin Fujinaga, et. al.*, USDC Nevada Case No. 13-cv-01658.

10.     **MISCELLANEOUS PROVISIONS**

10.1     This Agreement does not settle or compromise any claim by Settlement Class Members asserted in the complaint against any of the other defendants.

10.2    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.  Class Counsel and Sterling Escrow's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement and the entry of the Final Approval Order, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.3    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Released Partiesand the Settlement Class on the one hand, against the Released Parties on the other hand.

10.4    This Agreement is contingent upon the settlement being found by the Court and/or Court-appointed settlement judge having jurisdiction over the Action to have been made in good faith pursuant to provisions of N.R.S. § 17.245, and the entry by the Court of an Order dismissing and barring all present and future claims based upon equitable indemnity, implied indemnity, contribution or apportionment.  Any such motion shall be brought by Sterling Escrow within 20 days from Plaintiffs' filing of the motion for preliminary approval.

10.5    Moreover, the Parties intend this Settlement Agreement to bar any and all claims for contribution or indemnity brought against the Released Parties arising from this Action and/or the allegations set forth in the Fifth Amended Complaint.  To that end, all claims for contribution or indemnity against the Released Parties by any Person, including, but not limited to any party to this litigation, following the Effective Date of this Settlement Agreement, however denominated and regardless of the facts, laws, theories, or principles on which they are

based, which arise out of or are in any way related to this Action or the subject matter of the Action, or arise out of or are in any way related to the Fifth Amended Complaint, shall be extinguished, discharged, satisfied, void, and/or otherwise unenforceable.

10.6    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the Released Claims. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.7    Whether or not the Settlement Agreement becomes final or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs or the Settlement Class, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them; is, may be deemed, or shall be used, offered or received against the Released Parties as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them; is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement,

and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or the settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. However, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class Members or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class Members, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.8    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.9    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.10    All of the Exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.11    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.12    Except as otherwise provided herein, each Party shall bear its own costs and fees.

10.13    Plaintiffs and the Settlement Class represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

10.14    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.15    This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement all exchange original signed

counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

     10.16   This Agreement shall be binding and inure to the benefit of the Parties hereto, their predecessors, parents, subsidiary and affiliated business entities, all officers, directors, shareholders, members, managers, agents, employees, attorneys, assigns, successors, heirs, executors, administrators, and legal representatives of whatsoever kind or character in privity therewith. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement.

     10.17   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

     10.18   This Settlement Agreement shall be deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

     10.19   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: i) for Plaintiffs: James E. Gibbons, Esq., Manning & Kass, Ellrod, Ramirez, Trester, and Robert W. Cohen, Esq., and Mariko Taenaka, Esq., of the Law Offices of Robert W. Cohen; ii) for Sterling Escrow: Robert Goldstein.

**AGREED TO AND ACCEPTED.**

SHIGE TAKIGUCHI

Dated: _____

By:_____
               Settlement Class Representative

counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.16  This Agreement shall be binding and inure to the benefit of the Parties hereto, their predecessors, parents, subsidiary and affiliated business entities, all officers, directors, shareholders, members, managers, agents, employees, attorneys, assigns, successors, heirs, executors, administrators, and legal representatives of whatsoever kind or character in privity therewith. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement.

10.17  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

10.18  This Settlement Agreement shall be deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.19  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: i) for Plaintiffs: James E. Gibbons, Esq., Manning & Kass, Ellrod, Ramirez, Trester, and Robert W. Cohen, Esq., and Mariko Taenaka, Esq., of the Law Offices of Robert W. Cohen; ii) for Sterling Escrow: Robert Goldstein.

