JAMES E. GIBBONS (*pro hac vice*)
Cal. State Bar No. 130631
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Tel. (213) 624-6900
jeg@manningllp.com

ROBERT W. COHEN (*pro hac vice*)
Cal. State Bar No. 150310
MARIKO TAENAKA (*pro hac vice*)
Cal. State Bar No. 273895
**LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Tel. (310) 282-7586
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and On Behalf of All Others Similarity Situated,<br><br>Plaintiff,<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA,  JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | Case No.: 2:13-cv-01183-HDM-VCF<br>[*Hon. Howard D. McKibben*]<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH LVT, INC., DBA STERLING ESCROW** |

Case 2:13-cv-01183-HDM-NJK   Document 746   Filed 10/26/17   Page 2 of 13

PLEASE TAKE NOTICE that at 3:30 p.m. on November 17, 2017, before the Honorable Howard D. McKibben, United States District Court for the District of Nevada located in Courtroom 4 at 400 S. Virginia Street, Reno, Nevada, Plaintiffs will and hereby do respectfully move for an order finally approving the settlement with LVT, Inc., doing business as Sterling Escrow, specifically:

1. finding that the settlement reached with Sterling Escrow is fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;
2. finding that the notice provided to the Class was due, adequate and sufficient notice, and meets the requirements of due process and applicable law;
3. directing that this action be dismissed with prejudice as against Sterling Escrow;
4. approving the release of claims as specified in the Settlement as binding and effective;
5. reserving exclusive and continuing jurisdiction over the Settlement; and
6. directing that final judgment of dismissal be entered as between Plaintiffs and Sterling Escrow.

This motion is brought pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and is based upon the accompanying Memorandum of Points and Authorities, the supporting declaration of Robert W. Cohen, the records, pleadings and papers filed in this action, and upon such argument as may be presented to the Court at the hearing on this motion.

Dated: October 26, 2017

        MANNING & KASS
        ELLROD, RAMIREZ, TRESTER LLP

        By:   /s/ James E. Gibbons
              JAMES E. GIBBONS

        LAW OFFICES OF ROBERT W. COHEN
        A Professional Corporation

        By:   /s/ Robert W. Cohen
             ROBERT W. COHEN
             MARIKO TAENAKA

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL

## **TABLE OF CONTENTS**

NOTICE OF MOTION………………………………………………………………...……………2

MEMORANDUM OF POINTS AND AUTHORITIES…………………………………………….3

    I.      INTRODUCTION……………………………………………………………..………..3

    II.     SUMMARY OF THE CASE AND PROCEDURAL BACKGROUND……..……..……...3

    III.    TERMS OF THE SETTLEMENT………………………………………………..………5

          A.  Settlement Payment and Additional Consideration……..………………………...…..5

          B.  Release of All Claims Against the Settling Defendant and Reservation of
              Rights as to Remaining Defendants……………………………………………….…..5

    IV.    LEGAL ARGUMENTS…....……………………………………….........................................5

          A.  Class Action Settlement Procedures……………………………………………….....5

          B.  The Court-Approved Notice Program Meets Applicable Standards and
              Has Been Fully Implemented………..……………………………………………....6

          C.  Final Approval of the Settlement is Appropriate…………………………………….7

          D.  The Settlement is the Product of Arms-Length Negotiations..……………………...8

          E.  The Proposed Settlement if Fair, Adequate and Reasonable……………………….8

          F.  The Recommendation of Experienced Counsel Favors Approval………..……………..9

          G.  The Class Response Favors Approval…………………………………………….9

    V.     CONCLUSION…………………………………………………………………….....10

# TABLE OF AUTHORITIES

***Cases***           ***Page(s)***

*Boyd v. Bechtel Corp.*,
   485 F.Supp. 610 (N.D. Cal. 1979)...........................................................................9

*Browne v. Am. Honda Motor Co.*,
   No. 09-06750, 2010 U.S. Dist. LEXIS 145475 (C.D. Cal. July 29, 2010).............9

*Byrd v. Civil Serv. Comm'n*,
   459 U.S. 1217 (1983)..............................................................................................8

*Churchill Village, LLC v. General Elec.*,
   361 F.3d 566 (9th Cir. 2004)..............................................................................7, 8

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992)............................................................................7, 8

