AO 450 (Rev. 5/85) Judgment in a Civil Case ⊕

# UNITED STATES DISTRICT COURT

\*\*\*\*         DISTRICT OF   NEVADA

SHIGE TAKIGUCHI, et al.

      Plaintiff,      JUDGMENT IN A CIVIL CASE
  v.

                     CASE NUMBER:   2:13-cv-01183-HDM-NJK

MRI INTERNATIONAL, INC. et al.,

      Defendants.

\_\_\_  **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

\_\_\_  **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

 X  **Decision by Court.** This action came to be considered before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including Class members and Sterling Escrow.

3. Final approval of a class action settlement is appropriate under Federal Rules of Civil Procedure 23(e) if the settlement "is fundamentally fair, adequate and reasonable." *Officer for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In determining whether the settlement is "fair, adequate and reasonable," the Court should consider "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and

the reaction of the class members to the proposed settlement." *Id.*

4. First, the Court is satisfied that the parties have engaged in extensive litigation and that the Settlement was reached after arms-length negotiations by capable counsel, and was not the product of fraud, overreaching or collusion among the parties.

5. Second, the risks of ongoing litigation also support the Court's final approval of the Settlement. Through the Settlement, the parties have reduced the scope of the ongoing litigation and lessened the expense and burden of trial.

6. Third, the Settlement provides the Class $800,000. This is substantial, given that Sterling Escrow has been out of business since 2013, and owns no assets in its name. Furthermore, Sterling Escrow did agree to cooperate with Plaintiffs in terms of authenticating documents and providing testimony at trial. In return Plaintiffs have agreed to a reasonable and fair release of the claims against Sterling Escrow.

7. Fourth, the views of Plaintiffs' counsel, who are experienced in litigating and settling antitrust class actions, weigh in favor of final approval. *Linney v. Cellular Alaska P'Ship*, No. 96-3008-DJL, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), aff'd 151 F.3d 1234 (9th Cir. 1998). Plaintiffs' counsel have conducted an extensive investigation into the factual and legal issues raised in this Action and endorse the Settlements as fair, adequate, and reasonable.

8. Finally, the reaction of the Class members supports final approval. There were no requests for exclusion, and only one objection was submitted. However, the objection should be discounted, since the objector appears to have misunderstood the terms of the settlement.

9. Accordingly, the Court finds that the Settlement is fair, adequate, and reasonable within the meaning of Federal Rules of Civil Procedure 23(e).

10. Federal Rules of Civil Procedure 23(c)(2)(B) sets forth the standards that must be met when sending notice of a proposed class action settlement. It requires that the notice be clear, concise and in plainly understood language, and must set forth "(I) the nature of the action; (ii) the definition of

the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

11. The Court finds that the notice program approved by the Court on June 13, 2017 has been implemented and complies with Federal Rules of Civil Procedure 23(c)(2)(B). Notice was sent to all Class members by mail. The notice provided a clear description of Class members' rights and options under the Settlement. The notice explained how to submit an initial claim form, how to request to be excluded from the Settlement, how to object to the Settlement, how to obtain copies of relevant documents, and how to contact Class Counsel and the Notice Administrator.

12. The Notice Administrator, approved by the Court, set up a telephone hotline and a website where Class members can access copies of the Settlement Agreement; the notice; the initial claim form; and the class certification order in both English and in Japanese. Class members could submit initial claim forms by mail. Class members could request to be excluded from the Settlement by mail or by email. Class members could also object to the Settlement by mail.

13. The Court will defer ordering a plan of allocation until the final resolution of the entire matter, or upon motion by Plaintiffs.

14. By means of this Final Approval Order, the Court hereby enters final judgment in this action as between Plaintiffs and Sterling Escrow, as defined in Federal Rule of Civil Procedure 58(a)(1).

15. All Released Claims of Plaintiffs and the Class are hereby released as against Sterling Escrow and its insurer, Admiral Insurance Company.

16. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

17.     The Court hereby appoints Heffler Claims Group as the Claims Administrator and orders that the Claims Administrator take all actions necessary to comply with this Final Approval Order and the terms of the Settlement, including the establishment of a Qualified Settlement Fund.  All expenses and fees incurred by Claims Administrator shall be paid from the Settlement Fund.

18.     The parties and the Claims Administrator are hereby ordered to comply with the terms of the Settlement.

19.     This action is dismissed with prejudice as against Sterling Escrow, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.  Judgment is hereby entered.

<u>November 21, 2017</u>                                                       **DEBRA K. KEMPI**
                                                                                                                Clerk


                                                                                                      <u>  /s/  K. Walker       </u>
                                                                                                                Deputy Clerk