1 | JAMES E. GIBBONS (*pro hac vice*), Cal. State Bar No. 130631
**MANNING & KASS**
2 | **ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street, 15th Floor
3 | Los Angeles, CA 90017
Tel. (213) 624-6900
4 | jeg@manningllp.com

5 | ROBERT W. COHEN (*pro hac vice*), Cal. State Bar No. 150310
MARIKO TAENAKA (*pro hac vice*), Cal. State Bar No. 273895
6 | **LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
1901 Avenue of the Stars, Suite 1900
7 | Los Angeles, CA 90067
Tel. (310) 282-7586
8 | rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and On Behalf of All Others Similarity Situated,<br><br>Plaintiff,<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | Case No.: 2:13-cv-01183-HDM-NJK<br>[*Hon. Howard D. McKibben*]<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS (1) JUNZO SUZUKI, (2) PAUL SUZUKI, (3) KEIKO SUZUKI, (4) SUZUKI ENTERPRISES, INC. PROFIT SHARING PLAN, (5) CATHERINE SUZUKI, AS TRUSTEE OF THE JUNZO SUZUKI IRREVOCABLE TRUST, (6) CATHERINE SUZUKI, AS TRUSTEE OF THE KEIKO SUZUKI IRREVOCABLE TRUST, (7) CATHERINE SUZUKI, AS TRUSTEE OF THE JUNZO SUZUKI AND KEIKO SUZUKI IRREVOCABLE TRUST (8) SUZUKI ENTERPRISES, INC., (9) PUUIKENA INVESTMENTS LLP, (10) CATHERINE SUZUKI, AS TRUSTEE OF THE CATHERINE SUZUKI IRREVOCABLE TRUST DATED MAY 10, 2013 AND (11) PAUL MUSASHI SUZUKI, AS TRUSTEE OF THE PAUL MUSASHI SUZUKI IRREVOCABLE TRUST DATED MAY 10, 2013.** |

This matter is before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement (the "Settlement") between the representative Plaintiffs Shige Takiguchi, et al. and (1) Junzo Suzuki, (2) Paul Suzuki, (3) Keiko Suzuki, (4) Suzuki Enterprises, Inc. Profit Sharing Plan ("the SEI PSP"), (5) Catherine Suzuki, as trustee of the Junzo Suzuki Irrevocable Trust, (6) Catherine Suzuki, as trustee of the Keiko Suzuki Irrevocable Trust, (7) Catherine Suzuki, as trustee of the Junzo Suzuki and Keiko Suzuki Irrevocable Trust, (8) Suzuki Enterprises, Inc., (9) Puuikena Investments LLP, (10) Catherine Suzuki, as trustee of the Catherine Suzuki Irrevocable Trust dated May 10, 2013 and (11) Paul Musashi Suzuki, as trustee of the Paul Musashi Suzuki Irrevocable Trust dated May 10, 2013 (collectively the "Settling Defendants"), as set forth in the Settlement Agreement attached hereto as Exhibits A. Having considered the Motion, the Settlement Agreement, the proposed form of notice to the Class, the pleadings and other papers filed in these Actions, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court finds that the proposed Settlement with Settling Defendants for approximately $13,100,000 is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved. Notice of the Settlement should be provided to the Settlement Class and a hearing should be held as set forth below. The Court finds that the Settlement Agreement appears to be the product of arm's length, informed, non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and contested this litigation for over three and a half years. In accordance with the schedule outlined below, Class Counsel shall seek entry of an Order and Final Judgment as to the Settling Defendants.

3. The Court hereby grants Plaintiffs' request to defer distribution of the Settlement Funds and propose a Plan of Allocation until final resolution of the case or at a later time, upon approval by the Court.

