1  JAMES E. GIBBONS (*pro hac vice*)
   Cal. State Bar No. 130631
2  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
3  801 South Figueroa Street, 15th Floor
   Los Angeles, CA 90017
4  Tel. (213) 624-6900
   jeg@manningllp.com
5
   ROBERT W. COHEN (*pro hac vice*)
6  Cal. State Bar No. 150310
   MARIKO TAENAKA (*pro hac vice*)
7  Cal. State Bar No. 273895
   **LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
8  1901 Avenue of the Stars, Suite 1900
   Los Angeles, CA 90067
9  Tel. (310) 282-7586
   rwc@robertwcohenlaw.com
10 mt@robertwcohenlaw.com

11 *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and On Behalf of All Others Similarity Situated,<br><br>Plaintiff,<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba ICAG, and DOES 1-500,<br><br>Defendants. | Case No.: 2:13-cv-01183-HDM-NJK<br>[*Hon. Howard D. McKibben*]<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH ICAG, INC.** |

This matter is before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement (the "Settlement") between the representative Plaintiffs Shige Takiguchi, et al. and ICAG, Inc. ("ICAG"), as set forth in the Settlement Agreement attached hereto as Exhibit A. Having considered the Motion, the Settlement Agreement, the proposed form of notice to the Class, the pleadings

and other papers filed in these Actions, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court finds that the proposed Settlement with ICAG, which provides for:

- Cash payments totalling $265,000;
- An assignment of accounts receivable in the amount of $150,000 owed by Premier Entertainment Services International, Inc. to ICAG; and
- An assignment by Cheryl Shintaku of the 15% interest in HMC Service Center, LLC that she inherited from Richard Shintaku

is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved. Notice of the Settlement should be provided to the Settlement Class and a hearing should be held as set forth below. The Court finds that the Settlement Agreement appears to be the product of arm's length, informed, non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and contested this litigation for over three and a half years. In accordance with the schedule outlined below, Class Counsel shall seek entry of an Order and Final Judgment as to the Settling Defendant.

3. The Court hereby grants Plaintiffs' request to defer distribution of the Settlement Funds and propose a Plan of Allocation until final resolution of the case or at a later time, upon approval by the Court.

4. The Court approves the Notice of Pendency and Proposed Settlement of Class Action (the "Settlement Notice"), and finds that the dissemination of the Settlement Notice substantially in the manner and form set forth in the Settlement Agreements complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

5. The notice procedures set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice of the Settlement Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement

Agreements, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

6. The Court hereby appoints the Japanese attorney group which represents the interests of certain MRI victims in Japan (the "MRI Higaibengodan") as the Notice Administrator. Consistent with the Settlement Agreement, the Notice Administrator shall (1) disseminate the Notice of Settlement to the Class with the cover letter; (2) cause the Notice of Settlement to be published on the National Consumer Affairs of Japan's website; (3) make relevant documents in English and Japanese accessible to the Class on the MRI Higaibengodan's website; and (4) receive and maintain Requests for Exclusion. Pursuant to the Settlement Agreement, the Notice Administrator's costs shall be paid out of the Settlement Fund, subject to Court review and approval.

7. The Notice Administrator shall cause the Settlement Notice to be mailed, postage prepaid, to all Class Members on or before March 4, 2018. The Notice Administrator shall also cause the Settlement Notice to be published on the National Consumer Affairs of Japan's website. The Notice Administrator shall file with the Court an Affidavit of Compliance with the Notice Requirements on or before April 22, 2018. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund. Class Counsel will seek Court approval for reimbursement of the notice costs prior to the Final Approval Hearing.

8. Class Members will have until April 25, 2018 ("Exclusion Deadline") to request to be excluded from the Proposed Settlement ("Request for Exclusion").

9. Any Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Notice Administrator before the deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability independently to pursue any claims they may have against ICAG.

10. Class Counsel shall file their motion for payment of attorneys' fees and costs no later than April 4, 2018.

11. All Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, including the Release provisions, whether or not such Class Member objected to the Settlement and whether or not such Class Member applied for or received consideration under the Settlement Agreement.

12. A final telephonic hearing on the Settlement Agreement ("Final Approval Hearing") shall be held before the Court at 9:00 a.m. on May 22, 2018 in Courtroom 4 of United States District Court of Nevada, 400 South Virginia Street, Reno, Nevada 89501. Participants shall call AT&T no later than five minutes prior to the hearing at 1 (877) 336-1839 and provide Access Code 3246567 with Security Code 0376.

13. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the partial Settlement Agreements and whether the Settlement Agreements should be granted final approval by the Court; and (b) entry of a Final Approval Order and Judgment including the Settlement Release. Class Counsel's application for payment of costs shall also be heard at the time of the hearing.

14. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement objections, claims, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

15. Any Class Member who did not elect to be excluded from the Class may, but need not, enter an appearance through his or her own attorney. For Settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

16. Any Class Member who did not elect to be excluded from the Class may, but need not, submit comments or objections to (a) the Settlement Agreement; (b) entry of a Final Approval Order and Judgment approving the Settlement Agreement; and (c) Class Counsel's application for payment of

4
AMENDED ORDER GRANTING MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
ICAG, INC.

attorneys' fees and costs, by mailing a written comment or objection to the addresses provided by the Claims Administrator in the Notice.

17. Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Class Member was an employee and member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreement and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

18. Objections, along with any statements of intent to appear, must be postmarked no later than April 25, 2018, and mailed to the addresses provided in the Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

19. Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreements; (b) entry of a Final Approval Order and Judgment; and (c) Class Counsel's application for payment of attorneys' fees and costs, whether by appeal, collateral attack, or otherwise.

20. Class Members need not appear at the hearing or take any other action to indicate their approval.

21. Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely requested to be excluded from the Class will be enjoined from proceeding against ICAG and all other Released Parties with respect to all of the Released Claims, as set forth in the

Settlement Agreement.

22. The schedule by which the events referenced above shall occur as follows:

| Event | Date |
|---|---|
| Notice of Class Action Settlement to Be Mailed and Posted on Internet | March 4, 2018 |
| Motion for Attorneys' Fees and Costs Filed by Class Counsel | April 4, 2018 |
| Opt-Out and Objection Deadline | April 25, 2018 |
| Notice Administrator Affidavit of Compliance with Notice Requirements | April 22, 2018 |
| Motion for Final Approval | May 1, 2018 |
| Responses or Opposition to the Motion for Final Approval | May 8, 2018 |
| Provide List of Persons Who Have Made Requests for Exclusions | May 8, 2018 |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs | May 15, 2018 |
| Final Approval Hearing | May 22, 2018 at 9:00 a.m. |

23. All further proceedings as to ICAG are hereby stayed and all deadlines are vacated, except for any actions required to effectuate or enforce the Settlement Agreement.

24. In the event the Settlement Agreement and the proposed settlement is terminated pursuant to the applicable provisions of the Settlement Agreement, the Settlement Agreement and all related proceedings shall, except as expressly provided in the Settlement Agreement, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against ICAG and any

other Released Parties shall retain any and all of their current defenses and arguments thereto so that ICAG may take such litigation steps and shall proceed as if the Settlement Agreement had not been executed.

25. Neither this Order nor the Settlement Agreement, nor any other Settlement related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by ICAG as to (a) the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter encompassed by the Settlement Agreements.

Dated: _____January 11_, 2018

*/s/ Howard D. McKibben/*

HOWARD D. MCKIBBEN
United States District Judge