JAMES E. GIBBONS (*pro hac vice*)
Cal. State Bar No. 130631
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Tel. (213) 624-6900
jeg@manningllp.com

ROBERT W. COHEN (*pro hac vice*)
Cal. State Bar No. 150310
MARIKO TAENAKA (*pro hac vice*)
Cal. State Bar No. 273895
**LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Tel. (310) 282-7586
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, individually and on behalf of all others similarity situated,<br><br>Plaintiff,<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | Case No.: 2:13-cv-01183-HDM-NJK<br>*Hon. Howard D. McKibben*<br><br>**STIPULATION AND ORDER ALLOWING FORMER CLASS MEMBER NAOMI UKEI TO WITHDRAW HER REQUEST FOR EXCLUSION AND REJOIN THE CLASS** |

WHEREAS, on June 2, 2015, Plaintiffs filed a motion to certify the class as to defendants MRI International, Inc., Edwin Fujinaga, Junzo Suzuki, Paul Suzuki, and LVT, Inc. (Dkt. 255), which was granted on March 21, 2016 (Dkt. 404);

WHEREAS, on May 5, 2016 the class definition was modified by way of stipulation (Dkt. 425), which was granted on May 6, 2016 (Dkt. 426);

WHEREAS, on June 17, 2016, notice of class certification was mailed to class members;

WHEREAS, on August 31, 2016, class member Naomi Ukei requested to be excluded from the class;

WHEREAS, Defendants Junzo and Paul Suzuki and their affiliated entities ("Suzuki Defendants") and trusts entered into a Settlement Agreement with Plaintiffs on December 11, 2017;

WHEREAS, Paragraph 2.12 of the Settlement Agreement provides that as additional consideration of entering into the settlement, the parties will stipulate that investors who requested to be excluded from the Class following the notice of Class Certification be allowed to rejoin the Class, if they so request;

WHEREAS, on June 22, 2017 Plaintiffs' counsel contacted class members who excluded themselves, inquiring as to whether they would be interested in withdrawing their request and to rejoin the class;

WHEREAS, on June 25, 2017 Ms. Ukei requested that she be able to withdraw her request for exclusion and explained that she had not initially understood the consequences of requesting to be excluded from the class. Ms. Ukei's declaration is attached as Exhibit A;

WHEREAS, according to MRI International, Inc.'s records, Ms. Ukei made two investments at 1,500,000 yen each (approximately $26,000), for which she contends she has not been repaid;

WHEREAS, Federal Rules of Civil Procedure 23(c)(1) permits the Court to alter or amend the class at any time, for any reason, before decision on the merits. *See Vizcaino v. U.S. Dist. Court for Western Dist. Of Washington*, 173 F.3d 713, 721 (9th Cir. 1999) (citing Rule 23(c)(1), which gives the court "explicit permission to alter or amend a certification order before [a] decision on the merits . . ."); *Andrews Farms v. Ca/cot, Ltd.*, 268 F.R.D. 380, 384 (E.D. Cal. 2010) (citing *Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001) ("[e]ven after a certification order is entered, the judge remains free to

modify");

WHEREAS, Courts have allowed former class members to withdraw their request for exclusion and rejoin the class. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690 (March 25, 2013) (permitting party that opted out after class certification to withdraw exclusion after settlement approved but before settlement funds were distributed); *In re Urethane Antitrust Litig.*, 2008 WL 5215980 (D. Kan. Dec. 12, 2008) (permitting entities to opt back into the class after settlement approved); *In re Electrical Carbon Prods. Antitrust Litig.*, 447 F. Supp. 2d 389 (D.N.J. 2006) (allowing opt outs to return to class because defendants would have withdrawn settlement if they were allowed to do so); *In re Electric Weld Steel Tubing Antitrust Litig., 1982 WL 1873* (June 30, 1982) (permitting company to opt back into class as to certain defendants after it privately settled claims against other defendants); and

WHEREAS, this Court granted final approval of Plaintiffs' settlement with LVT, Inc. on November 17, 2017 and preliminarily approved Plaintiffs' settlement with ICAG, Inc. and the Suzuki Defendants on January 3, 2018, but no settlement funds have been distributed.

Based on the forgoing, the parties stipulate as follows:

1. That the Court allow Naomi Ueki to withdraw her request for exclusion and to rejoin the class.

Dated: January 11, 2018

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: /s/ James Gibbons
JAMES E. GIBBONS
STEVEN J. RENICK
Attorneys for Plaintiffs

LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By: /s/ Robert W. Cohen
ROBERT W. COHEN
MARIKO TAENAKA
Attorneys for Plaintiffs

3

PAUL HASTINGS LLP

By: /s/ Nicolas Morgan
 NICOLAS MORGAN
 Attorneys for Defendant Junzo and Paul Suzuki

FOUNDATION LAW GROUP, LLP

By: /s/ Gregg Zucker
 GREGG ZUCKER
 Attorneys for Defendant Suzuki Enterprise, Inc. Profit Sharing Plan

HUTCHISON & STEFFEN, LLC

By: /s/ Jacob A. Reynolds
 Jacob A. Reynolds
 Attorneys for Defendant ICAG, Inc.

HITZKE & ASSOCIATES

By: /s/ Erick Ferran
 ERICK FERRAN
 Attorneys for Defendants MRI International, Inc. and Edwin Y. Fujinaga

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 5, 2018

 _____
 United States District Judge

4

STIPULATION