1  JAMES E. GIBBONS (*pro hac vice*)
   Cal. State Bar No. 130631
2  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
3  801 South Figueroa Street, 15th Floor
   Los Angeles, CA 90017
4  Tel. (213) 624-6900
   jeg@manningllp.com
5
   ROBERT W. COHEN (*pro hac vice*)
6  Cal. State Bar No. 150310
   MARIKO TAENAKA (*pro hac vice*)
7  Cal. State Bar No. 273895
   **LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
8  1901 Avenue of the Stars, Suite 1900
   Los Angeles, CA 90067
9  Tel. (310) 282-7586
   rwc@robertwcohenlaw.com
10 mt@robertwcohenlaw.com

11 *Attorneys for Plaintiffs*

12                    **UNITED STATES DISTRICT COURT**

13                        **DISTRICT OF NEVADA**

14

15 SHIGE TAKIGUCHI, FUMI NONAKA,          Case No.: 2:13-cv-01183-HDM-NJK
   MITSUAKI TAKITA, TATSURO SAKAI,        [*Hon. Howard D. McKibben*]
16 SHIZUKO ISHIMORI, YUKO NAKAMURA,
   MASAAKI MORIYA, HATSUNE HATANO, and    **ORDER GRANTING**
17 HIDENAO TAKAMA, Individually and On Behalf  **PLAINTIFFS' MOTION FOR**
   of All Others Similarity Situated,      **FINAL APPROVAL OF CLASS**
                                           **ACTION SETTLEMENT WITH**
18                 Plaintiff,              **THE SUZUKI DEFENDANTS**

19        v.

20 MRI INTERNATIONAL, INC., EDWIN J.
   FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI
21 SUZUKI, LVT, INC., dba THE SUZUKI
   DEFENDANTS, and DOES 1-500,
22
                   Defendants.
23

24

25        This matter is before the Court on Plaintiff's motion for final approval of the proposed class

26 action settlement (the "Settlement") between the representative plaintiffs Shige Takiguchi, et al.

27 ("Plaintiffs") and (1) Junzo Suzuki, (2) Paul Suzuki, (3) Keiko Suzuki, (4) the Suzuki Enterprises, Inc.

28 Profit Sharing Plan, (5) Catherine Suzuki, trustee of the Junzo Suzuki Irrevocable Trust, (6) Catherine

Suzuki, trustee of the Keiko Suzuki Irrevocable Trust, (7) Catherine Suzuki, trustee of the Junzo Suzuki and Keiko Suzuki Irrevocable Trust, (8) Suzuki Enterprises, Inc., (9) Puuikena Investments LLP, (10) Catherine Mai Suzuki, trustee of the Catherine Suzuki Irrevocable Trust dated May 10, 2013, and (11) Paul Musashi Suzuki, trustee of the Paul Musashi Suzuki Irrevocable Trust dated May 10, 2013 (collectively, the "Suzuki Defendants"). Having considered the Motion, the Settlement Agreement, the pleadings and other papers filed in these Actions, and all of the arguments and evidence presented at the Final Approval hearing held on May 22, 2018 and for good cause shown, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including Class members and the Suzuki Defendants.

3.      The Court confirms its January 11, 2018 Order granting conditional certification of the class as to the newly added Suzuki Defendants.  (Dkt. 797.)

4.      Final approval of a class action settlement is appropriate under Federal Rules of Civil Procedure 23(e) if the settlement "is fundamentally fair, adequate and reasonable."  *Officer for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  In determining whether the settlement is "fair, adequate and reasonable," the Court should consider "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

5.      First, the Court is satisfied that the parties have engaged in extensive litigation and that the Settlement was reached after arms-length negotiations by capable counsel, and was not the product of fraud, overreaching or collusion among the parties.

6.      Second, the risks of ongoing litigation also support the Court's final approval of the Settlement.  Through the Settlement, the parties have reduced the scope of the ongoing litigation and

lessened the expense and burden of trial.

