1  JAMES E. GIBBONS (*pro hac vice*)
   Cal. State Bar No. 130631
2  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
3  801 South Figueroa Street, 15th Floor
   Los Angeles, CA 90017
4  Tel. (213) 624-6900
   jeg@manningllp.com
5
   ROBERT W. COHEN (*pro hac vice*)
6  Cal. State Bar No. 150310
   MARIKO TAENAKA (*pro hac vice*)
7  Cal. State Bar No. 273895
   **LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
8  1901 Avenue of the Stars, Suite 1900
   Los Angeles, CA 90067
9  Tel. (310) 282-7586
   rwc@robertwcohenlaw.com
10 mt@robertwcohenlaw.com

11 *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and On Behalf of All Others Similarity Situated,<br><br>Plaintiff,<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA,  JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | Case No.: 2:13-cv-01183-HDM-VCF<br>[*Hon. Howard D. McKibben*]<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH MRI INTERNATIONAL, INC. AND EDWIN FUJINAGA** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** Plaintiffs Shige Takiguchi, et. al. hereby move, pursuant to Federal Rule of Civil Procedure 23(e) for entry of an Order:

1. Preliminarily approving the settlement agreement reached with Defendants Edwin Fujinaga and MRI International, Inc.;

2. Directing distribution of notice of the Settlement to the class;

3. Appointing the Heffler Claims Group as the notice administrator; and

5. Scheduling a hearing for final approval of the Settlements.

This motion is made on the grounds that the Settlement is the product of arm's length, good-faith negotiations, and that the Settlement should be preliminarily approved, because it is fair, reasonable and adequate.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Robert W. Cohen, argument of counsel, and all papers and records on file in this matter.

Dated: August 2, 2019

    MANNING & KASS
    ELLROD, RAMIREZ, TRESTER LLP

    By:   /s/ James Gibbons
          JAMES E. GIBBONS
          Attorneys for Plaintiffs

    LAW OFFICES OF ROBERT W. COHEN, APC

    By:   /s/ Robert W. Cohen
          ROBERT W. COHEN
          MARIKO TAENAKA
          Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

NOTICE OF MOTION………………………………………………………………………...…………….………2

MEMORANDUM OF POINTS AND AUTHORITIES………………………………………………………….3

    I.     INTRODUCTION…………………………………………………………………..…………..…3

    II.    SUMMARY OF THE CASE..……………………………………………………………..………..3

    III.   THE U.S. SECURITIES AND EXCHANGE COMMISSON'S LAWSUIT
          AGAINST MRI INTERNATIONAL, INC. AND EDWIN FUJINAGA……………………..…..4

    IV.   THE CRIMINAL ACTION……………………………………………………………………….5

    V.    SUMMARY OF THE PROPOSED SETTLEMENT……………………………………..………5

          A.  Settlement Negotiations with MRI International, Inc and Edwin Fujinaga…...……………...5

          B.  Terms of Settlement………………………………………..………………………….....…..6

          C.  Certification of the Class……………………………………….……………………………6

          D.  Waiver of Attorneys' Fees and Costs……………………………………………………….6

    VI.   LEGAL ARGUMENTS…....……………………………………………………………………….7

          A.  Class Action Settlement Procedures……………………………………………………….7

          B.  Standards for Preliminary Settlement Approval……………………………………….....8

          C.  The Proposed Settlements Are Within the Range of Reasonableness………………………9

    VII.  PROPOSED PLAN OF NOTICE AND
          APPOINTMENT OF NOTICE ADMINISTRATOR…………………………………...……..9

    VIII. ATTORNEYS' FEES AND COSTS………………………………………………………….10

    IX.   THE COURT SHOULD SET A FINAL APPROVAL HEARING…………………………..11

    X.    CONCLUSION……………………………………………………………………………..12

# TABLE OF AUTHORITIES

***Cases***                                                                                                                                          ***Page(s)***

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997)……………………………………………………..…..9

*Byrd v. Civil Serv. Comm'n*,
    459 U.S. 1217 (1983)……...……………………………………………………8

*Churchill Village, LLC v. General Elec.*,
    361 F.3d 566 (9th Cir. 2004)……………………………………………….……8

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992)……………………………………………...7, 8

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1988)………………………………………………...8

*Mendoza v. United States*,
    623 F.2d 1338 (9th Cir. 1980)……………………………………………….10

*In re NASDAQ Market Makers Antitrust Litig.*,
    176 F.R.D. 99 (S.D.N.Y. 1997)……………………………………………..…8

