1   JAMES E. GIBBONS (*pro hac vice*)
    Cal. State Bar No. 130631
2   **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
3   801 South Figueroa Street, 15th Floor
    Los Angeles, CA 90017
4   Tel. (213) 624-6900
    jeg@manningllp.com
5
    ROBERT W. COHEN (*pro hac vice*)
6   Cal. State Bar No. 150310
    MARIKO TAENAKA (*pro hac vice*)
7   Cal. State Bar No. 273895
    **LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
8   1901 Avenue of the Stars, Suite 1900
    Los Angeles, CA 90067
9   Tel. (310) 282-7586
    rwc@robertwcohenlaw.com
10  mt@robertwcohenlaw.com

11  *Attorneys for Plaintiffs*

12
                    **UNITED STATES DISTRICT COURT**
13
                         **DISTRICT OF NEVADA**
14

15  SHIGE TAKIGUCHI, FUMI NONAKA,           Case No.: 2:13-cv-01183-HDM-VCF
    MITSUAKI TAKITA, TATSURO SAKAI,         [*Hon. Howard D. McKibben*]
    SHIZUKO ISHIMORI, YUKO NAKAMURA,
16  MASAAKI MORIYA, HATSUNE HATANO, and     **NOTICE OF MOTION AND**
    HIDENAO TAKAMA, Individually and On Behalf  **MOTION FOR FINAL APPROVAL**
17  of All Others Similarity Situated,      **OF CLASS ACTION SETTLEMENT**
                                            **WITH MRI INTERNATIONAL,**
18              Plaintiff,                  **INC. AND EDWIN FUJINAGA**

19         v.

20  MRI INTERNATIONAL, INC., EDWIN J.       **Date:  November 26, 2019**
    FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI    **Time: 10:00 a.m.**
21  SUZUKI, LVT, INC., dba STERLING ESCROW,
    and DOES 1-500,
22
                Defendants.
23

24

25

26

27

28

4836-4903-3571.1                          1

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA

1    PLEASE TAKE NOTICE that at November 26, 2019, before the Honorable Howard D.

2 McKibben, United States District Court for the District of Nevada located in Courtroom 4 at 400 S.

3 Virginia Street, Reno, Nevada, Plaintiffs will and hereby do respectfully move for an order finally

4 approving the settlement with MRI International, Inc. ("MRI") and Edwin Fujinaga. Specifically,

5 Plaintiffs seek an order:

6    1. finding that the settlements reached with MRI and Fujinaga are fair, reasonable, and adequate

7        within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its

8        consummation pursuant to its terms;

9    2. finding that the notice provided to the Class was due, adequate and sufficient notice, and

10       meets the requirements of due process and applicable law;

11   3. directing that this action be dismissed with prejudice as against MRI and Fujinaga;

12   4. approving the release of claims as specified in the settlement as binding and effective;

13   5. reserving exclusive and continuing jurisdiction over the settlement; and

14   6. directing that final judgment of dismissal be entered as between Plaintiffs on the one hand and

15       MRI and Fujinaga on the other.

16   This motion is brought pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and is

17 based upon the accompanying memorandum of points and authorities, and the supporting declaration of

18 Mariko Taenaka, the records, pleadings and papers filed in this action, and upon such argument as may

19 be presented to the Court at the hearing on this motion.

20 Dated:  November 5, 2019                    MANNING & KASS
                                              ELLROD, RAMIREZ, TRESTER LLP
21

22                                            By:    /s/ James E. Gibbons
                                                    JAMES E. GIBBONS
23

24
                                              LAW OFFICES OF ROBERT W. COHEN
25                                            A Professional Corporation

26
                                              By:    /s/ Robert W. Cohen
27                                                  ROBERT W. COHEN
                                                    MARIKO TAENAKA
28

