JAMES E. GIBBONS (*pro hac vice*)
Cal. State Bar No. 130631
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Tel. (213) 624-6900
jeg@manningllp.com

ROBERT W. COHEN (*pro hac vice*)
Cal. State Bar No. 150310
MARIKO TAENAKA (*pro hac vice*)
Cal. State Bar No. 273895
**LAW OFFICES OF ROBERT W. COHEN, A.P.C.**
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Tel. (310) 282-7586
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIGE TAKIGUCHI, FUMI NONAKA, MITSUAKI TAKITA, TATSURO SAKAI, SHIZUKO ISHIMORI, YUKO NAKAMURA, MASAAKI MORIYA, HATSUNE HATANO, and HIDENAO TAKAMA, Individually and On Behalf of All Others Similarity Situated,<br><br>Plaintiff,<br><br>v.<br><br>MRI INTERNATIONAL, INC., EDWIN J. FUJINAGA, JUNZO SUZUKI, PAUL MUSASHI SUZUKI, LVT, INC., dba STERLING ESCROW, and DOES 1-500,<br><br>Defendants. | Case No.: 2:13-cv-01183-HDM-NJK<br>[*Hon. Howard D. McKibben*]<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH MRI INTERNATIONAL, INC. AND EDWIN FUJINAGA** |

This matter is before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement (the "Settlement") between the representative Plaintiffs Shige Takiguchi, et al. ("Plaintiffs") and Defendants MRI International, Inc. and Edwin Fujinaga ("Defendants""). Having considered the Motion, the Settlement Agreement, the pleadings and other papers filed in these Actions,

and all of the arguments and evidence presented at the Final Approval hearing held on November 26, 2019 and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including Class Members, MRI International, Inc. and Edwin Fujinaga.

3. Final approval of a class action settlement is appropriate under Federal Rules of Civil Procedure 23(e) if the settlement "is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In determining whether the settlement is "fair, adequate and reasonable," the Court should consider "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id.*

4. First, the Court is satisfied that the parties have engaged in extensive litigation and that the Settlement was reached after arms-length negotiations by capable counsel, and was not the product of fraud, overreaching or collusion among the parties.

5. Second, the risks of ongoing litigation also support the Court's final approval of the Settlement. Through the Settlement, the parties have reduced the scope of the ongoing litigation and lessened the expense and burden of trial.

6. Third, although the Settlement does not result in a monetary contribution by Defendants, the Settlement is fair and reasonable in light of the fact that all of the assets owned by Defendants are already in the possession and control of the Court-appointed receiver in the parallel action, *U.S. Securities and Exchange Commission v. MRI International, Inc., et. al.*, U.S. District Court of Nevada, Case No. 2:13-cv-01658. The Settlement, however, provides Plaintiffs with a $442,200,000 judgment, which Plaintiffs will be able to enforce in the event undisclosed assets are discovered. In return, Plaintiffs have agreed to a reasonable and fair release of the claims against Defendants.

7. Fourth, the views of Plaintiffs' counsel, who are experienced in litigating and settling antitrust class actions, weigh in favor of final approval. *Linney v. Cellular Alaska P'Ship*, No. 96-3008-DJL, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), aff'd 151 F.3d 1234 (9th Cir. 1998). Plaintiffs' counsel have conducted an extensive investigation into the factual and legal issues raised in this Action and endorse the Settlements as fair, adequate, and reasonable.

8. Finally, the reaction of the Class members supports final approval. There were 23 requests for exclusion and 19 Class Members who objected to the settlement out of approximately 8,700 Class members.

9. Accordingly, the Court finds that the Settlement is fair, adequate, and reasonable within the meaning of Federal Rules of Civil Procedure 23(e).