**AGREED TO AND ACCEPTED.**

SHIGE TAKIGUCHI

Dated: _23 / 05 / 2017_     By:_滝口 茂_

Settlement Class Representative

21

FUMI NONAKA

Dated: 23 May 2017

By:_____
      Settlement Class Representative

MITSUAKI TAKITA

Dated: _____

By:_____
      Settlement Class Representative

TATSURO SAKAI

Dated: _____

By:_____
      Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____

By:_____
      Settlement Class Representative

YUKO NAKAMURA

Dated: _____

By:_____
      Settlement Class Representative

MASAAKI MORIYA

Dated: _____

By:_____
      Settlement Class Representative

HASTUNE HATANO

Dated: _____

By:_____
      Settlement Class Representative

HIDENAO TAKAMA

Dated: _____

By:_____
      Settlement Class Representative

Dated: _____

LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____    By:_____
                                Settlement Class Representative

MITSUAKI TAKITA

Dated: 2017年5月23日    By: 瀧　田　光　明
                                Settlement Class Representative

TATSURO SAKAI

Dated: _____    By:_____
                                Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____    By:_____
                                Settlement Class Representative

YUKO NAKAMURA

Dated: _____    By:_____
                                Settlement Class Representative

MASAAKI MORIYA

Dated: _____    By:_____
                                Settlement Class Representative

HASTUNE HATANO

Dated: _____    By:_____
                                Settlement Class Representative

HIDENAO TAKAMA

Dated: _____    By:_____
                                Settlement Class Representative

Dated: _____    LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____

By:_____
        Settlement Class Representative

MITSUAKI TAKITA

Dated: 2017/05/23

By:_____
        Settlement Class Representative

TATSURO SAKAI

Dated: 2017/05/23

By:_____
        Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____

By:_____
        Settlement Class Representative

YUKO NAKAMURA

Dated: _____

By:_____
        Settlement Class Representative

MASAAKI MORIYA

Dated: _____

By:_____
        Settlement Class Representative

HASTUNE HATANO

Dated: _____

By:_____
        Settlement Class Representative

HIDENAO TAKAMA

Dated: _____

By:_____
        Settlement Class Representative

Dated: _____

LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____     By:_____
                              Settlement Class Representative

MITSUAKI TAKITA

Dated: _____     By:_____
                              Settlement Class Representative

TATSURO SAKAI

Dated: _____     By:_____
                              Settlement Class Representative

SHIZUKO ISHIMORI

Dated: 2017/5/23           By: 石森 志津子
                              Settlement Class Representative

YUKO NAKAMURA

Dated: _____     By:_____
                              Settlement Class Representative

MASAAKI MORIYA

Dated: _____     By:_____
                              Settlement Class Representative

HASTUNE HATANO

Dated: _____     By:_____
                              Settlement Class Representative

HIDENAO TAKAMA

Dated: _____     By:_____
                              Settlement Class Representative

Dated: _____     LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____     By:_____
                                   Settlement Class Representative

MITSUAKI TAKITA

Dated: _____     By:_____
                                   Settlement Class Representative

TATSURO SAKAI

Dated: _____     By:_____
                                   Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____     By:_____
                                   Settlement Class Representative

YUKO NAKAMURA

Dated: 2017年5月23日            By:_____中村祐子_____
                                   Settlement Class Representative


MASAAKI MORIYA

Dated: _____     By:_____
                                   Settlement Class Representative


HASTUNE HATANO

Dated: _____     By:_____
                                   Settlement Class Representative


HIDENAO TAKAMA

Dated: _____     By:_____
                                   Settlement Class Representative

Dated: _____     LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____        By:_____
                                   Settlement Class Representative

MITSUAKI TAKITA

Dated: _____        By:_____
                                   Settlement Class Representative

TATSURO SAKAI

Dated: _____        By:_____
                                   Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____        By:_____
                                   Settlement Class Representative

YUKO NAKAMURA

Dated: _____        By:_____
                                   Settlement Class Representative

MASAAKI MORIYA

Dated: 2017年 5月23日        By:_____Masaaki Moriyan___
                                   Settlement Class Representative

HASTUNE HATANO

Dated: _____        By:_____
                                   Settlement Class Representative

HIDENAO TAKAMA

Dated: _____        By:_____
                                   Settlement Class Representative

Dated: _____        LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____

By:_____
Settlement Class Representative

MITSUAKI TAKITA

Dated: _____

By:_____
Settlement Class Representative

TATSURO SAKAI

Dated: _____

By:_____
Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____

By:_____
Settlement Class Representative

YUKO NAKAMURA

By:_____
Settlement Class Representative

MASAAKI MORIYA

Dated: _____

By:_____
Settlement Class Representative

HASTUNE HATANO

Dated: 2017年5月23日

By: 秦野初音
Settlement Class Representative

HIDENAO TAKAMA

Dated: _____

By:_____
Settlement Class Representative

Dated: _____

LVT, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____     By: _____
                               Settlement Class Representative