*In re Corrugated Container Antitrust Litig.*,
   Case No. M.D.L. 310, 1981 WL 2093 (S.D. Tex. June 4, 1981).............................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1988).................................................................................8

*M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*,
   671 F.Supp. 819 (D. Mass. 1987)............................................................................8

*Marshall v. Holiday Magic, Inc.*,
   550 F.2d 1173 (9th Cir. 1977).................................................................................9

*In re Mid-Atlantic Toyota Antitrust Litig.*,
   564 F. Supp. 1379 (D. Md. 1983)............................................................................9

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004).............................................................................9

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982)..............................................................................7, 8

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976)...................................................................................7

***Statutes and Other Authority***     ***Page(s)***

Fed. R. Civ. P. 23 .....................................................................................................*passim*

*Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002)..............................................8

# TABLE OF AUTHORITIES

***Cases***                                                                                          ***Page(s)***

*Boyd v. Bechtel Corp.*,
   485 F.Supp. 610 (N.D. Cal. 1979).................................................................9

*Browne v. Am. Honda Motor Co.*,
   No. 09-06750, 2010 U.S. Dist. LEXIS 145475 (C.D. Cal. July 29, 2010).............9

*Byrd v. Civil Serv. Comm'n*,
   459 U.S. 1217 (1983)......................................................................................8

*Churchill Village, LLC v. General Elec.*,
   361 F.3d 566 (9th Cir. 2004).......................................................................7, 8

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992).....................................................................7, 8

*In re Corrugated Container Antitrust Litig.*,
   Case No. M.D.L. 310, 1981 WL 2093 (S.D. Tex. June 4, 1981).......................9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1988)...........................................................................8

*M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*,
   671 F.Supp. 819 (D. Mass. 1987).....................................................................8

*Marshall v. Holiday Magic, Inc.*,
   550 F.2d 1173 (9th Cir. 1977)...........................................................................9

*In re Mid-Atlantic Toyota Antitrust Litig.*,
   564 F. Supp. 1379 (D. Md. 1983)......................................................................9

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004).......................................................................9

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982).........................................................................7, 8

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976).............................................................................7

***Statutes and Other Authority***                                                                 ***Page(s)***

Fed. R. Civ. P. 23 ...................................................................................*passim*

*Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002)..............................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Plaintiffs Shige Takiguchi, et al. ("Plaintiffs") and the Class seek final approval of their proposed class action settlement with LVT, Inc., doing business as Sterling Escrow ("Sterling Escrow"). The settlement with Sterling Escrow secured $800,000 for the benefit of the Class. *See* Declaration of Robert W. Cohen in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. 688) ("Cohen Decl."), Ex. 1 (Sterling Escrow Settlement Agreement). Because the Settlement is fair, reasonable and adequate, the Court should grant final approval.

On June 13, 2017, the Court granted preliminary approval of the Settlement. (Dkt. 704.) In doing so, the Court found that the Settlement was fair, reasonable and adequate, found that the proposed notice procedure complies with the requirements of FRCP 23 and due process, appointed the MRI Higaibengodan as the Notice Administrator, ordered a process for dissemination of the Notice of Settlement, and ordered a Final Approval Hearing. *Id.*

## II. SUMMARY OF THE CASE AND PROCEDURAL BACKKGROUND

Plaintiffs filed this case on July 5, 2013 (the "Action") against MRI International, Inc., its principal operators -- Edwin Fujinaga, Junzo Suzuki, and Paul Suzuki -- and Sterling Escrow, the escrow company purportedly holding the investors' money in trust. The Defendants all filed motions to dismiss, and Plaintiffs amended their pleadings on several occasions. Plaintiffs filed their operative Fifth Amended Complaint on September 29, 2016 (Dkt. 481).