4. The Court hereby conditionally certifies the Class as to the Uncertified Settling Defendants, subject to final approval of the Settlements pursuant to the following FINDINGS under Fed. R. Civ. P. 23:

a. The Court previously certified the Class as to Junzo Suzuki and Paul Suzuki on March 21, 2016, and as subsequently amended on May 6, 2016. The causes of actions asserted against the Uncertified Settling Defendants are the same as those asserted against the certified defendants.

b. As discussed below, Plaintiffs have satisfied the requirements for class certification under Rule 23(a) and Rule 23(b)(3).

c. Rule 23(a) requires: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of class." FRCP 23.

d. The settlement class, estimated at 8,800, is sufficiently numerous to satisfy the numerosity requirement.

e. Plaintiffs have shown that there are common questions of law and fact. Commonality is established where there is a "common contention" of such a nature that it is capable of class-wide resolution in "one stroke." *Wal-Mart Stores, Inc. v. Dukes* (2011) U.S. 131 S.Ct. 2541, 2551. As the Court has already ruled, here, each class member suffered the same injury and the same evidence will be used to prove the existence of a Ponzi scheme, the falsity of the representations, each defendant's role and knowledge in the scheme, and whether the funds held by each defendant are the proceeds of MRI's Ponzi scheme, entitling the class to the assets under the principles of constructive trust, unjust enrichment and fraudulent transfer. The Plaintiffs allege that, like Junzo and Paul Suzuki, Keiko Suzuki was also a control person and that MRI's entire common course of conduct was attributable to Keiko Suzuki. Since the Court has already ruled that the commonality requirement has been satisfied as to Junzo Suzuki and Paul Suzuki, it stands to reason that the class should be similarly certified as to Keiko Suzuki. Similarly, the Court has already determined that there is a common question or law and fact as whether the class is entitled to the assets under the theories of fraudulent transfer, constructive trust and unjust enrichment, meaning that Plaintiffs have also satisfied the commonality requirements as to the remaining Settling Defendants.

f. Plaintiffs have also shown that their claims are typical of the class. Typicality is found where other class members have the same or similar injury as the lead plaintiff; where the action is

based on conduct which is not unique to the named plaintiff; and where other class members have been injured by the same course of conduct as the named plaintiff. *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiffs and the class members all suffered from the same injury, namely, the loss of their investments as a result of defendants' operation of a Ponzi scheme.

   g. Finally, Plaintiffs and Class Counsel have shown that they will adequately protect the interest of the class. The Court has already determined that the Yuko Nakamura is an adequate class representative because her claims are typical, her interests are not antagonistic to the class, and she has suffered a substantial loss. Further, the Court has also already determined that Class Counsel has vigorously prosecuted this action and can adequately represent the proposed class.

   h. Rule 23(b)(3) requires that the "questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that common issues predominate as to all twelve causes of action, including the causes of action for § 10(b) and Rule 10B-5 claims. Because Plaintiffs allege that the Defendants repeatedly made the same core misrepresentations throughout the class period, there was no meaningful difference between statements made by Junzo and Paul Suzuki to individual investors to justify requiring individual proof. Since the allegations set forth against Keiko Suzuki parallel those made against Junzo and Paul Suzuki, there is no reason that individual issues should not predominate as to Keiko Suzuki. For the unjust enrichment cause of action, whether the defendants' receipt and retention of money is an issue that may be answered on a class-wide basis. With respect to the constructive trust cause of action, no individual questions exist to preclude class certification.

   i. Rule 23(b)(3) requires that the class action must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). A class action is superior to individual litigation, because requiring individual plaintiffs to travel from Japan to Nevada to prosecute their case would be significantly burdensome, the majority of the assets held by the various Defendants are located in Nevada and the United States, and requiring individuals to each file their own case would be extremely burdensome to the Court. Therefore a class action is a superior method to

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

adjudicate the controversy with respect to the Uncertified Settling Defendants.

5. The Court approves the Notice of Proposed Settlement of Class Action (the "Settlement Notice"), and finds that the dissemination of the Settlement Notice substantially in the manner and form set forth in the Settlement Agreements complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

6. The notice procedures set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice of the Settlement Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreements, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

7. The Court hereby appoints the Japanese attorney group which represents the interests of certain MRI victims in Japan (the "MRI Higaibengodan") as the Notice Administrator. Consistent with the Settlement Agreement, the Notice Administrator shall (1) disseminate the Notice of Settlement to the Class with the cover letter; (2) cause the Notice of Settlement to be published on the National Consumer Affairs of Japan's website; and (3) make relevant documents in English and Japanese accessible to the Class on the MRI Higaibengodan's website. Pursuant to the Settlement Agreement, the Notice Administrator's costs shall be paid out of the Settlement Fund, subject to Court review and approval.

8. The Notice Administrator shall cause the Settlement Notice to be mailed, postage prepaid, to all Class Members within 60 days from this order. The Notice Administrator shall also cause the Settlement Notice to be published on the National Consumer Affairs of Japan's website. At least thirty days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund. Class Counsel will seek Court approval for reimbursement of the notice costs prior to the Final Approval Hearing.