7.     Third, the Settlement provides the Class with substantial benefits, i.e., approximately $13,100,000 in cash, real property, and interests in timeshares owned by the Suzuki Defendants, the final figure subject to change because part of the amount will be determined by the sale of seven real properties and two interests in timeshares, of which Plaintiffs will receive 62% of the net proceeds. In addition, the Suzuki Defendants have warranted that they have disclosed their entire assets, and have promised reasonable cooperation with respect to Plaintiffs' further prosecution of the Action. As part of the Settlement, the parties also agreed to settle three pending lawsuits in Japan, with the Suzuki Defendants providing approximately $2.4 Million in assets located in Japan to the plaintiffs in those Japanese lawsuits. (This class action settlement was contingent upon settlement of the three lawsuits in Japan.  The Japanese lawsuits have settled in principle, and a final court order resolving them will be entered on May 29, 2018 by the Tokyo High Court.  The proceeds from the settlement of the Japanese lawsuits are separate and apart from this class action and shall not be subject to distribution to class members.)  The recovery for the Class is substantial, given the disputes over liability of the various individual and entity defendants, the risks of collection that would accompany any judgment and the time and expense that going forward with the litigation would entail. In return Plaintiffs have agreed to a reasonable and fair release of the claims against The Suzuki Defendants.

8.     Fourth, the views of Plaintiffs' counsel, who are experienced in litigating and settling antitrust class actions, weigh in favor of final approval.  *Linney v. Cellular Alaska P'Ship*, No. 96-3008-DJL, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), aff'd 151 F.3d 1234 (9th Cir. 1998). Plaintiffs' counsel have conducted an extensive investigation into the factual and legal issues raised in this Action and endorse the Settlements as fair, adequate, and reasonable.

9.     Finally, the reaction of the Class members supports final approval.  There were no requests for exclusion.  Moreover, there was only one Class Member who objected to the settlement out of approximately 8,700 Class Members.

10.     Accordingly, the Court finds that the Settlement is fair, adequate, and reasonable within the meaning of Federal Rules of Civil Procedure 23(e).

11.     Federal Rules of Civil Procedure 23(c)(2)(B) sets forth the standards that must be met

when sending notice of a proposed class action settlement.  It requires that the notice be clear, concise and in plainly understood language, and must set forth "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

12.    The Court finds that the notice program approved by the Court on June 13, 2017 has been implemented and complies with Federal Rules of Civil Procedure 23(c)(2)(B).  Notice was sent to all Class members by mail.  The notice provided a clear description of Class members' rights and options under the Settlement.  The notice explained how to object to the Settlement, how to obtain copies of relevant documents, and how to contact Class Counsel and the Notice Administrator.

13.    The Notice Administrator, approved by the Court, set up a telephone hotline and a website where Class members can access copies of the Settlement Agreement; the notice; and the class certification order in both English and in Japanese.  Class members could also object to the Settlement by mail.

14.    The Court will defer ordering a plan of allocation until the final resolution of the entire matter, or upon motion by Plaintiffs.

15.    By means of this Final Approval Order, the Court hereby enters final judgment in this action as between Plaintiffs and the Suzuki Defendants, as defined in Federal Rule of Civil Procedure 58(a)(1).

16.    All Released Claims of Plaintiffs and the Class are hereby released as against the Suzuki Defendants.

17.    Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

18.    The Court hereby appoints Heffler Claims Group as the Claims Administrator and orders that the Claims Administrator take all actions necessary to comply with this Final Approval Order and the terms of the Settlement, including the establishment of a Qualified Settlement Fund.  All expenses

and fees incurred by Claims Administrator shall be paid from the Settlement Fund.

19.    The parties and the Claims Administrator are hereby ordered to comply with the terms of the Settlement.

20.    This action is dismissed with prejudice as against the Suzuki Defendants, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

21.    As of the Effective Date of the Settlement, this Court's preliminary injunction order (Dkt. 183) freezing the assets of the Suzuki Defendants is permanently lifted and vacated.  If no appeals are filed, then the Effective Date shall be June 22, 2018.

Dated: _____ May 22 , 2018

HOWARD D. MCKIBBEN
United States District Judge

ORDER GRANTING FINAL SETTLEMENT APPROVAL WITH SUZUKI DEFENDANTS