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982)……………………………………………….…..8

*In re Pacific Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995)………………………………………………...7

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976)………………………………………………….7

***Statutes and Other Authority***                                                                                                ***Page(s)***

Fed. R. Civ. P. 23 …………………………………………………………………*passim*

*Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002)……………………………..…7, 8, 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Plaintiffs Shige Takiguchi, et al. ("Plaintiffs") and the Class seek preliminary approval of their proposed class action settlement with MRI International, Inc. and Edwin Fujinaga ("Settling Defendants"). Plaintiffs request preliminary approval of the proposed Settlement Agreement, approval of the proposed Notice of Settlement, the setting of deadlines for Class Members to object and file exclusion requests, and the setting of a date for the Final Approval Hearing. Capitalized words in this motion shall have the same meaning as set forth in the Settlement Agreement.

## II. SUMMARY OF THE CASE

Plaintiffs filed this case on July 5, 2013 (the "Action") against MRI International, Inc., its principal operators -- Edwin Fujinaga, Junzo Suzuki, and Paul Suzuki -- and the escrow company purportedly holding the investors' money in trust. The Defendants all filed motions to dismiss, and Plaintiffs amended their pleadings on several occasions. Plaintiffs filed their operative Fifth Amended Complaint on September 29, 2016 (Dkt. 481).

On June 2, 2015, Plaintiffs filed a motion to certify the class. (Dkt. 255.) On March 21, 2016, the Court certified the Class. (Dkt. 404.) The court also appointed Law Offices of Robert W. Cohen and Manning & Kass, Ellrod, Ramirez, Trester, LLP as Class Counsel. On May 5, 2016, the parties stipulated to modify the Class Certification Order to make the class definition consistent with the operative complaint. (Dkt. 425.) On May 6, 2016, the Court granted the stipulation and the class definition was modified. (Dkt. 426.) Pursuant to the Class Certification Order, the Class is now defined as:

> The MRI Investor Class consisting of: all persons who were MRI investors and who were injured because of the defendants' alleged illegal Ponzi scheme and actions from July 5, 2008 through July 5, 2013. Excluded from the class are the defendants, their employees, their family members and their affiliates, and the following 26 individuals who are plaintiffs in the pending litigation against the defendants in Japan: (1) Tomoyasu Kojima; (2) Keiko Amaya; (3) Masakazu Sekihara; (4) Chiri Satou; (5) Meiko Murakami; (6) Masayoshi Tsutsumi; (7) Yumiko Ishiguro; (8) Reiko Suzuki; (9) Hiroji Sumita; (10) Eiko Uchiyama; (11) Hideyo Uchiyama; (12) Youzou Shiki; (13) Naoki Nagasawa; (14) Noboru Yokoyama; (15) Masami Segawa; (16) Fumiko Takagi; (17) Kumiko Kaita; (18) Fumi Kobayashi; (19) Ikuko Miyazaki; (20) Hina Nagase; (21) Akio Iwama; (22) Kouji Kishida; (23) Eri Kishida; (24)

Nomai Nii; (25) Youko Miyahara; and (26) Tsukiko Kurano.

After the Court granted approval of the Stipulation Regarding Class Notice on May 9, 2016 (Dkt. 429), Notice of Class Certification was mailed on June 17, 2016. 8,759 notices were sent to Class Members. Of those 8,759 notices, 664 were returned undeliverable. An address search was performed and 290 new addresses were identified. Accordingly, 290 Class Notices were re-mailed to the new addresses. There is a total of 372 Class Members for whom no new address can be found. The Notice of Class Certification was also published in the Saneki Shinbun, a financial newspaper with nationwide circulation in Japan. There were 34 exclusion requests.

The Parties engaged in extensive discovery throughout the course of this litigation and are fully informed of the facts that support or undermine their respective positions, as well as the financial condition of the Settling Defendants. From July 5, 2013 to the present, Plaintiffs served multiple sets of discovery on Defendants and served over 20 third-party subpoenas, resulting in the production of nearly one million pages of documents, all of which were reviewed.

In addition to the written discovery, numerous depositions also took place. Defendants deposed eight of the nine named plaintiffs. Plaintiffs deposed the accountant for MRI, Ms. Raven Gilmore, Junzo and Paul Suzuki who operated MRI's Tokyo office, Mary Luzscyzk, the president of Claims Service of America, Inc., Peter Munoz, the president of Sterling Escrow, and other employees of MRI.