4836-4903-3571.1                              2

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA

**TABLE OF CONTENTS**

NOTICE OF MOTION…………………………………………………………...………..…………2

MEMORANDUM OF POINTS AND AUTHORITIES………………………………….3

    I.      INTRODUCTION………………………………………….……….....…..3

    II.     SUMMARY OF THE CASE AND PROCEDURAL BACKGROUND…….....…….…..……...3

    III.    TERMS OF THE SETTLEMENT……………………..…………………….....……5

          A.  Terms of Settlement…………………………………..…………………..…..…...5

          B.  Release of All Claims Against the Settling Defendants…..……..…………………….…5

    IV.    LEGAL ARGUMENTS…....……………………………….....................5

          A.  Class Action Settlement Procedure…………………………………………5

          B.  The Court-Approved Notice Program Meets
              Applicable Standards and Has Been Fully Implemented……………………………...6

          C.  Final Approval of the Settlement is Appropriate………………………………7

          D.  The Settlement is the Product of Arms-Length Negotiations……………………….8

          E.  The Proposed Settlement is Fair, Adequate, and Reasonable………………………8

          F.  The Recommendation of Experienced Counsel Favors Approval…………………….9

          G.  The Class Response Favors Approval…………………………………………9

    V.     CONCLUSION………………………………………………….……..10

1

## <u>TABLE OF AUTHORITIES</u>

2

*<u>Cases</u>* *<u>Page(s)</u>*

3

*Byrd v. Civil Serv. Comm'n*,
4        459 U.S. 1217 (1983)………..………………………………………………………….8

5    *Churchill Village, LLC v. General Elec.*,
        361 F.3d 566 (9th Cir. 2004)…………………………………………………..……7
6

7    *Class Plaintiffs v. City of Seattle*,
        955 F.2d 1268 (9th Cir. 1992)…………………………………………………...7, 8

8
    *Hanlon v. Chrysler Corp.*,
9        150 F.3d 1011 (9th Cir. 1988)…………………………………………………...7

10   *In re Pacific Enters. Sec. Litig.*,
        47 F.3d 373 (9th Cir. 1995)…………………………………………………...7
11

12   *Van Bronkhorst v. Safeco Corp.*,
        529 F.2d 943 (9th Cir. 1976)………………………………………………….7

13

*<u>Statutes and Other Authority</u>* *<u>Page(s)</u>*
14

Fed. R. Civ. P. 23 ……………………………………………………………………*passim*
15

*Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002)…………………………….…6, 8
16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

By this motion, Plaintiffs Shige Takiguchi, et al. ("Plaintiffs") and the Class seek final approval of their proposed class action settlement with MRI International, Inc. ("MRI") and Edwin Fujinaga. Because all of the assets owned by MRI and Fujinaga have already been seized and made part of the receivership estate in the parallel action filed by the U.S. Securities and Exchange Commission, *U.S. Securities and Exchange Commission v. MRI International, Inc, et al.*, U.S.D.C. of Nevada Case No. 2:13-cv-1658 ("SEC Action"), this settlement does not include a monetary payment by MRI and Fujinaga. However, this settlement does provide the Class with a judgment against MRI and Fujinaga, jointly and severally, in the amount of $442,200,000, which will allow Plaintiffs to enforce the judgment in the future in the event they learn of undisclosed assets owned or controlled by Defendants, without having to incur the expenses of proceeding with trial. The Court granted preliminary approval of this settlement on August 16, 2019 (Dkt. 892) and in doing so, found that the settlement was fair, reasonable and adequate. The Court also found that the proposed notice procedure complies with the requirements of FRCP 23 and due process, appointed Heffler Claims Group as the Notice Administrator, ordered a process for dissemination of the Notice of Settlement, and ordered a Final Approval Hearing, set for November 26, 2019. *Id.*

### II.   SUMMARY OF THE CASE AND PROCEDURAL BACKGROUND

Plaintiffs initially filed this case on July 5, 2013 (the "Action") against MRI International, Inc. and its President Edwin Fujinaga, and their affiliates, for orchestrating a Ponzi scheme, defrauding 8,700 Japanese investors, mostly elderly, out of over $1.3 billion. Plaintiffs sought a temporary restraining order and obtained a preliminary injunction in September 2013. Thereafter, MRI and Fujinaga filed several motions to dismiss and Plaintiffs amended their pleadings on several occasions.