10. Federal Rules of Civil Procedure 23(c)(2)(B) sets forth the standards that must be met when sending notice of a proposed class action settlement. It requires that the notice be clear, concise and in plainly understood language, and must set forth "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

11. The Court finds that the notice program approved by the Court on August 16, 2019 has been implemented and complies with Federal Rules of Civil Procedure 23(c)(2)(B). Notice was sent to all Class Members by mail. The notice provided a clear description of Class Members' rights and options under the Settlement. The notice explained how to request to be excluded from the Settlement, how to object to the Settlement, how to obtain copies of relevant documents, and how to contact Class Counsel and the Notice Administrator.

12. The Notice Administrator, approved by the Court, set up a telephone hotline and a website where Class Members can access copies of the Settlement Agreement and other relevant documents in both English and in Japanese. Class members could also object to the Settlement by mail.

13. By means of this Final Approval Order, the Court hereby enters final judgment in this action as between Plaintiffs and Defendants MRI International, Inc. and Edwin Fujinaga, as defined in

Federal Rule of Civil Procedure 58(a)(1).

14. All Released Claims of Plaintiffs and the Class, except for the 23 Class Members who requested to be excluded from this settlement, are hereby released as against MRI International, Inc. and Edwin Fujinaga. The following Class Members are excluded from this settlement and shall not release his or her claims against MRI International, Inc. and Edwin Fuginaga: (1) Keiko Hirano; (2) Hiromitsu Ikeda; (3) Naoko Ishida; (4) Shigemi Kaneko; (5) Mayumi Kaneko; (6) Ryoichi Kotera; (7) Tomoko Kotera; (8) Maiko Kubo; (9) Mika Kurokawa; (10) Fumiko Maruoka; (11) Mitsuo Morinaga; (12) Yoshiyuki Ozaki;[1] (13) Yukie Ozaki;[2] (14) Miyako Ohtuka; (15) Tomotoshi Toida; (16) Harumi Kitano; (17) Yoko Tanaka; (18) Mariko Azuma; (19) Mariko Tsutsumi; (20) Kaori Isogaki; (21) Minoru Tsukuda; (22) Noriko Teshima; and (23) Tosie Muto.

15. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

16. The Court hereby appoints Heffler Claims Group as the Claims Administrator and orders that the Claims Administrator take all actions necessary to comply with this Final Approval Order and the terms of the Settlement, including the establishment of a Qualified Settlement Fund. All expenses and fees incurred by Claims Administrator shall be paid from the Settlement Fund.

17. The parties and the Claims Administrator are hereby ordered to comply with the terms of the Settlement.

18. Judgment is entered in favor of the Plaintiffs and the Class, excluding (1) Keiko Hirano; (2) Hiromitsu Ikeda; (3) Naoko Ishida; (4) Shigemi Kaneko; (5) Mayumi Kaneko; (6) Ryoichi Kotera; (7) Tomoko Kotera; (8) Maiko Kubo; (9) Mika Kurokawa; (10) Fumiko Maruoka; (11) Mitsuo Morinaga; (12) Yoshiyuki Ozaki;[3] (13) Yukie Ozaki;[4] (14) Miyako Ohtuka; (15) Tomotoshi Toida; (16) Harumi Kitano; (17) Yoko Tanaka; (18) Mariko Azuma; (19) Mariko Tsutsumi; (20) Kaori Isogaki; (21) Minoru Tsukuda; (22) Noriko Teshima; and (23) Tosie Muto, and jointly and severally against Defendants MRI International, Inc. and Edwin Fujinaga in the amount of Four Hundred Forty Two Million Two Hundred Thousand Dollars ($442,200,000), plus post judgment interest at the statutory rate under 28 U.S.C. §1961(a).

---

1. Also identified as Yoshiyuki Okazaki. (ECF No. 906 at 2).
2. Also identified as Yukie Okazaki. (ECF No. 906 at 2).
3. *See id.* n.1.
4. *See id.* n.2.

4

19. Each party to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

Dated: __December 12__, 2019

_____
HOWARD D. MCKIBBEN
United States District Judge