MITSUAKI TAKITA

Dated: _____     By: _____
                               Settlement Class Representative

TATSURO SAKAI

Dated: _____     By: _____
                               Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____     By: _____
                               Settlement Class Representative

YUKO NAKAMURA

Dated: _____     By: _____
                               Settlement Class Representative

MASAAKI MORIYA

Dated: _____     By: _____
                               Settlement Class Representative

HASELINE HATANO

Dated: _____     By: _____
                               Settlement Class Representative

HIDENAO TAKAMA

Dated: 2017, 5月 23日     By: 高間　秀直
                               Settlement Class Representative

Dated: _____     LVI, INC., dba STERLING ESCROW

22

FUMI NONAKA

Dated: _____     By:_____
                                  Settlement Class Representative

MITSUAKI TAKITA

Dated: _____     By:_____
                                  Settlement Class Representative

TATSURO SAKAI

Dated: _____     By:_____
                                  Settlement Class Representative

SHIZUKO ISHIMORI

Dated: _____     By:_____
                                  Settlement Class Representative

YUKO NAKAMURA

Dated: _____     By:_____
                                  Settlement Class Representative

MASAAKI MORIYA

Dated: _____     By:_____
                                  Settlement Class Representative

HASTUNE HATANO

Dated: _____     By:_____
                                  Settlement Class Representative

HIDENAO TAKAMA

Dated: _____     By:_____
                                  Settlement Class Representative

Dated: _May 8, 2017_          LVT, INC., dba STERLING ESCROW

By: _Peter C. Munoz_

PETER MUNOZ, President

APPROVED AS TO FORM AND CONTENT.

DATED: April ___, 2017       **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____

James E. Gibbons
Attorneys for Plaintiffs

DATED: April ___, 2017       **LAW OFFICES OF ROBERT W. COHEN**

By: _____

ROBERT W. COHEN
MARIKO TAENAKA
Attorneys for Plaintiffs

DATED: ~~April~~ May 10, 2017       **ROBERT A. GOLDSTEIN**

By: _____

Robert A. Goldstein
Attorney for Defendant LVT, Inc., dba Sterling
Escrow

23

By: _____
      PETER MUNOZ, President

APPROVED AS TO FORM AND CONTENT.

DATED: April ___, 2017     **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**

By: _____
      James E. Gibbons
      Attorneys for Plaintiffs

DATED: April ___, 2017     **LAW OFFICES OF ROBERT W. COHEN**

By: _____
      ROBERT W. COHEN
      MARIKO TAENAKA
      Attorneys for Plaintiffs

DATED: April 10, 2017     **ROBERT A. GOLDSTEIN**

By: _____
      Robert A. Goldstein
      Attorney for Defendant LVT, Inc., dba Sterling
      Escrow

23

# EXHIBIT 1

# INITIAL SETTLEMENT CLAIM FORM

Shige Takiguchi, et. al. v. MRI International, Inc., et al.
In the United States District Court of Nevada
Case No. 2:13-cv-01183-HDM-VCF


**INSTRUCTIONS – PLEASE READ CAREFULLY**

Because the proposed settlement is only a partial resolution of the lawsuit, the settlement creates a two-step claims process.

**STEP ONE**:  Submit this <u>Initial Settlement Claim Form</u>.  Read the instructions carefully, fill out the form in alphabet characters, sign it, and mail it postmarked no later than **Month 00, 0000. Please note that this Initial Settlement Claim Form is optional**, but it will help the administrator keep you informed of important developments.

**STEP TWO**:  Submit a <u>Final Settlement Claim Form</u>.  A Final Settlement Claim Form will be sent to you after the claims against the remaining defendants are settled or determined on the merits, or as the Court may direct.  At the same time that the final claim forms are sent to Class Members, the Final Settlement Claim Form all also be posted on the internet at www.mri-higaibengodan.jp.  The Final Settlement Claim Form is required; it is not optional.  When you receive it, read the instructions carefully, fill out the form, provide any additional documents that are listed as necessary, sign it, and mail it postmarked by the deadline that is stated on the final claim form.  If you do not submit a timely and complete final claim form, you will not receive a payment.