On June 2, 2015, Plaintiffs filed a motion to certify the class (Dkt. 255.), which was granted on March 21, 2016. (Dkt. 404.) The court also appointed Law Offices of Robert W. Cohen, APC and Manning & Kass, Ellrod, Ramirez, Trester, LLP as Class Counsel. On May 6, 2016, the Class was modified pursuant to stipulation (Dkt. 425) and is now defined as:

> The MRI Investor Class consisting of: all persons who were MRI investors and who were injured because of the defendants' alleged illegal Ponzi scheme and actions from July 5, 2008 through July 5, 2013. Excluded from the class are the defendants, their employees, their family members and their affiliates, and the following 26 individuals who are plaintiffs in the pending litigation against the defendants in Japan: (1) Tomoyasu Kojima; (2) Keiko Amaya; (3) Masakazu Sekihara; (4) Chiri

Satou; (5) Meiko Murakami; (6) Masayoshi Tsutsumi; (7) Yumiko Ishiguro; (8) Reiko Suzuki; (9) Hiroji Sumita; (10) Eiko Uchiyama; (11) Hideyo Uchiyama; (12) Youzou Shiki; (13) Naoki Nagasawa; (14) Noboru Yokoyama; (15) Masami Segawa; (16) Fumiko Takagi; (17) Kumiko Kaita; (18) Fumi Kobayashi; (19) Ikuko Miyazaki; (20) Hina Nagase; (21) Akio Iwama; (22) Kouji Kishida; (23) Eri Kishida; (24) Nomai Nii; (25) Youko Miyahara; and (26) Tsukiko Kurano.

After the Court granted approval of the Stipulation Regarding Class Notice on May 9, 2016 (Dkt. 429), Notice of Class Certification was mailed on June 17, 2016 was sent to 8,759 Class Members. Of those 8,759 notices, 664 were returned undeliverable. An address search was performed and 290 new addresses were identified. Accordingly, 290 Class Notices were re-mailed to the new addresses. There are a total of 372 Class Members for whom no new address can be found. The Notice of Class Certification was also published in the Saneki Shinbun, a financial newspaper with nationwide circulation in Japan. There were 34 exclusion requests.

The parties engaged in extensive discovery throughout the course of this litigation and are fully informed of the facts that support or undermine their respective positions, as well as the financial condition of Sterling Escrow. From July 5, 2013 to the present, Plaintiffs served multiple sets of discovery on Defendants and served over 20 third-party subpoenas, resulting in the production of nearly one million pages of documents, all of which were reviewed. Plaintiffs also responded to interrogatories and requests for production of documents from Sterling Escrow. In addition to the written discovery, 18 depositions also took place. Defendants deposed eight of the nine named plaintiffs. Plaintiffs deposed the president of Sterling Escrow, Peter Munoz, on two separate occasions, the accountant for MRI, Ms. Raven Gilmore, and other employees of MRI and their affiliates.

After conducting extensive discovery, Plaintiffs and Sterling Escrow entered settlement negotiations, and the parties reached a settlement in May 2017. On May 17, 2017, Sterling Escrow filed its Motion for Good Faith Settlement (Dkt. 685), and Plaintiffs moved to preliminarily approve the Settlement on May 24, 2017 (Dkt. 688). On June 8, 2017, the Court granted Sterling Escrow's Motion for Good Faith Settlement (Dkt. 701) and on June 13, 2017 the Court preliminarily approved the Settlement with Sterling Escrow (Dkt. 704). On August 24, 2017 Plaintiffs moved for attorneys' fees. (Dkt. 720). On September 19, 2017, Plaintiffs filed the Notice Administrator's affidavit of compliance. (Dkt. 730).

## III. TERMS OF THE SETTLEMENT

The Settlement resolves all claims Plaintiffs and the Class have against Sterling Escrow. The details are set forth in the Settlement Agreement attached as Exhibit 1 to the Cohen Declaration filed in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The key terms are described below.

### A. Settlement Payments and Additional Consideration

Pursuant to the Settlement Agreement, Sterling Escrow will pay a total of $800,000, and the funds will be held in a Qualified Settlement Fund and administered by Heffler Claims Group. The Settlement Fund will be used in accordance with the Settlement Agreement and applicable Court orders, to make payments to Class members in the future, for claims administration costs, and Court-approved attorneys' fees.

As additional consideration, Mr. Munoz has agreed to cooperate with Class Counsel in the further prosecution of their claims against the Non-Settling Defendants. Specifically, Mr. Munoz has agreed to have Sterling Escrow' counsel accept trial subpoenas on his behalf, and has agreed to authenticate documents as needed.

### B. Release of All Claims Against the Settling Defendant and Reservation of Rights as to Remaining Defendants

In exchange for the Settling Defendants' monetary and cooperation consideration, upon entry of a final judgment approving the proposed settlement, plaintiffs will release Sterling Escrow of all claims related to the alleged conduct giving rise to this litigation. The Settlement preserves plaintiffs' right to litigate against the Non-Settling Defendants for the entire amount of plaintiffs' damages.