9. The Court finds that Class Members had sufficient opportunity to opt-out of the Class when they were notified about the certification of the class in June 2016, and in fact 34 investors opted-out of the Class, and therefore Class Members will not be provided with an opportunity to opt-out of this

Settlement.

10. Class Counsel shall file their motion for payment of attorneys' fees and costs no later than thirty-one days (31) days from the date the Notice of Settlement is mailed.

11. Upon entry of the Final Approval Order and Judgment, all Class Members will be bound by all the terms and provisions of the Settlement Agreement, including the Release provisions, whether such Class Member objected to the Settlement and whether or not such Class Member applied for or received consideration under the Settlement Agreement.

12. A final telephonic hearing on the Settlement Agreement ("Final Approval Hearing") shall be held before the Court at 9:00 a.m. on April 26, 2018 in Courtroom 4 of United States District Court of Nevada, 400 South Virginia Street, Reno, Nevada 89501. Participants shall call AT&T no later than five minutes prior to the hearing at 1 (877) 336-1839 and provide Access Code 3246567 with Security Code 0377.

13. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the partial Settlement Agreements and whether the Settlement Agreements should be granted final approval by the Court; and (b) entry of a Final Approval Order and Judgment including the Settlement Release. Class Counsel's application for payment of costs shall also be heard at the time of the hearing.

14. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement objections, claims, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

15. Class Members may, but need not, enter an appearance through his or her own attorney. For Settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

16. Any Class Member who did not elect to be excluded from the Class may, but need not, submit comments or objections to (a) the Settlement Agreement; (b) entry of a Final Approval Order and Judgment approving the Settlement Agreement; and (c) Class Counsel's application for payment of attorneys' fees and costs, by mailing a written comment or objection to the addresses provided by the

5

Claims Administrator in the Notice.

17. Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Class Member was an employee and member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreement and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlement submitted to any court in the United States in the previous five years.

18. Objections, along with any statements of intent to appear, must be postmarked no later than fifty-two (52) days from the Notice date, and mailed to the addresses provided in the Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

19. Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreements; (b) entry of a Final Approval Order and Judgment; and (c) Class Counsel's application for payment of attorneys' fees and costs, whether by appeal, collateral attack, or otherwise.

20. Class Members need not appear at the hearing or take any other action to indicate their approval.

21. Upon entry of the Final Approval Order and Judgment, all Class Members will be enjoined from proceeding against the Settling Defendants and all other Released Parties with respect to all of the Released Claims, as set forth in the Settlement Agreement.

22. The schedule by which the events referenced above shall occur as follows:

| Event | Date |
| --- | --- |
| Notice of Class Action Settlement to Be Mailed and Posted on Internet | Within 60 days from Preliminary Approval Order |
| Motion for Attorneys' Fees and Costs Filed by Class Counsel | To be completed 31 days from Notice Date |
| Objection Deadline | 52 days from Notice Date |
| Notice Administrator Affidavit of Compliance with Notice Requirements | To be filed 30 days prior to the Final Approval Hearing |
| Motion for Final Approval | To be filed 21 days prior to the Final Approval Hearing |
| Responses or Opposition to the Motion for Final Approval | To be filed 14 days prior to the Final Approval Hearing |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs | To be filed 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | April 26, 2018 at 9:00 a.m. |

23. All further proceedings as to Settling Defendants are hereby stayed and all deadlines are vacated, except for any actions required to effectuate or enforce the Settlement Agreement.

24. In the event the Settlement Agreement and the proposed settlement is terminated pursuant to the applicable provisions of the Settlement Agreement, the Settlement Agreement and all related proceedings shall, except as expressly provided in the Settlement Agreement, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against Settling Defendants and any other Released Parties shall retain any and all of their current defenses and arguments thereto so that Settling Defendants may take such litigation steps and shall proceed as if the Settlement Agreement had not been executed.

25. Neither this Order nor the Settlement Agreement, nor any other Settlement related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance

with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Settling Defendants as to (a) the validity of any claim that has been or could have been asserted against either or as to any liability by either as to any matter encompassed by the Settlement Agreements.

Dated: January 3, 2018

_____
HOWARD D. MCKIBBEN
United States District Judge