## III. THE U.S. SECURITIES AND EXCHANGE COMMISSION'S LAWSUIT AGAINST MRI INTERNATIONAL, INC. AND EDWIN FUJINAGA

After Plaintiffs filed this action, on September 11, 2013, the Securities and Exchange Commission ("SEC") also filed an action in the U.S. District Court of Nevada, entitled *Securities and Exchange Commission v. Edwin Funjinaga and MRI International, Inc.,* case number 2:13-cv-01658 ("SEC Action"). The SEC sued MRI and Fujinaga for violations of U.S. securities laws, and named two MRI affiliated companies, CSA Service Center, LLC and Factoring Company, Inc., as well as Fujinaga's wife, June Fujinaga and her trust, The Yunju Trust, as relief defendants. On January 23, 2017, the Court granted the SEC's motion for summary judgment, and judgment was entered against MRI and Fujinaga jointly and severally for disgorgement of $442,229,611, prejudgment interest in the amount of $102,129,752, and for civil money penalties of $40,000,000. MRI and Fujinaga appealed to the Ninth

Circuit Court of Appeals, but the judgment was affirmed on June 7, 2017. Defendants have now exhausted all of their rights to appeal.

On February 23, 2015, the Court in the SEC Action appointed Robb Evans & Associates LLC as the equitable receiver, to take possession of and liquidate properties owned by Defendants or their affiliates, with the proceeds to be deposited into a fund for the benefit of the injured MRI investors. Over the past four years, the receiver has been liquidating Defendants' various assets, and according to their most recent report, filed on March 8, 2019, the fund balance is $31,708,644.26. (SEC Dkt. 508.) According to the report, the receiver is in the process of liquidating one real property located in Solvang, California and other personal property owned by Defendants. Plaintiffs are not aware of any assets or properties owned by Defendants that the receiver has not already take possession or custody of.

## IV.  THE CRIMINAL ACTION

In addition to the civil actions, the United States instituted criminal proceedings against Fujinaga, Junzo Suzuki and Paul Suzuki for mail fraud, wire fraud, and monetary transactions in property derived from specified unlawful activities, *United States v. Fujinaga, et al.*, U.S.D.C. Nevada Case No. 2:15-cr-198. A 17-day jury trial was held as to Fujinaga, and the jury returned a guilty verdict on all 20 counts against Fujinaga on November 27, 2019 and on May 23, 2019, Fujinaga was sentenced to 50 years in prison. Junzo and Paul Suzuki have been extradited to the United States and are currently awaiting trial.

## V.  SUMMARY OF THE PROPOSED SETTLEMENT

### A.  Settlement Negotiations with MRI International, Inc. and Edwin Fujinaga

Prior to entering into settlement negotiations, Plaintiffs and Defendants conducted extensive discovery, including production of close to one million pages of documents, and taking and defending 18 depositions. At this juncture, all of the other remaining Defendants have already settled with Plaintiffs, leaving Fujnaga and MRI as the only remaining defendants. However, as explained above, all of the assets of Fujinaga, MRI and their affiliates have already been seized and are in the process of being liquidated by the Court-appointed receiver in the SEC action. If, therefore, Plaintiffs were to proceed with trial and obtain a judgment, there would be little practical benefit to Class Members, since the SEC receiver has already taken custody and control of all of Defendants' assets, which will eventually be distributed to compensate Class Members. Moreover, proceeding to trial would be extremely expensive

for Plaintiffs, and would require Plaintiffs to travel from Japan to appear for trial. Trial in this matter will likely take approximately three weeks (as was the case in the criminal trial), which will also be burdensome for the Court. The settlement terms, as set forth below, will provide Plaintiffs with a Stipulated Judgment, ensuring that Plaintiffs will be protected and have the ability to collect on the judgment in the event Defendants are concealing assets.

For these reasons, it is in the best interest of the parties to enter into the proposed settlement and avoid the costs of trial. At all times, the Parties' settlement negotiations were adversarial, non-collusive and arms' length.

### B. Terms of the Settlement

Pursuant to the Settlement Agreement, MRI and Fujinaga will stipulate to a judgment in the amount of $442,200,000, which is approximately the same amount as the disgorgement judgment entered against them in the SEC action. It is Plaintiffs' understanding that Defendants do not own any assets that are not already under the custody and control of the SEC receiver, and therefore the parties do not anticipate enforcing this judgment at present. However, if Plaintiffs learn of undisclosed assets owned or controlled by Defendants in the future, Plaintiffs intend to enforce the judgment.