On June 2, 2015, Plaintiffs filed a motion to certify the class. (Dkt. 255.) On March 21, 2016, the Court certified the Class. (Dkt. 404.) The court also appointed Law Offices of Robert W. Cohen, APC and Manning & Kass, Ellrod, Ramirez, Trester, LLP as Class Counsel. On May 5, 2016, the parties stipulated to modify the Class Certification Order to make the class definition consistent with the operative complaint. (Dkt. 425.) On May 6, 2016, the Court granted the stipulation and the class

4836-4903-3571.1
NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI INTERNATIONAL AND EDWIN FUJINAGA

definition was modified. (Dkt. 426.) Pursuant to the Class Certification Order, the Class is now defined as:

> The MRI Investor Class consisting of: all persons who were MRI investors and who were injured because of the defendants' alleged illegal Ponzi scheme and actions from July 5, 2008 through July 5, 2013. Excluded from the class are the defendants, their employees, their family members and their affiliates, and the following 26 individuals who are plaintiffs in the pending litigation against the defendants in Japan: (1) Tomoyasu Kojima; (2) Keiko Amaya; (3) Masakazu Sekihara; (4) Chiri Satou; (5) Meiko Murakami; (6) Masayoshi Tsutsumi; (7) Yumiko Ishiguro; (8) Reiko Suzuki; (9) Hiroji Sumita; (10) Eiko Uchiyama; (11) Hideyo Uchiyama; (12) Youzou Shiki; (13) Naoki Nagasawa; (14) Noboru Yokoyama; (15) Masami Segawa; (16) Fumiko Takagi; (17) Kumiko Kaita; (18) Fumi Kobayashi; (19) Ikuko Miyazaki; (20) Hina Nagase; (21) Akio Iwama; (22) Kouji Kishida; (23) Eri Kishida; (24) Nomai Nii; (25) Youko Miyahara; and (26) Tsukiko Kurano.

After the Court granted approval of the Stipulation Regarding Class Notice on May 9, 2016 (Dkt. 429), Notice of Class Certification was mailed on June 17, 2016. 8,759 notices were sent to Class Members.  Of those 8,759 notices, 664 were returned undeliverable.  An address search was performed, and 290 new addresses were identified, and notices were mailed to the new addresses.  There were a total of 372 Class Members for whom no new address could be found.  The Notice of Class Certification was also published in the *Sankei Shinbun*, a financial newspaper with nationwide circulation in Japan.  There were 33 requests to be excluded from the class.

Plaintiffs engaged in extensive discovery and motion practice throughout the litigation, with multiple motions to dismiss, as well as a motion for summary judgment as to MRI and Fujinaga.  From July 5, 2013 to the present, Plaintiffs served multiple sets of discovery on Defendants and served over 20 third-party subpoenas, resulting in the production of nearly one million pages of documents, including documents from the U.S. Securities and Exchange Commission and U.S. Department of Justice, which was conducting its own criminal investigation.

In December 2017 Plaintiffs settled with the escrow company involved in implementing the Ponzi scheme and in December 2018 Plaintiffs settled with the Suzuki Defendants and ICAG, Inc.  MRI and Fuijnaga are the only remaining Defendants in this action.  Moreover, the SEC has already obtained a judgment against MRI and Fujinaga for approximately $442,200,000, and Fujinaga was convicted of mail and wire fraud in December 2018 and sentenced to fifty years imprisonment in May 2019.