Please read the full notice of this settlement (available at www.mri-higaibengodan.jp /notice) carefully before filling out any claim form.

The Initial Settlement Claim Form should be mailed to: MRI Higaibengodan, 1-15-9 Sawada Building Fifth Floor, Shinjuku, Shinjuku-ku, Tokyo, 160-0022.


REMINDER:  If you fail to submit a complete Final Settlement Claim Form by the deadline set by the Court, you will not receive any money from the settlement.

*Except where specified, please complete the form in alphabet characters (romaji), not in Japanese.

## CLAIMANT INFORMATION

Claimant Name (Japanese): _____

Claimant Name (Romaji): _____

Joint Claimant Name, if any (Japanese): _____

Joint Claimant Name, if any (Romaji): _____

Address: _____

Phone Number: _____

Email Address: _____

Signature of Claimant: _____

Date: _____

# EXHIBIT 2

# IF YOU LOST MONEY BETWEEN JULY 5, 2008 THROUGH JULY 5, 2013 AS A RESULT OF INVESTING IN SECURITIES ISSUED BY MRI INTERNATIONAL, INC. A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement with defendant LVT, Inc., dba Sterling Escrow ("Sterling Escrow"), if approved by the Court, will provide $800,000 to pay claims from investors who lost money between July 5, 2008 and July 5, 2013 as a result of investing in securities issued by MRI International, Inc.

- The settlement partially resolves a lawsuit over whether MRI and other defendants orchestrated a fraudulent securities scheme; it avoids costs and risks to you from continuing the lawsuit against Sterling Escrow; obtains money for investors like you; and releases Sterling Escrow from liability.

- Court-appointed lawyers for investors will ask the Court for $200,000 as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money could have been won if investors won at trial.

- Your legal rights are affected whether you do or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | You are encouraged to submit an Initial Claim Form, but it is optional. The only way to receive a payment is to submit a Final Claim Form. You will be notified when you must submit your Final Claim Form. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the settling defendants about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved, and, most likely, after the claims against the remaining defendants are either settled or determined on the merits. Please be patient.

BASIC INFORMATION …………………………………………………………………3
    1.    Why did I get this notice package? ……………………………………………3
    2.    What it this lawsuit about? ..................................................................................3
    3.    Why is this a class action? ……………………………………………………4
    4.    Why is there a settlement? ……………………………………………………4

WHO IS IN THE SETTLEMENT ...................................................................................4
    5.    How do I know if I am part of the settlement? …………………………………4
    6.    Are there exceptions to being included? ………………………………………4
    7.    I'm still not sure if I am included ………………………………………………4

THE SETTLEMENT BENEFITS - WHAT YOU GET ……………………………………5
    8.    What does the settlement provide? ……………………………………………5
    9.    How much will my payment be? ………………………………………………5

HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM …………………………5
    10.    How can I get a payment? ……………………………………………………5
    11.    When would I get my payment? ………………………………………………5
    12.    What am I giving up to get a payment or stay in the Class? ………………………5

EXCLUDING YOURSELF FROM THE SETTLEMENT ……………………………………6
    13.    How do I get out of the settlement? ……………………………………………6
    14.    If I don't exclude myself, can I sue the settling defendants for the same thing later? ……6
    15.    If I exclude myself, can I get benefits from this settlement? ……………………………6

THE LAWYERS REPRESENTING YOU ………………………………………………6
    16.    Do I have a lawyer in this case? ………………………………………………6
    17.    How will the lawyers be paid?…………………………………………………6

OBJECTING TO THE SETTLEMENT ……………………………………………………7
    18.    How do I tell the Court that I don't like the settlement? …………………………7
    19.    What's the difference between objecting and excluding? …………………………7

THE COURT'S FAIRNESS HEARING …………………………………………………8
    20.    When and where will the Court decide whether to approve the settlement? ……………8
    21.    Do I have to come to the hearing? ……………………………………………8
    22.    May I speak at the hearing? ……………………………………………………8

IF YOU DO NOTHING …………………………………………………………………8
    23.    What happens if I do nothing at all? ……………………………………………8

GETTING MORE INFORMATION ………………………………………………………8
    24.    Are there more details about the settlement? ……………………………...………8
    25.    How do I get more information? …………………………………………………9

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased MRI securities between July 5, 2008 and May 1, 2013 or were not repaid during this period.