## IV. LEGAL ARGUMENT

### A. Class Action Settlement Procedure

A class action may not be dismissed, compromised, or settled without the approval of the Court. Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined procedure and specific criteria for approval of class action settlements. The Rule 23(e) settlement approval procedure describes three distinct steps:

1. Preliminary approval of the proposed settlement;

2. Disseminating notice of the settlement to all affected class members; and

3. A formal fairness hearing, also called the final approval hearing, at which class members may be heard regarding the settlement, and at which counsel may introduce evidence and present argument concerning the fairness, adequacy, and reasonableness of the settlement. This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. *See Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002) ("*Newberg*") [describing class action settlement procedure].

The first step was completed when the Court preliminarily approved the Settlement. The second step was also completed, as more fully set forth below. And by this motion, Plaintiffs request that the Court take the third and final step of holding a fairness hearing and granting final approval of the proposed Settlement.

**B.     The Court-Approved Notice Program Meets Applicable Standards and Has Been Fully Implemented**

Federal Rules of Civil Procedure 23(c)(2)(B) sets forth the standards that must be met when sending notice of a proposed class action settlement. It requires that the notice be clear, concise and in plainly understood language, and must set forth "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

The notice plan approved by this Court constitutes valid, due, and sufficient notice to class members and constitutes the best notice under the circumstances. The notice clearly explains in both English and Japanese the nature of the action, who qualifies as a class member, how to request to be excluded from the Settlement or object to the Settlement, and how to obtain copies of documents or to contact Class Counsel and the Notice Administrator.

The notice also explains that the Settlement was filed with the Court, and are available online in English and Japanese at www.mri-higaibengodan.jp/notice. In addition, the website also allows Class members to view and download copies of the Court's order granting class certification, the class

certification notice, the long-form notice of the Settlement, the short-form notice of the Settlement, the Notice Administrator's cover letter and initial claim form.

The Court approved the notice plan when it preliminarily approved the Settlement. (Dkt. 704). The Court ordered that notice of the Settlement be mailed and posted on the internet by July 24, 2017, and set a status conference on July 25, 2017 to confirm that notice had been given. Pursuant to the court order, the Notice Administrator caused the notices to be mailed and posted at www.mri-higaibengodan.jp/notice. Additionally, the Notice Administrator caused the short-form notice to be posted on the National Consumer Affairs Center of Japan's website at www.kokusen.go.jp/news/data/n-20130502_1.html.

Class members had a variety of ways to request to be excluded from the settlement or obtain additional information, including by telephone to Class Counsel or the Notice Administrator, by e-mail to Class Counsel, or by regular mail. Class members were also asked to mail in initial claim forms to the Notice Administrator for purposes of gathering class member information. The forms were both mailed and available for download on the website.

### C. Final Approval of the Settlement is Appropriate

Final approval of a class action settlement is appropriate under Federal Rules of Civil Procedure 23(e) if the settlement "is fundamentally fair, adequate and reasonable." *Officer for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In determining whether the settlement is "fair, adequate and reasonable," the Court should consider ""the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

Moreover, "[T]here is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits[.]" *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Churchill Village, LLC v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); and *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The approval of a proposed settlement of a class action is a matter of

7
NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL

discretion for the trial court. *Churchill Village, L.L.C., supra*, 361 F.3d at 575. In exercising that discretion, however, courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should "not be turned into a trial or rehearsal for trial on the merits." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied sub nom; Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983). Furthermore, courts must give "proper deference" to the settlement agreement, because "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1027 (9th Cir. 1988) (internal quotations omitted

**D. The Settlement is the Product of Arms-Length Negotiations**

"Before approving a class action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties'…" *City of Seattle*, 955 F.2d at 1290 (quoting *Ficalora v. Lockheed Cal. Co*, 751 F.2d 995, 997 (9th Cir. 1985)). Courts should find a settlement to be presumptively fair so long as it has been reached following meaningful discovery and arms-length negotiations. *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc*., 671 F.Supp. 819, 822 (D. Mass. 1987).