As additional consideration, MRI and Fujinaga agree that this settlement will not preclude Class Members from filing lawsuits in Japan against them for the purpose of obtaining relief in Japan for taxes Class Members prepaid to the Japanese tax authorities for accrued but unpaid interest on their MRI investments.

### C. Certification of the Class

The Class was certified as to MRI and Fujinaga on May 6, 2016 and is defined as described above.

### D. Waiver of Attorneys' Fees and Costs.

Because the parties do not anticipate that any money will be collected from this judgment, Class Counsel will waive their right to attorneys' fees as to this settlement with MRI and Fujinaga. In the event, however, that undisclosed assets are later discovered, and enforcement proceedings are instituted, Class Counsel will seek appropriate fees.

## VI. LEGAL ARGUMENT

### A. Class Action Settlement Procedure

A class action may not be dismissed, compromised, or settled without the approval of the Court. Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined procedure and specific criteria for approval of class action settlements. The Rule 23(e) settlement approval procedure describes three distinct steps:

1. Preliminary approval of the proposed settlement;

2. Disseminating notice of the settlement to class members; and

3. A formal fairness hearing, also called the final approval hearing, at which class members may be heard regarding the settlement, and at which counsel may introduce evidence and present argument concerning the fairness, adequacy, and reasonableness of the settlement.

This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. *See* 4 *Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002) ("*Newberg*") [describing class action settlement procedure].

By this Motion, the parties request that the Court take the first step in the settlement approval process and preliminarily approve the proposed Settlement.

### B. Standards for Preliminary Settlement Approval

Rule 23(e) requires court approval of any settlement of claims brought on a class basis. "[T]here is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits[.]" *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Churchill Village, LLC v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); and *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The purpose of the Court's preliminary evaluation of the proposed settlement is to determine whether it is within "the range of reasonableness," and thus whether notice to the Class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. Preliminary approval should be granted where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of

possible approval.*"* *In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Application of these factors here supports an order granting the motion for preliminary approval.

The approval of a proposed settlement of a class action is a matter of discretion for the trial court. *Churchill Village, L.L.C.*, *supra*, 361 F.3d at 575. In exercising that discretion, however, courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should "not be turned into a trial or rehearsal for trial on the merits." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied sub nom. Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983). Furthermore, courts must give "proper deference" to the settlement agreement, because "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988) (internal quotations omitted).

To grant preliminary approval of these proposed Settlements, the Court need only find that they fall within "the range of reasonableness." *Newberg*, § 11.25. *The Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual,* § 21.632. A proposed settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate, and reasonable." *City of Seattle*, *supra*, 955 F.2d at 1276. While consideration of the requirements for final approval is unnecessary at this stage, all of the relevant factors weigh in favor of the settlement proposed here. As shown below, the proposed settlement is fair, reasonable and adequate. Therefore, the Court should allow notice of them to be disseminated to the Class.

C. **The Proposed Settlement Is Within the Range of Reasonableness**

Plaintiffs' proposed settlement meets the standards for preliminary approval. First, the settlement is entitled to "an initial presumption of fairness" because they are the result of arm's-length negotiations among experienced counsel. *Newberg*, § 11.41. Second, the settlement requires that a judgment be

entered against MRI and Fujinaga, in the amount of $442,200,000, which is approximately the same as the disgorgement judgment entered against them in the SEC case. Moreover, since the parties will enter into a stipulated judgment, the settlement does not result in any release of MRI and Fujinaga from liability -- to the contrary, it affirms their liability. Furthermore, in light of the judgment already obtained by the SEC and because the SEC's court-appointed receiver has already taken custody and control of all of MRI and Fujinaga's assets, it would be counter-productive for Plaintiffs to expend thousands of dollars to proceed with trial, only to obtain a judgment they will never collect on. It is much more beneficial for the Plaintiffs to settle this action and obtain a stipulated judgment and allow the SEC receiver to complete its liquidation and distribution for the Class Members. The proposed settlement is, therefore, fair, reasonable, and adequate.

**VII. PROPOSED PLAN OF NOTICE AND APPOINTMENT OF NOTICE ADMINISTRATOR**

Rule 23(e)(1) states that, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Notice of a proposed settlement must inform class members of the following: (1) the nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that complete information is available from the court files; and (4) that any class member may appear and be heard at the fairness hearing. *See Newberg*, § 8.32. The notice must also indicate an opportunity to opt-out, that the judgment will bind all class counsel who do not opt-out, and that any member who does not opt-out may appear through counsel. Fed. R. Civ. P. 23(c)(2)(B).

The form of notice is "adequate if it may be understood by the average class member." *Newberg*, § 11.53. Notice to the class must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods.*, *supra*, 521 U.S. at 617. Plaintiffs have already notified the class at the time of certification in 2016 and of three other settlements in 2017 and 2019. At the time of the mailing of the initial notice, only 372 were returned undeliverable for which no new addresses can be found. Moreover, in connection with the first notice of settlement mailed in 2017, class members were afforded the opportunity to mail to the notice administrator their most current contact information and were advised to keep their contact information current. In addition, Plaintiffs will also publish the notice of proposed settlement with the

National Consumer Affairs Center of Japan's website (www.kokusen.go.jp).

Plaintiffs propose that Heffler Claims Group, which is the Court-appointed claims administrator, be appointed to mail the notice of this current settlement. Plaintiffs further propose that the following notice program be adopted and approved by the Court: (1) direct that the notice of settlement be mailed to each class member; (2) the posting of the notice of settlement on the settlement website already developed by Heffler Claims Group (www.mri-settlement.com); and (3) posting the short form notice with the National Consumer Affairs Center of Japan's website (www.kokusen.go.jp). The National Consumer Affairs Center of Japan is a government agency that is regularly accessed by Japanese citizens as a source of information for consumer issues and has a larger readership than any nationwide newspaper publications.

Class Members will have forty-five (45) days from the mailing of the notice to request to be excluded from the Settlement. Any Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Notice Administrator on or before the deadline. Class Members will also have forty-five (45) days from the mailing of the notice to object to the Settlement.

The proposed notice provides the definition of the Class, describes the nature of the action, explains the procedures for making comments and objections, and explains how to submit a Request for Exclusion. The notice describes the terms of the Settlements with MRI and Fujinaga. The notice also provides specifics regarding the date, time, and place of the final approval hearing, and informs the Class that they may enter an appearance through counsel. The notice also informs Class Members how to exercise their rights and make informed decisions regarding the proposed settlement, and tells them that if they do not opt out, the judgment will be binding upon them. The information set forth in the proposed notice adequately informs the Class about the proposed settlement and their rights. In fact, courts have approved notices even when they have provided only general information about a settlement. *See*, *e.g.*, *Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" satisfies standards).

## VIII. ATTORNEYS' FEES AND COSTS

As explained above, because the parties do not anticipate that any distributions or payment of money to be made under this settlement, Class Counsel will waive their attorneys' fees as to this

settlement with MRI and Fujinaga. However, in the event that Plaintiffs enforce the judgment in the future and collect money to be distributed to Class Members, Class Counsel reserve the right to move the Court for payment of attorneys' fees and costs at that time.

## IX. THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE

The last step in the settlement approval process is the final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement. At that hearing, proponents of the Settlements may explain and describe their terms and conditions and offer argument in support of approval and members of the Class, or their counsel, may be heard in support of or in opposition to the Settlements.

Plaintiffs propose the following schedule for final approval of the Settlements:

| Event | Date |
| --- | --- |
| Notice of Class Action Settlement to Be Mailed and Posted on Internet | September 9, 2019 |
| Opt-Out and Objection Deadline | October 24, 2019 |
| Notice Administrator Affidavit of Compliance with Notice Requirements | October 27, 2019 |
| Motion for Final Approval | November 5, 2019 |
| Opposition to the Motion for Final Approval | November 12, 2019 |
| Provide List of Persons Who Have Made Requests for Exclusions | November 12, 2019 |
| Replies in Support of Motions for Final Approval | November 19, 2019 |
| Final Approval Hearing | November 26, 2019 at 10:00 a.m. |

## XII. CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court: (1) preliminarily approve the proposed settlement with MRI and Fujinaga; (2) approve the Notice of Settlement and the short form notice to be sent to the Class; (3) appoint Heffler Claims Group as the Notice Administrator; (4) set a schedule for disseminating notice of settlement to the Class, as well as deadlines to comment on or object to, or be excluded from the settlement; and (5) schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed Settlements are fair, reasonable, and adequate and should be finally approved.

Respectfully submitted.

Dated: August 2, 2019

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: /s/ James E. Gibbons
JAMES E. GIBBONS

LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By: /s/ Robert W. Cohen
ROBERT W. COHEN
MARIKO TAENAKA

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5.5(h), notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                        /s/ Mariko Taenaka
                                        Mariko Taenaka