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA

1

### III.    TERMS OF THE SETTLEMENT

#### A.    Terms of the Settlement

This settlement resolves all claims Plaintiffs and the Class have against MRI and Fujinaga. Pursuant to the Settlement Agreement, while MRI and Fujinaga will not make a monetary contribution to the settlement fund, they will stipulate to a judgment in the amount of $442,200,000, which is approximately the same amount as the disgorgement judgment entered against them in the SEC action. Plaintiffs have done their due diligence and they believe that Defendants do not own any assets that are not already under the custody and control of the SEC receiver, which is why there will be no monetary contribution at the present by the Defendants.  However, if Plaintiffs learn of undisclosed assets owned or controlled by Defendants in the future, Plaintiffs intend to enforce the judgment.

As additional consideration, MRI and Fujinaga agree that this settlement will not preclude Class Members from filing lawsuits in Japan against them for the purpose of obtaining relief in Japan for taxes Class Members prepaid to the Japanese tax authorities for accrued but unpaid interest on their MRI investments.  Moreover, the Class Members shall have the right to file claims in the SEC Action to recover their investments from the settlement fund pooled by the SEC receiver.

#### B.    Release of All Claims Against the Settling Defendants

In exchange for the entry of the stipulated judgment and entry of a final judgment approving the proposed settlement, Plaintiffs will release MRI and Fujinaga of all claims related to the alleged conduct giving rise to this litigation.  Moreover, since MRI and Fujinaga are the only remaining Defendants in this action, this settlement will result in a complete disposition of this action.

### IV.    LEGAL ARGUMENT

#### A.    Class Action Settlement Procedure

A class action may not be dismissed, compromised, or settled without the approval of the Court. Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined procedure and specific criteria for approval of class action settlements. The Rule 23(e) settlement approval procedure describes three distinct steps:

1.    Preliminary approval of the proposed settlement;

2.    Disseminating notice of the settlement to all affected class members; and

4836-4903-3571.1

5

3.      A formal fairness hearing, also called the final approval hearing, at which class members may be heard regarding the settlement, and at which counsel may introduce evidence and present argument concerning the fairness, adequacy, and reasonableness of the settlement.  This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. *See Newberg on Class Actions* §§ 11.22, et seq. (4th ed. 2002) ("*Newberg*") [describing class action settlement procedure].

The first step was completed when the Court preliminarily approved the Settlement.  The second step was also completed, as more fully set forth below.  And by this motion, Plaintiffs request that the Court take the third and final step of holding a fairness hearing and granting final approval of the proposed Settlement.

**B.      The Court-Approved Notice Program Meets Applicable Standards and Has Been Fully Implemented**

Federal Rules of Civil Procedure 23(c)(2)(B) sets forth the standards that must be met when sending notice of a proposed class action settlement.  It requires that the notice be clear, concise and in plainly understood language, and must set forth "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

The notice plan approved by this Court constitutes valid, due, and sufficient notice to Class Members and constitutes the best notice under the circumstances.  The notice clearly explains in both English and Japanese the nature of the action, who qualifies as a class member, how to request to be excluded from the Settlement or object to the Settlement, and how to obtain copies of documents or to contact Class Counsel and the Notice Administrator.  The notice also explains that the Settlement was filed with the Court and is available online in English and Japanese at "www.mri-settlement.com."

The Court approved the notice plan when it preliminarily approved the Settlement.  (Dkt. 892.) The Court ordered that notice of the Settlement be mailed and posted on the internet by September 9, 2019.  As set forth in the Notice Administrator's Affidavit filed with the Court on October 28, 2019 (Dkt.

896), Heffler Claims Group complied with this Court's order and mailed the approved notices. Additionally, the short-form notice was posted on the National Consumer Affairs Center of Japan's website at www.kokusen.go.jp.   Class members were provided with a variety of ways to request additional information, including by telephone, e-mail, or regular mail to Class Counsel or the Notice Administrator.

## C.      Final Approval of the Settlement is Appropriate

Final approval of a class action settlement is appropriate under Federal Rules of Civil Procedure 23(e) if the settlement "is fundamentally fair, adequate and reasonable."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  In determining whether the settlement is "fair, adequate and reasonable," the Court should consider "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

Moreover, "there is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits[.]" *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Churchill Village, LLC v. General Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); and *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  The approval of a proposed settlement of a class action is a matter of discretion for the trial court. *Churchill Village, L.L.C.*, *supra*, 361 F.3d at 575.  In exercising that discretion, however, courts recognize that as a matter of sound policy, settlements of disputed claims are encouraged and a settlement approval hearing should "not be turned into a trial or rehearsal for trial on the merits." *Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983).  Furthermore, courts must give "proper deference" to the settlement agreement, because "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988) (internal quotations omitted.)

4836-4903-3571.1

7

**D.      The Settlement is the Product of Arms-Length Negotiations**

"Before approving a class action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties…" *City of Seattle*, 955 F.2d at 1290 (quoting *Ficalora v. Lockheed Cal. Co*, 751 F.2d 995, 997 (9th Cir. 1985)).  Courts should find a settlement to be presumptively fair so long as it has been reached following meaningful discovery and arms-length negotiations.  *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 671 F.Supp. 819, 822 (D. Mass. 1987).

Here, Plaintiffs engaged in nearly five years of contentious motion practice, including a temporary restraining order, a preliminary injunction, several motions to dismiss, discovery motions and a motion for summary judgment.  The parties also engaged in extensive discovery, taking 18 depositions and reviewing almost a million pages of documents produced.  The parties were all fully informed of the legal risks in proceeding forward with the litigation, allowing for the parties to make an informed decision and enter into a fair settlement.  Plaintiffs also closely watched the parallel SEC litigation and took efforts to be informed of the receiver's activities.  Plaintiffs' counsel regularly contacted the SEC's counsel to ensure that MRI and Fujinaga's assets were being collected for the benefit of the Class Members.

**E.      The Proposed Settlement is Fair, Adequate, and Reasonable**

Plaintiffs' proposed settlement meets the standards for final approval.  First, the settlement is entitled to "an initial presumption of fairness" because it results from arms-length negotiations among experienced counsel. *Newberg*, § 11.41.  This proposed Settlement is unique in that it does not involve a monetary contribution to the settlement fund, because the entirety of the assets owned by MRI and Fujinaga have already been seized by the receivership in the SEC action.  However, this Settlement will provide the Plaintiffs with the same result if they proceeded to trial and won; a judgment in the amount of $442,200,000 that Plaintiffs may enforce in the future in the event undisclosed assets are discovered. Although Class Members will not receive a monetary distribution from this Settlement, it is Plaintiffs' understanding that Class Members will be able to make a claim and receive a distribution through the SEC's action.  Since Plaintiffs would not be able to collect on any judgment even if they won at trial, it is reasonable for the parties to enter into a settlement and avoid the costs and expenses of trial, in exchange

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA

1    for a $442,200,000 judgment.  Lastly, because this settlement will not result in a monetary contribution to

2    the settlement fund, Class Counsel have refrained from seeking attorneys' fees in connection with this

3    settlement.  The proposed Settlement is, therefore, fair, reasonable, and adequate.

### F.    The Recommendation of Experienced Counsel Favors Approval

The judgment of experienced counsel regarding the settlement should be given a presumption of
reasonableness and significant weight. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal.
1979). Class Counsel have extensive experience in litigating and settling class action lawsuits and have
conducted an in-depth legal and factual analysis of the issues in this case.  Based on their analysis, and
considering the risk of proceeding with trial, Class Counsel endorses the Settlement as fair, reasonable
and adequate.  The court should give great deference to Class Counsel's judgment.

### G.    The Class Response Favors Approval

A court should determine that a settlement is fair, reasonable and adequate where few class
members object or request to be excluded.  *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178
(9th Cir. 1977); *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)
("the absence of a large number of objections to a proposed settlement action raises a strong presumption
that the terms of a proposed class action settlement is favorable to the class members.").  Moreover, even
where there is an objection, the court must independently evaluate the merits of the objection before
denying final approval of the settlement.  *Browne v. Am. Honda Motor Co.*, No. 09-06750, 2010 U.S.
Dist. LEXIS 145475, at *51 (C.D. Cal. July 29, 2010).

Notice of this settlement was mailed September 9, 2019 and the deadline to object expired on
October 24, 2019.  Out of approximately 8,700 class members, 19 Class Members responded to the
settlement.  The following is a brief summary of each of the 19 responses received by the Court or Class
Counsel:

- **Mami Masutani** (Dkt. 894): Ms. Masutani objects to the settlement based on her belief
  that she is entitled to recoup the entirety of the money she invested in MRI.

- **Yoko Mori, Yuiko Tatsuno and Sakiko Mori** (Dkt. 895): These three investors
  collectively object to the settlement on the grounds that their damages exceed 100 million
  yen and they did not invest in the "self-interest" of the defendants.

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA

- **Reiko Nomura**: Ms. Nomura mailed her objection directly to Class Counsel and did not file a copy with the Court.  Her objection is attached as Exhibit A to the Declaration of Mariko Taenaka ("Taenaka Decl.").  Ms. Nomura objects to the settlement because she is not receiving a refund on the entirety of her investment into MRI.

- **Keizo Sugawara**: Mr. Sugawara also mailed his objection directly to Class Counsel and did not file a copy with the Court.  A copy of his objection is attached as Exhibit B to the Taenaka Decl.  Mr. Sugawara states that he objects to the settlement with the Suzukis but provides no reason for his objection.

- **Ayano Yorozu** (Dkt. 897, pp. 1-3):  Ms. Yorozu objects to the settlement with the Suzukis.  In explaining the reason for her objection, Ms. Yorozu explains that she was investing in MRI on behalf of her mother and that she filed her claim form before the June 26, 2019 deadline.

- **Motoki Yorozu** (Dkt. 897, pp. 4-6):  Similarly, Mr. Yorozu objects to the settlement with the Suzukis.  Mr. Yorozu also explains that he was investing in MRI on behalf of his mother and that he filed his claim form before the June 26, 2019 deadline.

- **Sae Suga** (Dkt. 898, pp. 1-2): Ms. Suga's objection explains that she was required to pay taxes on unrealized interest that was accruing on her MRI investment, but has been unable to recoup her prepaid taxes from the Japanese tax authorities.  She would therefore like all of the assets of MRI and its affiliates to be revoked and placed towards settlement.

- **Yoshiko Yoshioka** (Dkt. 898, pp. 3-4): Ms. Yoshioka objects to the settlement with the Suzukis.  She says she does not want plaintiffs to give up and alternatively asks for any settlement funds collected to be disbursed.

- **Yoshikazu Konishi** (Dkt. 898, pp. 5-6):  Mr. Konishi objects to the settlement on the grounds that he believes plaintiffs should proceed with trial in order to recover the entirety of the funds invested.

- **Fumiko Yoshizawa** (Dkt. 898, pp. 7-9): Ms. Yoshizawa's correspondence is not an objection to the settlement, but requests information regarding how much and when she can expect a payment, because she no longer has a source of income and no longer has

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA

savings to use towards living expenses.

- **Mansiro Ogino** (Dkt. 898, pp. 10-12): Mr. Ogino's correspondence is not an objection to the settlement, but rather is a request that he get as much money back as possible, as soon as possible.

- **Akihito Kato** (Dkt. 898, pp. 13-16): Mr. Kato objects to the settlement on the grounds that the proposal does not provide justice to the victims and is unfair to the victims who have suffered financially.

- **Misuzu Uenishi** (Dkt. 898, pp. 17-18):  Ms. Uenishi's objects to the settlement with the Suzuki Defendants, and objects to the fact that there is no monetary contribution involved in this settlement.  She also objects because there is no finding of fault and there is no apology being provided by MRI.

- **Katsuji Warisawa and Makuzu Warisawa** (Dkt. 898, pp. 19-22):  Their correspondence do not constitute objections, as Mr. Makuzu Warisawa only expresses his interest in appearing in the case and Mr. Katsuji Warisawa's correspondence only provides his contact information.

- **Tomiko Iwasa** (Dkt. 898, pp. 23-24): Ms. Iwasa's correspondence does not constitute an objection.  She explains that she began investing in 1998 but as received no funds from the investment, and that she hopes that will be taken into account.

- **Kimiko Fukunaga** (Dkt. 898, pp. 25-26): Ms. Fukunaga's correspondence similarly does not object to the settlement, but requests that she gets as much back of her investment as possible.

As explained above, out of the 19 responses, six were not objections and five of the objectors were under the mistaken belief that the current settlement involves the Suzuki Defendants.  The present settlement, of course, involves only MRI and Fujinaga, and the settlement with the Suzuki Defendants was noticed on March 4, 2018 and the last day to object to the Suzuki settlement was April 25, 2018, which has long passed.

Of the 19 responses, only ten are actual objections to this present settlement.  The objections are based on the Class Member's desire to proceed with trial, recoup the entirety of their investments and

4836-4903-3571.1

11

1   bring justice to the wrongdoers.  However, as set forth in Plaintiff's Motion for Preliminary Approval and

2   this present motion, because the entirety of the assets owned by MRI and Fujinaga have already been

3   collected by the SEC, there is no merit in proceeding with trial against MRI and Fujinaga.  Moreover, the

4   present settlement provides Plaintiffs with the same result they would obtain if they proceeded and won

5   at trial—a judgment in the amount of $442,200,000, which Plaintiffs may enforce in the event that

6   undisclosed assets are discovered.  Proceeding with trial will be extremely costly and time consuming for

7   the Class Members, without providing the Class with any added benefit and would be a waste of judicial

8   resources.  Furthermore, the objectors' demand that they be returned the entirety of their investment

9   cannot be given weight in light of the reality that MRI is a defunct company with all of its assets already

10  seized by the SEC's receiver; even if no settlement were to be approved, Class Members will

11  unfortunately never be able to recoup all of the investments they made into MRI.

12          Although ten objections were received regarding this settlement, no requests for exclusion were

13  received.  Moreover, ten objections received compromise only 0.1% of the entire Class.  Based on the

14  Class response, this settlement should be approved.

15  **V.        CONCLUSION**

16          Based on the foregoing, plaintiffs respectfully request that the Court grant final approval of the

17  Settlement with MRI International, Inc. and Edwin Fujinaga.

18          Respectfully submitted.

19

20  Dated:  November 5, 2019                    MANNING & KASS
                                                ELLROD, RAMIREZ, TRESTER LLP
21

22                                              By:     /s/ James E. Gibbons
                                                        JAMES E. GIBBONS
23

24

25                                              LAW OFFICES OF ROBERT W. COHEN
                                                A Professional Corporation
26

27                                              By:     /s/ Robert W. Cohen
                                                        ROBERT W. COHEN
                                                        MARIKO TAENAKA
28

4836-4903-3571.1                            12

1

2                                   **CERTIFICATE OF SERVICE**

3          I hereby certify that on November 5, 2019, a copy of the foregoing document was filed

4   electronically via the Court's CM/ECF system. Pursuant to Local Rule 5.5(h), notice of filing will be

5   served on all parties by operation of the Court's CM/ECF system, and parties may access this filing

6   through the Court's CM/ECF system.

7

8                                         ____/s/ Mariko Taenaka_____.
                                               Mariko Taenaka
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR FINAL SETTLEMENT APPROVAL WITH MRI
INTERNATIONAL AND EDWIN FUJINAGA