The Court sent you this notice because you have a right to know about a proposed partial settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, and most likely, after claims against the remaining defendants are either settled or determined on the merits, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement and the continuation of the lawsuit against non-settling defendants.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Nevada, and the case is known as *Shige Takiguchi, et al v. MRI International, Inc., et al.*, Case No. 2:13-cv-01183-HDM-VCF. The people who sued are called Plaintiffs, and the company and the persons they sued are called the defendants.

| 2. | What is this lawsuit about? |
|---|---|

In the lawsuit, the Plaintiffs claim that MRI and the other defendants orchestrated a fraudulent securities scheme. Specifically, Plaintiffs claim that the defendants solicited investors on the false promises that: i) the investments would be used solely to buy medical account receivables; ii) the investors' money would be controlled by an independent escrow company over which MRI had no control; and iii) various U.S. government agencies guaranteed the investments' safety. Plaintiffs claim that these promises were false, since the money was not used to buy medical account receivables, the investors' money was controlled solely by MRI's chief executive, the money was used to fund the defendants' luxurious lifestyles, and governmental agencies did not guarantee the investments. Plaintiffs claim that MRI was a Ponzi scheme, where the defendants used money paid by new investors to pay off prior investors. As a result, in 2013, MRI collapsed, and the investors lost their money.

The U.S. Securities and Exchange Commission has obtained a judgment against MRI and its principal, Edwin Fujinaga, in the amount of $564,359,364.08 in a separate legal proceeding, *Securities and Exchange Commission v. Edwin Yoshihiro Fujinaga, et al.*, Case No. 2:13-cv-1658-JCM-CWH. Additionally, the U.S. Department of Justice has indicted Mr. Fujinaga as well as Junzo and Paul Suzuki in separate criminal proceedings, *United States v. Edwin Fujinaga, Junzo Suzuki, and Paul Suzuki*, Case No. 2:15-cr-198-LDG. The defendants deny that they did anything wrong, and deny that MRI was a Ponzi scheme.

The Court has not resolved the claims and defenses of the parties in the Action. The Court also has not resolved whether defendants did anything wrong.

This Notice should not be understood as an expression of any opinion by the Court as to the merits of the Plaintiff's claims or defendants' defenses. Plaintiffs and defendants recognize that to litigate these and other important issues would be time-consuming, uncertain, and expensive.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a settlement? |
|---|---|

This notice relates to a proposed settlement with Sterling Escrow. The Court did not decide in favor of Plaintiffs or Sterling Escrow. The Plaintiffs think they could have won at trial. Sterling Escrow thinks the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, Plaintiffs and Sterling Escrow agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court decided that everyone who fits this description is a Class Member: all persons who were MRI investors and who were injured as a result of the defendants' alleged Ponzi scheme and actions from July 5, 2008 through July 5, 2013. Excluded from the class are the defendants, their employees, their family members and their affiliates, and the following 26 individuals who are plaintiffs in the pending litigation against the defendants in Japan: (1) Tomoyasu Kojima; (2) Keiko Amaya; (3) Masakazu Sekihara; (4) Chiri Satou; (5) Meiko Murakami; (6) Masayoshi Tsutsumi; (7) Yumiko Ishiguro; (8) Reiko Suzuki; (9) Hiroji Sumita; (10) Eiko Uchiyama; (11) Hideyo Uchiyama; (12) Youzou Shiki; (13) Naoki Nagasawa; (14) Noboru Yokoyama; (15) Masami Segawa; (16) Fumiko Takagi; (17) Kumiko Kaita; (18) Fumi Kobayashi; (19) Ikuko Miyazaki; (20) Hina Nagase; (21) Akio Iwama; (22) Kouji Kishida; (23) Eri Kishida; (24) Nomai Nii; (25) Youko Miyahara; and (26) Tsukiko Kurano.

| 6. | Are there exceptions to being included? |
|---|---|

Additionally, excluded from the class are the defendants, their employees, their family members and their affiliates, as well as the following individuals who have excluded themselves from the class at the time of class certification: (1) Makiko Kato; (2) Kazuya Fujimura; (3) Kabushikikaisha EKC; (4) Reiko Endo; (5) Naoko Suo; (6) Kikuko Yasui; (7) Kazuto Noguchi; (8) Sumiyo Uchida; (9) Naomi Ukei; (10) Keiichirou Kuriyama; (11) Katsuko Kuriyama; (12) Kazuo Okayasu; (13) Takashi Yamamoto; (14) Mitsuo Kimura; (15) Masanori Asano; (16) Mari Obora; (17) Chiyoko Obora; (18) Kazuo Shimamura; (19) Yoshinari Nishi; (20) Rumi Nishi; (21) Yumi Nishiguchi; (22) Yousuke Masuda; (23) Kuniko Masuda; (24) Michiko Mukai; (25) Masaru Mukai; (26) Mitsurou Takezoe; (27) Yoriko Keida; (28) Yuuki Makino; (29) Teruo Takamoto; (30) Masanobu Shimura; (31) Atsuko Shimonari; (32) Syouichi Takayama; and (33) Machiko Takayama.

| 7. | I'm still not sure if I am Included. |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 03-5363-5667 or visit www.mri-higaibengodan.jp for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the settlement provide? |
|---|---|

The settling defendants have agreed to pay $800,000, which will fund (1) payments to Class Members who send in a valid claim form, (2) approved attorneys' fees and costs, and (3) settlement notice and administrative costs.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the number of valid final claim forms submitted and your alleged out-of-pocket losses, or as otherwise allocated by the Court.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

Because the proposed settlement is only a partial resolution of the lawsuit, the settlement creates a two-step claims process. The first step is to submit an initial claim form. An initial claim form is attached to this Notice. You may also get an initial claim form on the internet at www.mri-higaibengodan.jp. Read the instructions carefully, fill out the form, sign it, and mail it postmarked no later than **Month 00, 0000.** The initial claim form is optional, but it will help the administrator keep you informed of important developments.

The second step is to submit a final claim form. A final claim form will be sent to you after the claims against the remaining defendants are settled or determined on the merits, or as the Court may direct. At the same time that the final claim forms are sent to Class Members, the final claim form will also be posted on the internet at www.mri-higaibengodan.jp. The final claim form is required; it is not optional. When you receive it, read the instructions carefully, fill out the form, provide any additional documents that are listed as necessary, sign it, and mail it postmarked by the deadline that is stated on the final claim form. If you do not submit a timely and complete final claim form, you will not receive a payment.

| 11. | When would I get my payment? |
|---|---|

It is not yet known when payments will be distributed. Because the entire case has not yet been resolved, settlement payments likely will be deferred until the final resolution of the Action, so that eligible Class Members will receive one payment. Everyone who sends in an initial claim form will be informed of the progress of this settlement and any future settlements. Please be patient.

| 12. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against the settling defendants about the legal issues in this case. It

also means that all of the Court's orders will apply to you and legally bind you. If you sign a claim form, you will agree to a "Release of Claims," attached to the claim form, which describes exactly the legal claims that you give up if you get settlement benefits.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Sterling Escrow, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as opting out of the Settlement Class.

| 13. | How do I get out of the settlement? |
|---|---|

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the Sterling Escrow settlement in *Shige Takiguchi, et al v. MRI International, Inc., et al*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than Month 00, 0000 to:

> MRI Exclusions
> MRI Higai Bengodan
> 1-15-9 Sawada Building Fifth Floor
> Shinjuku, Shinjuku-ku, Tokyo
> 160-0022

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You may be able to sue (or continue to sue) the settling defendants in the future.

| 14. | If I don't exclude myself, can I sue the settling defendants for the same thing later? |
|---|---|

No. Unless you exclude yourself: you give up any right to sue Sterling Escrow for the claims that this settlement resolves. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **Month 00, 0000.**

| 15. | If I exclude myself, can I get benefits from this settlement? |
|---|---|

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against the settling defendants.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The Law Offices of Robert W. Cohen, P.C. and Ellrod, Ramirez, Trester LLP represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

In connection with the final approval of the proposed settlement, Class Counsel will seek attorneys' fees and costs incurred in connection with the prosecution of this action to date of up to $200,000. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Sterling Escrow has agreed not to oppose these requests.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 18. | How do I tell the Court that I don't like the settlement? |
|---|---|

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Sterling Escrow settlement in *Shige Takiguchi, et al v. MRI International, Inc., et al*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these addresses postmarked no later than **Month 00, 0000**:

Court

Clerk of Court
United States District Court, District of Nevada
400 S. Virginia St., Suite 301
Reno, NV 89501

Class Counsel

Robert W. Cohen, Esq.
Mariko Taenaka, Esq.
LAW OFFICES OF ROBERT W. COHEN, P.C.
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@cohenlawoffices.com
mt@cohenlawoffices.com

Class Counsel

James E. Gibbons, Esq.
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
jeg@manningllp.com

Counsel for Defendant LVT Inc.,
dba Sterling Escrow:

Robert A. Goldstein, Esq.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 582-7890
Facsimile: (702) 623-6292

| 19. | What's the difference between objecting and excluding? |
|-----|----|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 20. | When and where will the Court decide whether to approve the settlement? |
|-----|----|

The Court will hold a Fairness Hearing at HH:MM a.m./p.m. on Month 00, 0000, at the United States District Court for the District of Nevada, 400 S. Virginia St., Suite 301, Reno, Nevada, 89501, in Courtroom ____. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 21. | Do I have to come to the hearing? |
|-----|----|

No. Class Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 22. | May I speak at the hearing? |
|-----|----|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Shige Takiguchi, et al v. MRI International, Inc., et al.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **Month 00, 0000**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses in question 18. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|----|

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the settling defendants about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| **24.** | **Are there more details about the settlement?** |
|---|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Law Offices of Robert W. Cohen, P.C., 1901 Avenue of the Stars, Suite 1900, Los Angeles, California 90067, or Manning & Kass Ellrod, Ramirez, Trester LLP, 801 S. Figueroa Street, 15th Floor, Los Angeles, California 90017-3012, or by visiting www.mri-higaibengodan.jp.

| **25.** | **How do I get more information?** |
|---|---|

You can call 03-5363-5667; write to MRI Settlement, MRI Higai Bengodan, 1-15-9 Sawada Building Fifth Floor, Shinjuku, Shinjuku-ku, Tokyo, 160-0022; or visit the website at www.mri-higaibengodan.jp, where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: MONTH 00, 0000.

# EXHIBIT 3

# IF YOU LOST MONEY BETWEEN JULY 5, 2008 THROUGH JULY 5, 2013 AS A RESULT OF INVESTING IN SECURITIES ISSUED BY MRI INTERNATIONAL, INC. A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement with LVT, Inc., dba Sterling Escrow ("Sterling Escrow"), if approved by the Court, will provide $800,000 to pay claims from investors who lost money between July 5, 2008 and July 5, 2013 as a result of investing in securities issued by MRI International, Inc.

- The settlement partially resolves a lawsuit over whether MRI and other defendants orchestrated a fraudulent securities scheme; it avoids costs and risks to you from continuing the lawsuit against Sterling Escrow; obtains money for investors like you; and releases Sterling Escrow from liability.

- Court-appointed lawyers for investors will ask the Court for $200,000 as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on how much money could have been won if investors won at trial.

- Your legal rights are affected whether you do or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | You are encouraged to submit an Initial Claim Form, but it is optional. The only way to receive a payment is to submit a Final Claim Form. You will be notified when you must submit your Final Claim Form. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the settling defendants about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- The Court in charge of this case still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved, and, most likely, after the claims against the remaining defendants are either settled or determined on the merits. Please be patient.

- To ask to be excluded from the settlement, you must act before _____, 2017.

- To object to the settlement, you must act before _____, 2017.

- You should submit an Initial Claim Form before _____, 2017.

A full copy of this notice that answers basic questions and explains your rights is available at www.mri-higaibengodan.jp. Or you may request a full copy of the notice by calling or by writing to either of the law firms representing you in the United States or to the MRI Victims Attorney Group ("MRI Higai Bengodan") with whom we work closely with in Japan.

Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067, USA
310-282-7587
mri@robertwcohenlaw.com

Manning & Kass, Ellrod, Ramirez, Trester, LLP
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017, USA
213-624-6900

MRI Higai Bengodan
1-15-9 Sawada Building 5th Floor
Shinjuku, Shinjuku-ku, Tokyo, Japan,
160-0022
03-5363-5667