Here, the parties engaged in two years of contentious motion practice, and an additional two years of discovery, including 18 depositions taken and almost a million pages of documents produced. The parties only began settlement discussions three years into the litigation, and after the Court certified the class. The parties were all fully informed of the legal risks and the financial situation of Sterling Escrow, and the risks of ongoing litigation, allowing for the parties to make an informed decision and enter into a fair settlement.

**E. The Proposed Settlement is Fair, Adequate and Reasonable**

Plaintiffs' proposed settlement meets the standards for final approval. First, the settlement is entitled to "an initial presumption of fairness" because it is the result of arms-length negotiations among experienced counsel. *Newberg*, § 11.41. Second, the agreed consideration of $800,000 with Sterling

Escrow is substantial, particularly in light of the fact that the Sterling Escrow has no assets other than its professional liability insurance policy.  Third, because the Non-Settling Defendants remain jointly and severally liable for all damages caused by the Ponzi Scheme, the settlement does not reduce the total amount of damages recoverable from the Non-Settling Defendants in this litigation.  *See In re Corrugated Container Antitrust Litig.*, Case No. M.D.L. 310, 1981 WL 2093, at *17 (S.D. Tex. June 4, 1981).  Fourth, the settlement calls for Sterling Escrow's principal, Peter Munoz, to cooperate with plaintiffs to prosecute their case against the Non-Settling Defendants, such as to accept subpoenas through his attorney and to authenticate documents.  *See In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md. 1983) [a defendant's agreement to cooperate with plaintiffs "is an appropriate factor for a court to consider in approving a settlement"].  The proposed settlement is, therefore, fair, reasonable, and adequate.

**F.     The Recommendation of Experienced Counsel Favors Approval**

The judgment of experienced counsel regarding the settlement should be given a presumption of reasonableness and significant weight.  *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622 (N.D. Cal. 1979).  Class Counsel have extensive experience in litigating and settling class action lawsuits, and have conducted an in-depth legal and factual analysis of the issues in this case.  Based on their analysis, and considering the risk of proceeding with trial, Class Counsel endorses the Settlement as fair, reasonable and adequate.  The court should give great deference to Class Counsel's judgment.

**G.     The Class Response Favors Approval**

A court should determine that a settlement is fair, reasonable and adequate where few Class members object or request to be excluded.  *See Marshall v. Holiday Magic, Inc.,* 550 F.2d 1173, 1178 (9th Cir. 1977); *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("the absence of a large number of objections to a proposed settlement action raises a strong presumption that the terms of a proposed class action settlement is favorable to the class members.").  Moreover, even where there is an objection, the court must independently evaluate the merits of the objection before denying final approval of the settlement.  *Browne v. Am. Honda Motor Co.*, No. 09-06750, 2010 U.S. Dist. LEXIS 145475, at *51 (C.D. Cal. July 29, 2010).

Out of 8,999 notices mailed to Class members, only one person submitted an objection.  Cohen

Decl. Although Class Counsel did not receive a copy, Class member Mamiko Fujiwara mailed an objection to the Notice Administrator stating that $800,000 to settle the entire matter would be insufficient to recompense all of the thousands of investors. The objection, however, appears to have been misguided because it was based on a mistaken apprehension that the $800,000 represented a settlement of the claims against all defendants, rather than against Sterling Escrow alone. In face, after the Notice Administrator contacted Ms. Fujiwara and clarified the limited extent of the settlement, she stated that she would withdraw her objection. However, as of the date of this motion, Class Counsel nor the Notice Administrator have received any written withdrawal of her objection. Declaration of Jun Igarashi.

The low objection rate confirms that the Settlement is fair, adequate and reasonable. Additionally, there have been no requests to be excluded from the Settlement.

## V. CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court (1) grant final approval of the Settlement; and (2) approve the notice as being compliant with Federal Rules of Civil Procedure 23.

Respectfully submitted.

Dated: October 26, 2017                MANNING & KASS
                                       ELLROD, RAMIREZ, TRESTER LLP

                                       By:   /s/ James E. Gibbons
                                             JAMES E. GIBBONS


                                       LAW OFFICES OF ROBERT W. COHEN
                                       A Professional Corporation

                                       By:   /s/ Robert W. Cohen
                                             ROBERT W. COHEN
                                             MARIKO TAENAKA

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2017, a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5.5(h), notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

    /s/ Mariko Taenaka    .
    Mariko Taenaka

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL